

45 West 29th Street, Suite 303
New York, New York 10001
chaudhrylaw.com

July 30, 2021

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *United States v. Jennifer Shah*, et al., 19 Cr. 833 (SHS)

Dear Judge Stein:

      I represent Jennifer Shah in the above-referenced case. On Monday, July 26th, Ms. Shah filed a motion to strike the Government's letter at Dkt. 309, which the Court denied yesterday. In light of the Government's response to the motion, I write to clarify additional facts in the hope that the Court will reconsider striking the Government's filing, or at least ensure that the kind of communication between the Court and the Government—which apparently led to the Government's letter—does not recur without the presence of, and notice to, Ms. Shah's counsel. Additionally, I submit that my motion demonstrates clearly why a Bill of Particulars should be granted here.

      The Court should be aware that when I argued that the Government's letter at Dkt. 309 is highly prejudicial and should not have been filed on the public docket, none of Ms. Shah's counsel had any idea that the Court had made a request of the Government regarding its view of the relative culpability of various defendants. This was true for three reasons. First, in its July 22nd letter, the Government entirely omitted any reference to this Court's request at the June 29th sentencing hearing of another defendant, and instead wrong-footed defense counsel by referring *only* to a March 2019 order in a case not involving Ms. Shah.[1] Second, the Government's discussion with the Court, and this Court's request of the Government, happened entirely *outside the presence of Ms. Shah and her counsel* who should not be presumed to be aware of everything that is occurring with respect to other defendants. But in fact, third, Ms. Shah's lawyers tried very hard to attend, but were shut out through no fault of theirs.[2]

---

[1] Undersigned counsel did check the *Ketabchi* docket for that filing, reviewed it, and believed that the Government's letter at issue exceeded the Court's request in 2019.

[2] Mr. Alonso and Mr. Asbill, counsel for Ms. Shah, understood based on communications from the Court that the June 29th hearing would be done remotely, and wished to attend. However, no dial-in information was posted, and their staff was unable to obtain it from court staff. Afterwards, their staff was informed that the Court had directed an in-person hearing, though that did not appear on the docket until later. This miscommunication led Ms. Shah's lawyers, who wanted to be at the hearing, to be shut

PRIYA CHAUDHRY                PRIYA@CHAUDHRYLAW.COM                212.785.5551

Therefore, Ms. Shah's counsel were unable to be heard on an issue that impacts Ms. Shah—or even know the issue had been raised. Therefore, on uneven footing, Ms. Shah's counsel filed the motion to strike a letter that, from our perspective, came out of the blue without any notice or opportunity to be heard. That brings me to my second and more pressing point.

We believe this episode only strengthens our argument for a Bill of Particulars. As with everything in this case, the Government has all of the information and refuses to share with us the information that it knows matters in Ms. Shah's case. Here, the Government was aware that it had an important discussion about Ms. Shah *outside of her presence*, and chose not to alert Ms. Shah at any time, including in its letter proclaiming Ms. Shah's culpability. While the Government's steadfast position regarding our requests for a Bill of Particulars has been a cold "no"—its reasoning boils down to "we are allowed to drown you, and so we do; even though we know the answers to your questions, we are not required to answer them, and so we do not." It is hard to see how this position jibes with their duty to "do justice."

Without a Bill of Particulars, the Government will continue to wrongfoot Ms. Shah by burying what matters.

Respectfully submitted,

Priya Chaudhry

cc: Kiersten Fletcher, AUSA (via ECF)
Robert Sobelman, AUSA
Sheb Swett, AUSA

---

out. After the hearing, no one—including the Government—informed them of this discussion regarding the alleged culpability of those presumed innocent. Therefore, Dkt. 309 came as a complete surprise to Ms. Shah's team.