

45 West 29th Street, Suite 303
New York, New York 10001
chaudhrylaw.com

November 30, 2021

**BY ECF**

The Honorable Judge Sidney H. Stein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *United States v. Jennifer Shah*, et al., 19 Cr. 833 (SHS)

Dear Judge Stein:

      As the Court is aware, we represent Jennifer Shah in the above-referenced matter.

      We respectfully submit this letter concerning the Government's flagrant violation of Local Criminal Rule 23.1 by members of the prosecutorial team. In a documentary which was released yesterday by ABC News and is available for streaming worldwide, two supervisory agents with Homeland Security Investigations gave interviews about Ms. Shah and opined on her involvement with the alleged scheme, her "lavish lifestyle," and her alleged treatment of purported victims. These violations of Rule 23.1, as described herein, are reprehensible and severely jeopardize Ms. Shah's right to a fair trial.

      Accordingly, Ms. Shah respectfully requests the following: (1) leave to file a motion to dismiss the indictment; (2) imposition of sanctions on the Government; (3) discovery regarding the extent and nature of the prosecutorial team's collaboration with ABC News and other media outlets in an attempt to poison the jury pool; (4) an evidentiary hearing to determine the extent and nature of the Government's collaboration with ABC News; and (5) issuance of a special order, pursuant to Local Criminal Rule 23.1(h), directing members of the prosecutorial team to comply with Local Rule 23.1.

      A. **Homeland Security Agents Give Interviews to ABC News**

      On Monday, November 29, 2021, ABC News debuted a documentary program entitled "The Housewife and the Shah Shocker" (the "Program") on the streaming service Hulu. The Program, which is currently streaming worldwide on Hulu's platform, purported to "dive into the bombshell accusations against" Ms. Shah. In brazen disregard of Local Criminal Rule 23.1, two special agents from Homeland Security Investigations, New York – one of two investigative

agencies assigned to this matter – appeared on the Program and provided one-on-one interviews concerning this case.[1]

Acting Special Agent In Charge of Homeland Security Investigations, New York, Rick Patel, and Supervising Special Agent of Homeland Security Investigations, New York, Agnieszka Norman, provided opinions and information, which is not publicly available, concerning this case, including statements about Ms. Shah's guilt, the impact of her alleged actions on alleged victims, and the Agents' personal views about the nature of Ms. Shah's alleged actions. The Program features both Agents referring to the "lavish lifestyles" of "fraudsters," interspersed with clips of Ms. Shah from the filming of Bravo's Real Housewives of Salt Lake City series. Agent Patel specifically commented on the circumstances of Ms. Shah's arrest, while Agent Norman's interviews included highly prejudicial statements concerning the concealment of money in offshore accounts and even the suggestion that the proceedings against Ms. Shah have their origins in the investigation of a narcotics smuggling ring.

The Program, which in addition to the testimony of Agents Patel and Norman, also includes statements of alleged victims, as well as commentary from other individuals, is akin to the Government preemptively trying its case before the general public. Notably, as stated at the conclusion of the Program, counsel for Ms. Shah was repeatedly approached by ABC News for comment, but refused, in compliance with Local Criminal Rule 23.1.

The conduct of Agents Patel and Norman – government agents and members of the prosecutorial team – is egregious. The Agents acted in clear violation of Local Criminal Rule 23.1 and their behavior has destroyed any chance that Ms. Shah will have a fair trial with an impartial jury. Hulu is a streaming platform with millions of subscribers from around the world. In the fourth quarter of 2021, Hulu had nearly 44 million paying subscribers in the United States alone.[2] The prejudicial effect that the Program will have on the jury pool cannot be overstated.

   B. **The Agents Violated Rule 23.1**

Local Rule 23.1 prohibits lawyers and government agents, amongst others, from releasing "non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." Statements of "opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case" are an example of such extrajudicial statements of opinion. *See* Local Rule 23.1(d)(7).

The interviews given by Agents Patel and Norman are rife with statements of opinion as to Ms. Shah's guilt and the merits of and evidence in the case. Such statements, disseminated at

---

[1] We are currently unaware if additional agents or other members of the prosecutorial team were interviewed, but did not appear in the version of the Program which was released worldwide.
[2] The Walt Disney Company Fourth Quarter 2021 Earnings Report, Nov. 10, 2021, available at https://thewaltdisneycompany.com/app/uploads/2021/11/q4-fy21-earnings.pdf.

a national and global level, are precisely the type of extrajudicial statements that Local Rule 23.1 is intended to suppress.

It should also be noted that the Agents' participation in the Program is the second time a member of the prosecutorial team or the USAO has made public, disparaging statements about Ms. Shah. As the Government is aware, on August 20, 2021, an Assistant U.S. Attorney in the Southern District of New York was overheard at a New York City restaurant loudly bragging about prosecuting Ms. Shah and discussing evidence and potential witnesses. The event was brought to the Government's attention at the time but did not appear to warrant the Court's intervention at that time. The collaboration between government agents and ABC News, however, is indicative of the Government's continued disregard for Ms. Shah's right to a fair trial with an impartial jury. This cannot be tolerated.

### C. Requested Relief

Ms. Shah respectfully requests that the Court grant her leave to file a motion to dismiss the indictment. The Government's conduct here has eradicated Ms. Shah's right to a fair trial with an untainted jury pool. Given both the extensive viewership of Hulu nationwide and Ms. Shah's public notoriety, a change in venue would not protect Ms. Shah's rights, nor would alternative remedies such as a detailed *voir dire* or emphatic jury instructions. The Program is readily available on Hulu and will remain on the platform through jury selection and the pendency of trial.

Ms. Shah also requests that the Court impose sanctions on the Government for the misconduct detailed herein.

Further, Ms. Shah requests discovery, which is necessary to more fully understand the extent and nature of the prosecutorial team's collaboration with ABC News and other media outlets. Ms. Shah therefore requests the production of information concerning: (1) all communications between any member of the prosecutorial team, including but not limited to AUSAs and government agents, and ABC News or any other media outlet concerning this case; (2) identification of all government agents or other members of the prosecutorial team who provided information to ABC News in connection with the Program; (3) any involvement of the USAO in the Program; and (4) all releases, waivers, or other documentation provided to any member of the prosecutorial team in connection with the Program.

Ms. Shah additionally requests an evidentiary hearing to determine, *inter alia*, the extent of the participation and direction of the USAO in preparing the Program, and who approved the appearance of Agents Patel and Norman on the Program in blatant violation of Local Criminal Rule 23.1.

Finally, Ms. Shah requests that the Court issue a special order, pursuant to Local Rule 23.1(h), instructing members of the prosecutorial team to comply with the dictates of Local Rule 23.1. Although the damage has already been done and Ms. Shah's will not receive a fair trial, the Government must be specifically instructed to cease their repeated improper behavior.

      Ms. Shah expects that discovery will reveal additional grounds for dismissal, imposition of sanctions or other relief and she therefore reserves her right to raise such issues as they may arise.

      Respectfully Submitted,

      Priya Chaudhry
      Seth J. Zuckerman