

45 West 29th Street, Suite 303
New York, New York 10001

chaudrylaw.com

December 6, 2021

**BY ECF**

The Honorable Judge Sidney H. Stein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *United States v. Jennifer Shah*, et al., 19 Cr. 833 (SHS)

Dear Judge Stein:

    As the Court is aware, we represent Jennifer Shah in the above-referenced matter.

    We respectfully submit this letter in reply to the Government's letter dated December 3, 2021, regarding the Government's violation of Local Criminal Rule 23.1. (Dkt. 409). The Government's letter in response is the most recent example of the flippant disregard the Government has exhibited toward Ms. Shah's right to a fair trial in this matter. Indeed, by doubling-down on its *per se* and indefensible violations of Rule 23.1, the Government has proven that without severe sanctions, it will continue to trample on Ms. Shah's rights with abandon.

    As an initial matter, the Government has completely failed to concede, or even acknowledge, that it was improper for Supervisory Agents from HSI, who are members of the prosecution team, to appear on a national news program and provide opinions and other commentary about Ms. Shah's pending case.  Instead, the Government suggests that the Agents' behavior was benign and unproblematic given the already public nature of Ms. Shah's profile. We know of no exception to Rule 23.1 for public figures—because there is not one. Similarly, the Constitution does not carve away the right to a fair trial for people who are in the public eye. Quite the opposite: the bedrock of our justice system is the promise that *all* will be treated equally and guaranteed the right to a fair trial, regardless of what a handful of prosecutors and federal agents want.  To be sure, Local Rule 23.1 and the Constitution exist precisely to strip individual prosecutors and agents of their own whims to decide who does—or does not—deserve a fair trial. Everyone does. Ms. Shah does.

PRIYA CHAUDHRY      PRIYA@CHAUDHRYLAW.COM      212.785.5551

      The Agents' actions, furthermore, were extraordinary and completely outside of the bounds of reasonable behavior. Yet clearly, the Government condones such conduct as the Government concedes it was aware that these agents provided background information to ABC News for this show back in September[1]—an extraordinary acknowledgment and confession.

      The Government asks this Court to consider the agents' statements entirely outside of the context in which they were given – on a program entitled "The Housewife and the Shah Shocker." This context cannot be ignored as the trailer invites viewers to "dive into the bombshell accusations against the Real Housewives of Salt Lake City cast member Jen Shah" and features a photograph of Ms. Shah. The show was unmistakably focused on Ms. Shah and the allegations against her. The Government's contention that these agents comments were not specific to Ms. Shah is preposterous given the title of the program and its subject matter—Ms. Shah. In addition, many of the agents comments were overlaid with pictures or video of Ms. Shah. No reasonable person could watch the program without believing that the agents' comments were about Ms. Shah.

      Make no mistake, the Government cannot shift the blame to Hulu or ABC News for the manner in which the final program was edited. The Government and its agents publicly expressed their opinions to the press about a pending case, therefore the Government is fully accountable for all that followed. Like any wrongdoer, the Government is entirely responsible for the entire damage caused by its violation of the rules.

      Lastly, the Government's attempt to separate the prosecutors from the conduct of these supervisory agents is a distinction without a difference. These HSI agents are members of the prosecution team and Rule 23.1 specifically prohibits "government agents" from making the improper comments made here. Likewise, the Government's attempt to distinguish the supervisory agents on the show from the case agents is similarly misplaced. Frankly, the fact that these HSI agents are supervisors to the case agents demonstrates the Government's priority in destroying Ms. Shah and denying her the right to a fair trial.

      The improper and unrepentant conduct of the prosecution team has caused irreparable damage to Ms. Shah's rights to a fair trial, free from prejudice. This extraordinary flagrant behavior calls for extraordinary action by the Court. The Government's letter is not only a confession, but a clear proclamation that it considers itself above Local Rule 23.1, or that it considers Ms. Shah unworthy of the protections of that rule. Either way, the Government's letter is a clear warning that it will continue on this path unless the Court acts severely.

---

[1] At a minimum, the defense should be entitled to discovery regarding HSI providing background information to ABC News for this show in September 2021, the contact between the HSI agents and ABC News regarding the interviews for this show, as well as other discovery regarding the Government's blatant attempt to poison the jury pool.

  It is vital that the prosecution team be prohibited from continuing to shirk its duty to refrain from publicly providing opinions about the merits of the case and Ms. Shah's guilt or innocence. Ms. Shah therefore reiterates the requests outlined in her November 30, 2021 letter. (Dkt No. 406).

Respectfully Submitted,

Priya Chaudhry
Seth J. Zuckerman
