UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :        19 Cr. 833 (SHS)
        -against-                   :
                                    :        ORDER
JENNIFER SHAH,                      :
                                    :
                Defendant.          :
-------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

   Defendant Jennifer Shah has filed a letter motion seeking, *inter alia*, dismissal of the indictment against her, an evidentiary hearing, discovery, and sanctions against the government. (ECF Nos. 406, 410.) She contends that these measures are necessary in light of statements made by two supervisory special agents from Homeland Security Investigations ("HSI") during a 48-minute program entitled, "The Housewife & the Shah Shocker," aired on the streaming service Hulu on November 29, 2021. *Id.*

   To start, dismissal of an indictment is an "extreme sanction" that is to be utilized "only in the rare case." *United States v. Fields*, 592 F.2d 638, 647-48 (2d Cir. 1978). This is not such a case, for negative pretrial publicity, "even . . . partly engendered by the Government would not warrant the extreme remedy of dismissal of an indictment before a *voir dire*." *United States v. Curcio*, 712 F.2d 1532, 1544 (2d Cir. 1983). Moreover, "dismissal is not appropriate . . . 'unless . . . errors prejudiced the defendant[].'" *United States v. Walters*, 910 F.3d 11, 23 (2d Cir. 2018) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988)). Here, there has been no *voir dire* nor a showing of prejudice.

   Indeed, there has been no evidence whatsoever proffered to suggest that Shah's right to a fair trial has been compromised or prejudiced in any respect. The agents' statements themselves are set forth in full on pages 2 and 3 of the Government's responsive submission. (ECF No. 409.) Those statements are largely statements about telemarketing fraud overall, with general references to the lifestyles of the persons involved and a Homeland Security investigation into telemarketing floors. An appropriate *voir dire* of potential jurors will be able to determine if the jury pool has been tainted in any way by these and other statements made during "The Housewife & the Shah Shocker."

    In sum, the statements of the HSI agents evince no "substantial likelihood that [their] dissemination will interfere with [Shah's] fair trial or otherwise prejudice the due administration of justice." Local Crim. R. 23.1(a). Nonetheless, given the televised comments of the HSI agents as well as Shah's well documented media appearances, *all*

parties are reminded of the provisions of Local Crim. R. 23.1 and directed to comply fully with its terms.

For the reasons set forth above, Shah's motion is denied in full.

Dated:  New York, New York
       December 10, 2021

SO ORDERED:

Sidney H. Stein, U.S.D.J.