UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JENNIFER SHAH,

                              Defendant.

Case No. S4 1:19-cr-0833 (SHS)

---

**DEFENDANT JENNIFER SHAH'S
PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, defendant Jennifer Shah respectfully requests that the Court include the following instructions in its charge to the jury.  Ms. Shah respectfully requests and reserves the right to submit additional instructions as the trial progresses.

**REQUEST NO. 1:  CONSPIRACY INSTRUCTION**

Ms. Shah is charged in Count 1 of the indictment with conspiracy to commit wire fraud in violation of Section 1349 of Title 18.  In order for the defendant to be found guilty of that charge, the government must prove each of the following three essential elements beyond a reasonable doubt:

1)  First, the existence of the conspiracy, that is, the existence of an agreement between two or more people to commit at least one crime as charged in the Indictment;

2)  Second, that the defendant became a member of the conspiracy knowingly and willfully; and

3)  Third, that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Let us now separately discuss these three elements.[1]

## REQUEST NO. 2:

### First Element – Existence of Agreement

The first element, which the government must prove beyond a reasonable doubt, is that two or more persons entered into the unlawful agreement charged in Count One of the Indictment, here, a conspiracy to commit wire fraud.

A conspiracy is akin to a criminal partnership.  The essence of the crime of conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish by concerted action, a criminal or unlawful purpose.  The conspiracy alleged here is the agreement to commit the crime of wire fraud and conspiracy is an entirely distinct and separate offense from the actual commission of that crime.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is <u>not</u> enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit wire fraud as alleged in the Indictment.

If you find beyond a reasonable doubt that two or more persons came to an understanding to violate the law and to accomplish an unlawful plan, then the government will have sustained its burden of proof as to this element.[2]

---

[1]  Adapted from Sand, *et al.*, Modern Federal Jury Instructions, Instruction 19-3.

[2]  Adapted from the government's proposed charge in *United States v. Ivanova*, 11 Cr. 614 (VM) (S.D.N.Y. 2014); Sand *et al.*, Modern Federal Jury Instructions, Instructions 19-4 and 19-9; the charge of the Hon. Robert P. Patterson, *United States v. Liying Lin*, 12 Cr. 938 (RPP) (S.D.N.Y. 2014); the charge of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (S.D.N.Y. 2008); *United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

**REQUEST NO. 3:**

**Second Element – Membership in the Conspiracy**

The second element, which the government must prove beyond a reasonable doubt in order to establish the offense of conspiracy, is that the defendant knowingly and willfully became a participant in, or member of, the conspiracy.

An act is done "willfully" if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids.

To act "knowingly" means to do an act voluntarily and intentionally and not because of mistake or accident.

"Unlawfully" simply means contrary to the law.  A defendant need not have known that she was breaking any specific law.  She needs only to have been aware of the unlawful nature of her acts.

If you are satisfied that the conspiracy charged in Count One existed, you must ask yourselves who the members of the conspiracy were.  In deciding whether Ms. Shah was, in fact, a member of the conspiracy, you should consider whether, based upon all of the evidence, the government has proven that she knowingly and willfully joined in the conspiracy.  You should ask, "did the government prove that she participated in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its business or objectives?"

In that regard, it has been said that for a defendant to be deemed a participant in a conspiracy, she must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that a defendant had a financial interest, then you may properly consider that as a factor to determine whether or not she was a member of the charged conspiracy.  What the evidence must show

beyond a reasonable doubt is that the defendant associated herself with the venture in some fashion or participated in it as something that she wished to bring about or sought by her actions to make succeed.

As I mentioned a moment ago, before a defendant can be found to have been a conspirator you must find that the government proved that she knowingly joined in the unlawful agreement or plan.  The key question, therefore, is whether a defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

A defendant's participation in the conspiracy must be established by evidence of her own acts or statements, and the reasonable inferences that can be drawn from such acts or statements. A defendant's participation in a conspiracy cannot be proven solely on the basis of the acts or statements of others.  For example, the statement by Person A to Person B that Person C is or was a member of the conspiracy is not sufficient evidence to prove Person C's involvement in the conspiracy absent evidence of a statement or act by Person C that would tend to support that conclusion.

A defendant's knowledge is a matter of inference from the facts proved. In that regard, I instruct you that to become a member of a conspiracy, a defendant need not have known the identities of each and every other member, nor need she have been apprised of all of their activities.  Moreover, a defendant need not have been fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on her part.  Each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires.

A conspirator's liability also is not measured by the duration of her participation in the

conspiracy.  To convict a defendant of conspiracy it is not necessary for her to have been a member of the conspiracy from the beginning.  The joining of a new party in a conspiracy, or the dropping out of a party to the conspiracy once it has been formed, does not remove guilt of the original conspiracy.  Different persons may become members at different times.  They may perform different parts of it. They need not be aware of all the ramifications of the conspiracy nor know all of the details concerning the unlawful agreement.

If, as alleged in this case, a conspiracy existed, and if the defendant knew of the conspiracy and purposely took some part in carrying it into effect, she became part of it and may be found guilty of conspiracy.

I caution you, however, that a defendant's mere presence at the scene of an alleged crime does not, by itself, make her a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member of the conspiracy.  A person may know, or be friendly with, a criminal without being a criminal herself.  Mere similarity of conduct, or the fact that different individuals have assembled and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.

I also caution you that mere association, knowledge or acquiescence in the unlawful plan, without participation, is not sufficient.  Moreover, the mere fact that the acts of a defendant happen to further the purposes of the conspiracy does not make the defendant a member.  The law requires more.  What is necessary is that the defendant participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal

undertaking. In so doing, she thereby becomes a knowing and willing participant in the unlawful

agreement – that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is

accomplished or there is some affirmative act of termination by its members.  So, too, once a

person is found to be a member of a conspiracy, she is presumed to continue her membership in

the venture until its termination, unless it is shown by some affirmative proof that she withdrew

and disassociated herself from it.[3]

---

[3] Adapted from the government's proposed charge in *United States v. Ivanova*, 11 Cr. 614 (VM)
(S.D.N.Y. 2014); Sand *et al.*, *Modern Federal Jury Instructions,* Instructions 19-6, 3A-1, 3A-3;
the charge of the Hon. Robert P. Patterson, *United States v. Liying Lin*, 12 Cr. 938 (RPP)
(S.D.N.Y. 2014); the charge of the Hon. Richard J. Sullivan in *United States v. Carol Pierce*, 06
Cr. 1032 (S.D.N.Y. 2008); *see also United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir.
2002) (describing manner in which government may show participation in conspiracy with
required state of mind); *United States v. Rea*, 958 F.2d 1206, 1214 ("The defendant's knowledge
of the conspiracy and participation in it with the requisite criminal intent may be established
through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception
in order to incur liability for the unlawful acts of the conspiracy committed both before and after
he or she became a member."); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-76 (2d Cir.
1991) (generally discussing proof required to show membership in conspiracy), *cert. denied*, 112
S. Ct. 347 (1991); *United States v. Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same),
*cert. denied*, 111 S. Ct. 2858 (1991).

**REQUEST NO. 4:**

**Third Element – Overt Act**

Finally, the third element the government must prove beyond a reasonable doubt is that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement.

The term "overt act" means some type of outward, objective action performed by one of the parties to, or one of the members of, the agreement or conspiracy which evidences that agreement.  The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.[4]

---

[4]  Adapted from O'Malley, *et al*., Federal Jury Practice and Instructions § 31:07 (6th ed.); *United States v. Mahaffy*, 693 F.3d 113, 123 (2d Cir. 2012) (overt act a required element under 18 U.S.C. 1349).

**REQUEST NO. 5:**

**Acts and Declarations of Co-Conspirators**

You will recall that I have admitted into evidence the acts and statements of other people who the government claims were co-conspirators of Ms. Shah.  In determining the factual issues before you, you may consider as evidence against a defendant any acts or statements made by any of her co-conspirators.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One, then you may consider, as evidence of defendant's guilt, any acts done, or statements made, in furtherance of the conspiracy charged in Count One by persons also found by you to have been members of that particular conspiracy.  This is so even if such acts were done, and statements were made, in the defendant's absence and without her knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence of the conspiracy, and in furtherance of the unlawful scheme.  If the acts were done, or if the statements were made by someone who you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence of the guilt of the defendant under consideration.

I caution you here to consider only the particular conspiracy charged in Count One.  Only if the alleged co-conspirator engaged in the particular conspiracy charged can his acts or statements be admitted against other defendants who are also charged in that conspiracy.

Since these acts may have been performed and these statements may have been made outside the presence of Ms. Shah and even done or said without her knowledge, these acts or

statements should be examined with particular care by you before considering them against Ms.

Shah who did not do the particular act or make the particular statement.[5]

---

[5] Adapted from O'Malley, *et al*., Federal Jury Practice and Instructions § 31:06 (6th ed.).

**REQUEST NO. 6:**

**Wire Fraud**

Count One: Conspiracy to Commit Wire Fraud – Object of the Conspiracy

The object of the conspiracy charged in Count One of the Indictment is wire fraud. In order to prove that the defendant is guilty of the conspiracy offense charged in Count One, the government must establish beyond a reasonable doubt that the defendant agreed with others to commit wire fraud. The elements of wire fraud are:

1) First, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

2) Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with the specific intent to defraud; and

3) Third, that the scheme was executed by using, or causing others to use, interstate or foreign wires.

If you find beyond a reasonable doubt that the defendant agreed with at least one other person that those things be done, then the wire fraud objective would be proved.[6]

---

[6] Adapted from the charge given in *United States v. Weissman*, 01 Cr. 529 (BSJ) (S.D.N.Y. 2004); Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 44-3 (based on the charge of the Honorable Edward Weinfeld in *United States v. Ranney,* 82 Cr. 771 (S.D.N.Y. 1983)); and the charge of the Honorable Sidney H. Stein in *United States v. Odiase,* 16 Cr. 587 (SHS) (S.D.N.Y. 2018).

**REQUEST NO. 7:**

**Elements of Wire Fraud**

As to the first element of wire fraud, a "scheme to defraud" is a plan or design to obtain money or property by means of deceit.  The deceit – in the form of "false or fraudulent pretenses, representations, or promises" – can be an outright lie or a misleading omission but it must relate to a material fact – that is, a fact that a reasonably prudent person would consider important in making a decision to part with money or property.  The scheme alleged here is that from in or about 2012 until at least March 2021, Jen Shah was involved in a telemarketing scheme to defraud victims by selling them "business services."

In order to establish a scheme or artifice to defraud, the government is not required to prove that the defendant herself originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant knowingly and intentionally participated in the scheme.  Similarly, while the government must prove that the scheme was intended to deprive one of money or property, the government is not required to prove that the scheme to defraud actually succeeded, that the defendant actually benefitted from the scheme to defraud, or that any victim actually suffered any loss from the scheme to defraud.

As to the second element – that the defendant participated at some point in the scheme knowingly, willfully, and with a specific intent to defraud – to act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently.  This includes, among other things, a requirement that the defendant have knowledge that she is participating in a fraudulent scheme.  To act "willfully" means to act voluntarily, purposely and with intent to do something unlawful.  To act with "specific intent to defraud" goes further, and requires that the defendant intended to deceive one or more of her victims in order to obtain money or property and to

thereby harm one or more victims.

A defendant acted with specific intent to defraud if that defendant engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim. The government need not prove that the intended victims were actually harmed; only that such harm was in fact contemplated. Actors are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the actor's scheme is to injure someone else, fraudulent intent may be inferred from the scheme itself.

The question of whether someone acted knowingly, willfully, and with specific intent to defraud is a question of fact for you to determine, like any other fact. This question involves one's state of mind. Direct proof of knowledge, willfulness, and fraudulent intent is almost never available. It's rare where it can be shown that someone wrote or stated that at a given time he or she committed or intended to commit an act with fraudulent intent. So direct proof of fraudulent intent is not required by law.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence based upon a person's manifestations, words, conduct, acts, and all of the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from those circumstances.

What is referred to as drawing from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." It means that when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what that

defendant did, what others did in relation to that defendant and, in general, everything that happened. Let me advise you that since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of wire fraud. A defendant has no burden to establish that she acted in good faith. The burden, as you know, is on the government to prove fraudulent intent and lack of good faith beyond a reasonable doubt. Under the antifraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent.

As to the third element – that at least one use of interstate or international wire communications occurred in execution of the fraudulent scheme – "wire" communication includes telephone, fax, and e-mail communications and also includes wire transfers of funds. It is not necessary that the wire communication itself contain a fraudulent representation; rather, it is sufficient if a wire was used to further or assist in carrying out the scheme to defraud and that it pass between two states or between the United States and a foreign country. Also, it is not necessary for the defendant to be directly or personally involved in sending the wire communication, as long as the communication was reasonably foreseeable in the execution of the scheme to defraud.

While each of the foregoing elements must be proved beyond a reasonable doubt, in addition, the government, in order to prove a given wire fraud charge, must establish that it is more probable than not that at least one of the wire communications that satisfies the third element at some point pass through one of the counties in the Southern District of New York: Manhattan, the Bronx, Westchester, Rockland, Putnam, Orange, or Sullivan.[7]

---

[7] Adapted from charge given in *United States v. George Salemo,* 11 Cr. 65 (JSR) (S.D.N.Y. 2015). Also adapted from the charge of the Honorable Sidney H. Stein given in *United States v. Ketabchi*, 17 Cr. 243 (SHS) (S.D.N.Y. 2018).

**REQUEST NO. 8:**

**COUNT TWO: INTRODUCTION**

Count Two charges the defendant with conspiring to engage in money laundering. To prove a defendant guilty of the conspiracy charged in Count Two, the government has to prove beyond a reasonable doubt each of the same two elements I described with respect to Count One; that is, the existence of the conspiracy and that the defendant willfully and knowingly became a member of the conspiracy with the intent to further its illegal purposes. The instructions I provided earlier about what it means to have an unlawful agreement and what it means to knowingly enter into that agreement similarly apply to Count Two.  Keep in mind, you may find a defendant guilty of the crime of conspiring to commit money laundering even if the substantive crime of money laundering was not actually committed. Conspiracy is a crime, even if the conspiracy is not successful, or even if a defendant herself did not commit the substantive crime. Now, there is an aspect of Count Two, conspiracy to commit money laundering, that is different than Count One, conspiracy to commit wire fraud.  Count Two alleges three separate objects. Remember, Count One alleged only one object, the substantive crime of wire fraud. Count Two alleges three separate objects.

First, it alleges that the defendant agreed to commit money laundering by engaging in financial transactions that involved the proceeds of the wire fraud, that is, the telemarketing fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the wire fraud.

The second object of the money laundering conspiracy is that Count Two alleges that the defendant agreed to commit money laundering by engaging in financial transactions involving

wire fraud knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under state or federal law.

The third object of the money laundering conspiracy in Count Two alleges that the defendant agreed to commit money laundering by engaging in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from wire fraud.

Here, as I said, there are three alleged objects of the conspiracy, assuming all the other elements of the offense are proved. If you unanimously agree that object number one was an objective of the conspiracy alleged in Count Two, you may convict even if you disagree on object number two or object number three or even if you think object number two or three was not part of the conspiracy. But, for example, if some of you agree on object number one and some of you disagree, and some of you agree on object number two and some disagree, and some of you agree on object number three and some disagree, there is no object as to which all of you are in agreement and you cannot convict. Before you can convict the defendant, you have to agree unanimously that at least one of the objects were met. You can, of course, agree that all the objects were met.

If the government fails to prove that at least one of the three objects was a goal of any conspiracy you find to have existed, then you must find the defendant not guilty on Count Two.[8]

---

[8] Adapted from charge given in *United States v. George Salemo,* 11 Cr. 65 (JSR)(S.D.N.Y. 2015). Also adapted from the charge of the Honorable Sidney H. Stein given in *United States v. Ketabchi,* 17 Cr. 243 (SHS) (S.D.N.Y. 2018).

**REQUEST NO. 9:**

**Money Laundering, 18 U.S.C. 1956(a)(1)(B)(i) & (ii)**

The first object of Count Two is conducting a financial transaction involving the proceeds of specified unlawful activity. The indictment reads as follows:

[Read Indictment]

Section 1956 of Title 18, United States Code, deals with participation in a financial transaction that involves property constituting the proceeds of specified unlawful activity.

Specifically, section 1956(a)(1)(B) provides:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

(B) knowing that the transaction is designed in whole or in part- (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or (ii) to avoid a transaction reporting requirement under State or Federal law [is guilty of a crime].[9]

---

[9] Sand, *et al.*, *Modern Federal Jury Instructions,* Instruction 50A-6.

**REQUEST NO. 10:**

**Elements of Money Laundering, 18 U.S.C. 1956(a)(1)(B)(i) & (ii)**

In order to prove the crime of conspiracy to commit money laundering in violation of section 1956(a)(1)(B), the government must establish beyond a reasonable doubt each of the following elements:

1) First, that the defendant conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity: wire fraud.

2) Second, that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

3) Third, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity and/or to avoid a transaction reporting requirement under state or federal law.[10]

---

[10] Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 50A-7.

**REQUEST NO. 11:**

**Elements Enumerated**

The first element that the government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction involving property constituting the proceeds of specified unlawful activity, namely wire fraud.  A number of these terms require definition.  The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction that in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories, or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank

checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the government has alleged that the funds in question were the proceeds of wire fraud.  I instruct you that, as a matter of law, wire fraud falls within that definition. However, it is for you to determine whether the funds were the proceeds of that unlawful activity.

The second element that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the government must prove that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, the government does not have to prove that the defendant specifically knew that the property involved in the transaction represented the proceeds of wire fraud or any other specific offense. The government only has to prove that the defendant knew it represented the proceeds of some illegal activity that was a felony. I instruct you as a matter of law that wire fraud is a felony under federal law.

The third element that the government must prove beyond a reasonable doubt is that the defendant acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, namely wire fraud and/or to avoid a transaction reporting requirement under federal or state law.

If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction at issue, and that she knew that the transaction was either designed to conceal or disguise the true origin of the property in question and/or to avoid a requirement of reporting the transaction, then this element is satisfied.

However, if you find that the defendant knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question and/or to avoid a requirement to report the transaction, but instead thought that the transaction was intended to further the innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty.[11]

---

[11] Sand, *et al.*, *Modern Federal Jury Instructions*, Instructions 50A-8, 50A-9, 50A-10.

**REQUEST NO. 12:**

**MONEY LAUNDERING IN VIOLATION OF 18 U.S.C. Section 1956(h)**

"The defendant is charged with conspiring to engage in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, section 1957. The indictment reads as follows:

[Read Indictment]

Section 1957 of Title 18, United States Code, makes it a crime to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000. Specifically, section 1957 provides:

Whoever … knowingly engages or attempts to engage in a monetary transaction

in criminally derived property that is of a value greater than $10,000 and is

derived from specified unlawful activity [and does so either] in the United States

or in the special maritime and territorial jurisdiction of the United States [or]

outside the United States and such special jurisdiction, but the defendant is a

United States person [commits a crime].[12]

---

[12] Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 50A-25.

**REQUEST NO. 13:**

**Elements Of Engaging In Monetary Transactions
In Property Derived From Specified Unlawful Activity**

In order to prove the crime of engaging in monetary transactions in property derived from specified unlawful activity in violation of section 1957, the government must establish beyond a reasonable doubt each of the following elements:

1)      First, that the defendant engaged (or attempted to engage) in a monetary transaction in or affecting interstate commerce.

2)      Second, that the monetary transaction involved criminally derived property of a value greater than $10,000.

3)      Third, that the property was derived from specified unlawful activity.

4)      Fourth, that the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense.

5)      Fifth, that the transaction took place in the United States (or the defendant is a United States person, as I will define that term for you).[13]

---

[13] Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 50A-26.

**REQUEST NO. 14:**

**Elements Enumerated**

The first element that the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories, or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal. This effect on interstate commerce can be established in several ways. First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find that [name of financial institution] was insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

The second element that the government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The term "proceeds" means any property derived

from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the government must prove that more than $10,000 of the property involved was criminally derived property.

The third element that the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

I instruct that this element refers to a requirement that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law. I instruct you as a matter of law that wire fraud is a criminal offense.

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction, as defined above. I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the government has established, beyond a reasonable doubt, that the defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

The fifth element that the government must prove beyond a reasonable doubt is that the transaction took place in the United States (or the defendant is a United States person). (If applicable: A "United States person" is a citizen or national of the United States or an alien lawfully admitted to permanently reside in the United States).[14]

---

[14] Sand, *et al.*, *Modern Federal Jury Instructions*, Instructions 50A-27, 50A-28, 50A-29,50A-30, 50A-31.

**REQUEST NO. 15:**

**EXPERT TESTIMONY**

You have also heard testimony from a witness who is an expert.  An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, opinions, and reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness's testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.[15]

---

[15] Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instructions 7-21.

**REQUEST NO. 16:**

**USE OF WITNESS'S TESTIMONY**

It must be clear to you by now that counsel for the government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case.  Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias.  Does the witness have a relationship with the government or the defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, as to all witnesses, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.[16]

---

[16] Adapted from charge given in *United States v. George Salemo,* 11 Cr. 65 (JSR) (S.D.N.Y. 2015); Federal Rules of Evidence 613, 1007; NY CPLR 4517.

**REQUEST NO. 17:**

**BAD REPUTATION FOR TRUTH AND VERACITY**

The credibility of a witness may be discredited or impeached by evidence showing that the general reputation of the witness for truth and veracity is bad.

If you believe a witness has been so impeached and thus discredited during this trial, it is your exclusive right to give the testimony of that impeached witness such weight, if any, you think it deserves.

You may consider this evidence of bad reputation for truthfulness as one of the circumstances you assess in determining whether or not to believe the testimony of that witness.[17]

---

[17] Adapted from O'Malley, *et al*. Federal Jury Practice and Instructions § 15:09 (6th ed.).

**REQUEST NO. 18:**

**TESTIMONY OF DEFENDANT, OR IN THE ALTERNATIVE,
DECISION NOT TO TESTIFY**

You should judge the testimony of Ms. Shah in the same manner as you judge the testimony of any other witness in this case.

(Or in the alternative)

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt.  A defendant is never required to give proof that he or she is innocent.

Therefore, you must not attach any significance to the fact that the defendant did not testify.  No adverse inference may be drawn by you because she did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.[18]

---

[18] Adapted from O'Malley, *et al*., Federal Jury Practice and Instructions § 15:12 (6th ed.); charge given in *United States v. George Salemo,* 11 Cr. 65 (JSR) (S.D.N.Y. 2015).

**REQUEST NO. 19:**

**PROOF OF KNOWLEDGE OR INTENT
— RULE 404(B) EVIDENCE**


To be submitted if appropriate.

**REQUEST NO. 20:**

**FALSUS IN UNO, FALSUS IN OMNIBUS**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters.  You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.[19]

---

[19] Adapted from O'Malley *et al.*, Federal Jury Practice and Instructions § 15:06 (6th ed.).

**REQUEST NO. 21:**

**COOPERATING WITNESSES**

In this case, there has been testimony from [a] government witness[es] who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute him on other charges in exchange for the witness's agreement to plead guilty and testify at this trial against the defendant. The government also promised to bring the witness's cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence, by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care.  If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.[20]

---

[20] Sand, *et al.*, *Modern Federal Jury Instructions*, Instructions 7-11.

**REQUEST NO. 22:**

**PUBLICITY-PRELIMINARY STATEMENT**

There may be some media attention given to this case, and it may be mentioned in the newspaper, television, radio, or on-line news outlets, or on Twitter, Facebook, Instagram, or wherever you get your news and information.   If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the Rules of Evidence. So, when you leave here and go to your home and get on-line or on your phone or your Twitter feed or listen to radio or watch television news, if you see something about the case, you must immediately stop and do not read, or listen to, or watch anything about the case. [21]

---

[21] Adopted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 2-14.

**REQUEST NO. 23:**

**PUBLICITY-REMINDER**

May I remind the jury once again about my earlier admonition to avoid reading about the case in any media source, newspaper, television, radio, Twitter, Facebook, Instagram or any on-line news outlet.  Please be mindful of my admonition that you must limit the information you get about the case to what comes to you in the courtroom through the Rules of Evidence.[22]

**PUBLICITY—REMINDER (ALTERNATE FORM)**

You must disregard any and all reports that you have read, seen, or heard through the news media, and any statements or inferences contained therein. Such matters are not facts in evidence in this case. You must not permit such matters to influence your judgment in arriving at a true verdict in this case.[23]

---

[22] Adopted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 2-15.
[23] Adopted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instruction 2-16.

**REQUEST NO. 24:**

**PUBLICITY FINAL CHARGE**

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report that you have read in the media, seen on television, heard on the radio, received through Twitter, Facebook, Instagram, or other on-line or digital media outlets.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.[24]

---

[24] Adopted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 2-17.

**REQUEST NO. 25:**

**LAW ENFORCEMENT WITNESS**

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.[25]

Dated:  February 15, 2022

Respectfully submitted:

ChaudhryLaw PLLC

By:     */s/ Priya Chaudhry*
Priya Chaudhry, Esq.
Seth Zuckerman
Beth Farber
Shaelyn Gambino Morrison
45 West 29th Street, Suite 303
New York, New York 10001
Tel: (212) 785-5550
Email: priya@chaudhrylaw.com
        szuckerman@chaudhrylaw.com
        farber@chaudhrylaw.com
        shaelyn@chaudhrylaw.com

*Attorneys for Defendant Jennifer Shah*

---

[25] Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 7-16