UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
                               :
   UNITED STATES OF AMERICA        :
                               :
           - *v.* -                :           S4 19 Cr. 833 (SHS)
                               :
   JENNIFER SHAH,               :
                               :
                Defendant.     :
                               :
------------------------------------------------------ x

## THE GOVERNMENT'S MOTIONS *IN LIMINE*

 

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

Kiersten A. Fletcher
Robert B. Sobelman
Sheb Swett
Assistant United States Attorneys

- Of Counsel -

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND ........................................................................................................... 1

ARGUMENT ................................................................................................................ 2

I.   The Court Should Admit Evidence Regarding the Disposition of Criminal Proceeds ........ 2

    A.   Applicable Law ............................................................................................ 3

    B.   Discussion .................................................................................................... 4

II.  The Court Should Admit Evidence Regarding the Defendant's Financial Circumstances .. 6

    A.   Relevant Facts ............................................................................................. 6

    B.   Applicable Law ............................................................................................ 7

    C.   Discussion .................................................................................................... 8

III. The Court Should Admit Evidence of the Defendant's Failure to Disclose Income to the Internal Revenue Service ................................................................................................ 9

    A.   Applicable Law .......................................................................................... 10

    B.   Discussion .................................................................................................. 11

IV.  The Court Should Preclude Evidence and Argument that Victims of the Defendant's Scheme to Defraud Are to Blame for Having Acted Negligently or Gullibly .................. 13

    A.   Applicable Law .......................................................................................... 13

    B.   Discussion .................................................................................................. 15

V.   The Court Should Preclude Evidence and Argument Concerning the Potential Punishment or Consequences of Conviction ....................................................................................... 16

VI.  The Court Should Preclude Evidence and Argument Concerning the Defendant's Prior Commission of "Good Acts" and/or Failure to Commit Other "Bad Acts" ...................... 16

VII. The Court Should Preclude Evidence and Argument Concerning the Government's Motives, Any Claim of Selective Prosecution, and Any Suggestion that the Defendant's Conduct Should Be Handled As a Civil Matter .............................................................. 18

VIII. The Court Should Preclude Evidence and Argument Concerning the Defendant's Family Background, Children, Race, Health, Age, Religion, or Other Personal Factors Unconnected to Guilt .......................................................................................................................... 19

CONCLUSION ........................................................................................................... 20

## **TABLE OF AUTHORITIES**

**CASES**

*Costantino v. Herzog*, 203 F.3d 164 (2d Cir. 2000) ....................................................... 11

*Neder v. United States*, 527 U.S. 1 (1999)...................................................................... 14

*Rogers v. United States*, 422 U.S. 35 (1975) ................................................................. 16

*Shannon v. United States*, 512 U.S. 573 (1994)............................................................. 16

*United States v. Addario*, 662 F. App'x 61 (2d Cir. 2016) ......................................... 3, 5

*United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 22, 2021) .............. 12

*United States v. Amico*, 486 F.3d 764 (2d Cir. 2007) ................................................... 15

*United States v. Armstrong*, 517 U.S. 456 (1996) ........................................................ 19

*United States v. Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 13, 2022) ....................... passim

*United States v. Awan*, 607 F.3d 206 (2d Cir. 2010) ...................................................... 7

*United States v. Battaglia*, No. S9 05 Cr. 774 (KMW), 2008 WL 144826 (S.D.N.Y. Jan. 15, 2008) ................................................................................................................... 20

*United States v. Benedetto*, 571 F.2d 1246 (2d Cir. 1978) ........................................... 17

*United States v. Benton,* 637 F.2d 1052 (5th Cir. 1981) ................................................. 7

*United States v. Bergstein*, 788 F. App'x 742 (2d Cir. 2019)..................................... 7, 11, 12, 13

*United States v. Binday*, 804 F.3d 558 (2d Cir. 2015).................................................. 14

*United States v. Bold*, 100 F.3d 944, 1996 WL 75833 (2d Cir. 1996)........................... 8

*United States v. Brennan*, 798 F.2d 581 (2d Cir. 1986)................................................ 11

*United States v. Brennerman*, 17 Cr. 337 (RJS) (S.D.N.Y. Nov. 20, 2017).............. 4, 5

*United States v. Carboni*, 204 F.3d 39 (2d Cir. 2000)................................................. 10

*United States v. Concepcion*, 983 F.2d 369 (2d Cir. 1992) ......................................... 10

*United States v. Daly*, 842 F.2d 1380 (2d Cir. 1988)................................................... 10

*United States v. Demosthene*, 334 F. Supp. 2d 378 (S.D.N.Y. 2004)........................... 18

*United States v. Falley*, 489 F.2d 33 (2d Cir. 1983) ...................................................... 9

*United States v. Fazio*, No. 11 Cr. 873 (KBF), 2012 WL 1203943 (S.D.N.Y. Apr. 11, 2012).... 17

*United States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980) ................................................. 3

*United States v. Frederick*, 242 F.3d 368, 2001 WL 10364 (2d Cir. 2000) ................... 8

*United States v. Gelzer*, 50 F.3d 1133 (2d Cir. 1995).................................................... 3

*United States v. Gonzalez*, 110 F.3d 936 (2d Cir. 1997) ............................................................. 10

*United States v. Greenberg*, 835 F.3d 295 (2d Cir. 2016) ............................................................ 14

*United States v. Hernandez,* 588 F.2d 346 (2d Cir. 1978) .............................................................. 8

*United States v. Levy*, No. 11 Cr. 62 (PAC), 2013 WL 815915 (S.D.N.Y. Mar. 5, 2013) ............. 5

*United States v. Li*, 133 F.3d 908, 1997 WL 796149 (2d Cir. 1997) ............................................. 8

*United States v. Mahmoud Thiam*, No. 17 Cr. 47 (DLC) (S.D.N.Y. April 27, 2017) ................... 6

*United States v. Meszaros*, No. 06 Cr. 290 (JFB), 2008 WL 5113425 (E.D.N.Y. Nov. 25, 2008) 9

*United States v. Miller*, 626 F.3d 682 (2d Cir. 2010) .................................................................... 13

*United States v. Ortiz*, 857 F.2d 900 (2d Cir. 1988) ..................................................................... 10

*United States v. Osarenkhoe*, 439 F. App'x 66 (2d Cir. 2011) .............................................. 12, 13

*United States v. Paccione,* 949 F.2d 1183 (2d Cir. 1991) ............................................................ 20

*United States v. Paulino*, 445 F.3d 211 (2d Cir. 2006) ................................................................ 11

*United States v. Peters*, 791 F.2d 1270 (7th Cir. 1986) ................................................................. 6

*United States v. Pitre*, 960 F.2d 1112 (2d Cir. 1992) .................................................................... 6

*United States v. Quattrone*, 441 F.3d 153 (2d Cir. 2006) ............................................................. 3

*United States v. Ravich*, 421 F.2d 1196 (2d Cir. 1970) ................................................................. 3

*United States v. Reed*, 639 F.2d 907 (2nd Cir. 1981) .................................................................... 7

*United States v. Reese*, 933 F. Supp. 2d 579 (S.D.N.Y. 2013) .................................................... 18

*United States v. Regan*, 103 F.3d 1072 (2d Cir. 1997) ........................................................... 18, 19

*United States v. Rivera*, No. 13 Cr. 149, 2015 WL 1725991 (KAM) (E.D.N.Y. Apr. 15, 2015). 17

*United States v. Roldan Zapata*, 916 F.2d 795 (2d Cir. 1990) .................................................... 11

*United States v. Rybicki*, 287 F.3d 257 (2d Cir. 2002) ................................................................ 14

*United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998) ................................................................... 7

*United States v. Scarpa*, 897 F.2d 63 (2d Cir. 1990) ................................................................... 17

*United States v. Shyne*, No. S4 05 Cr. 1067 (KMK), 2007 WL 1075035, (S.D.N.Y. Apr. 5, 2007)

.................................................................................................................................................... 8, 9

*United States v. Siddiqui*, 699 F.3d 690 (2d Cir. 2012) ............................................................ 7, 9

*United States v. St. Rose*, 11 Cr. 349 (SJ), 2012 WL 1107659 (E.D.N.Y. Apr. 2, 2012) ............ 20

*United States v. Stewart*, No. 03 Cr. 717 (MGC), 2004 WL 113506 (S.D.N.Y. Jan. 26, 2004) .. 18

*United States v. Thomas*, 116 F.3d 606 (2d Cir. 1997) ................................................................ 18

*United States v. Thomas*, 377 F.3d 232 (2d Cir. 2004) ........................................................... 14, 15

*United States v. Valenti*, 60 F.3d 941 (2d Cir. 1995) ............................................................. 12, 13

*United States v. Wallach*, 935 F.2d 445 (2d Cir. 1991) ................................................................ 15

*United States v. Weaver*, 860 F.3d 90 (2d Cir. 2017) .................................................................. 14

*United States v. Williams*, 205 F.3d 23 (2d Cir. 2000) ................................................................ 11

## OTHER AUTHORITIES

1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-18 ............................................................ 7

Charles Alan Wright and Kenneth W. Graham, Jr., *Federal Practice and Procedure: Federal
 Rules of Evidence* § 5240 ........................................................................................................ 7

## RULES

Fed. R. Evid. 401 ......................................................................................................................... 3

Fed. R. Evid. 402 ....................................................................................................................... 13

Fed. R. Evid. 403 .................................................................................................................... 3, 13

Fed. R. Evid. 404 ....................................................................................................................... 17

Fed. R. Evid. 405 ....................................................................................................................... 17

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in support of its motion for certain rulings in advance of the trial scheduled for March 22, 2022.  The Government moves *in limine* to: (i) admit evidence regarding the disposition of the proceeds of the defendant's wire fraud and money laundering schemes; (ii) admit limited evidence regarding the financial circumstances of the defendant at the time of the commission of the charged crimes; (iii) admit evidence of the defendant's failure to disclose in her tax returns income from her participation in the telemarketing fraud scheme; (iv) preclude argument that victims of the defendant's telemarketing fraud scheme are to blame for having acted negligently or gullibly; (v) preclude evidence and argument concerning the potential punishment or consequences that the defendant faces if convicted; (vi) preclude evidence and argument concerning the defendant's prior commission of "good acts" and/or failure to commit other "bad acts"; (vii) preclude evidence and argument concerning the Government's motives, any claim that the defendant is being selectively prosecuted, and any suggestion that the defendant's conduct should be dealt with solely as a civil matter; and (viii) preclude evidence and argument regarding the defendant's family background, children, race, health, age, religion, or other personal factors unconnected to guilt.

## BACKGROUND

On March 25, 2021, a grand jury sitting in this District returned Superseding Indictment S4 19 Cr. 833 (SHS) (the "Indictment"), which was filed under seal, charging the defendant with carrying out a wide-ranging telemarketing scheme that defrauded hundreds of victims throughout the United States, many of whom were over the age of 55, by selling those victims so-called "business services" in connection with the victims' purported online businesses, and for participating in a related money laundering conspiracy.  (Dkt. No. 186 at 1, 5-7.)  Specifically, the

defendant was charged with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 2326, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  (*Id*. at 4-7.)  The Indictment, which is hereby incorporated by reference, contains a detailed, four-page overview of the defendant's scheme that includes, among other things, descriptions of the false representations made to the victims, the various phases and aspects of the scheme, and the role of the defendant in the scheme.  (*Id*. at 1-4.)  In addition, the Government provided a lengthy, detailed overview of certain of the facts that the Government anticipates it will establish at trial in its opposition to the defendant's pretrial motions, which also is hereby incorporated by reference.  (Dkt. No. 290 at 3-6.)

## ARGUMENT

### I.     The Court Should Admit Evidence Regarding the Disposition of Criminal Proceeds

The defendant exercised control over the disposition of the criminal proceeds of the telemarketing fraud scheme.  The Government intends to show such control by establishing that the defendant, among other things, engaged in transactions using the fraud proceeds and spent and directed others to spend criminal proceeds on expenses related to the telemarketing fraud scheme and her own personal expenses.  The Government intends to offer evidence in the form of financial records, summary charts, and limited testimony regarding those records, charts, as well as testimony by percipient witnesses with knowledge of the defendant's disposition of the criminal proceeds.  The method and manner in which the criminal proceeds were directed, transferred, and spent by the defendant and her co-conspirators is admissible as direct evidence of the defendant's participation in the telemarketing fraud scheme and the money laundering conspiracy and evidence of the defendant's motive and intent to commit the charged crimes.

### A.     Applicable Law

Under Federal Rule of Evidence 402, "[r]elevant evidence is admissible," and "[i]rrelevant evidence is not admissible."  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  This is generally not a difficult test to meet.  *See, e.g.*, *United States v. Quattrone*, 441 F.3d 153, 188 (2d Cir. 2006) ("so long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry" (citing *United States v. Ravich*, 421 F.2d 1196, 1204 n.10 (2d Cir. 1970) (Friendly, J.))).

Otherwise admissible evidence is subject to preclusion under Federal Rule of Evidence 403 if its probative value is "substantially outweighed" by the danger of, among other things, unfair prejudice.  Fed. R. Evid. 403.  The "prejudice that Rule 403 is concerned with involves 'some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence.'"  *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (quoting *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980)).

Evidence showing how a defendant spent the proceeds of her crime is routinely admitted in this Circuit as relevant evidence to establish a defendant's motive and intent for committing the crime.  *See, e.g.*, *United States v. Addario*, 662 F. App'x 61, 63 (2d Cir. 2016) (summary order) (admitting evidence of defendant's "spending habits," including "information about his substantial gambling activity" and "records of his personal expenditures, such as expensive automobiles, trips, and country club fees" on the ground that "the spending and gambling activity could explain [the defendant's] motive for committing the fraud"); *United States v. Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 13, 2022) (Tr. 33) (granting government motion to admit "evidence regarding the disposition of criminal proceeds subject to specific objections to particular evidence" as "(1) direct

evidence of the defendant's scheme to defraud; (2) proof that he controlled the disposition of the fraud proceeds; and (3) evidence of the defendant's motive and intent to commit the charged crimes."); *United States v. Brennerman*, 17 Cr. 337 (RJS) (S.D.N.Y. Nov. 20, 2017) (Tr. 33) (denying defense motion to preclude evidence of defendant's use of wire and bank fraud proceeds because, among other reasons, "it goes to intent . . . , goes to consciousness of guilt, [and] motive").

### B.   Discussion

Evidence regarding the way in which the defendant spent the proceeds of his scheme to defraud is directly relevant, highly probative, and not unfairly prejudicial.  It should be admitted as (1) direct evidence of the defendant's participation in the telemarketing fraud scheme and the money laundering conspiracy; (2) proof that that the defendant controlled the disposition of the fraud proceeds and engaged in money laundering; and (3) evidence of the defendant's motive and intent to commit the charged crimes.

*First*, evidence tracing the disposition of the fraud proceeds is proof that the defendant participated in wire fraud conspiracy and intended to deprive the victims of money or property, which the Government has the burden of demonstrating to the jury.  The defendant and her co-conspirators obtained the victims' money by, among other things, operating a telemarketing fraud scheme that engaged in fraudulent sales practices.  From there, the defendant and her co-conspirators engaged in numerous financial transactions, some of which concluded with funds being deposited into defendant's personal accounts and others of which involved expenditures from business accounts for her benefit.  The Government should be permitted to prove that the defendant participated in and controlled the telemarketing fraud scheme by establishing the manner in which the fraud proceeds were transferred to or benefited the defendant.

*Second*, the financial transactions and use of the crime proceeds is essential evidence of the defendant's participation in the charged money laundering conspiracy.  The Government has the

burden of showing that the defendant was aware of the manner and method in which the crime proceeds were to be disposed, including financial transactions that involved concealment and structuring.  Accordingly, evidence of the disposition of the crime proceeds—whether and how they were transferred to other accounts, liquidated to cash, and spent on particular expenses or items—is highly relevant and probative of the issues that the jury will be required to decide, particularly with respect to the defendant's knowledge.

*Third*, the way in which the criminal proceeds were used provides evidence of the defendant's intent and motive.  The fact that the defendant promptly spent the money she and her co-conspirators obtained through fraud on, among other things, expenses for the telemarketing fraud scheme and personal luxuries is probative of her intent to defraud, and, as noted above, courts have frequently admitted such evidence for this purpose.  *E.g.*, *Addario*, 662 F. App'x at 63; *Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 13, 2022) (Tr. 33); *Brennerman*, No. 17 Cr. 337 (RJS) (S.D.N.Y. Nov. 20, 2017) (Tr. 33).  These facts are particularly probative of the defendant's motive, in conjunction with the evidence of the defendant's need to obtain money to fund her personal expenses and cover the costs of perpetuating the telemarketing fraud scheme, as discussed further below.  *See, e.g.*, *United States v. Levy*, No. 11 Cr. 62 (PAC), 2013 WL 815915, at *2 (S.D.N.Y. Mar. 5, 2013) (finding that evidence of how defendants spent their money was admissible to show, among other things, their motive for engaging in criminal conduct).

Nor is there any risk that the probative value of the proffered evidence might be substantially outweighed by any danger of unfair prejudice pursuant to Rule 403.  The evidence the Government seeks to introduce consists of financial records, summary charts, and limited testimony regarding those records, charts, as well as testimony by percipient witnesses concerning their interactions with the defendant regarding the disposition of the criminal proceeds that

demonstrate that the defendant expended and directed others to expend crime proceeds to fund both the telemarketing fraud scheme and her personal expenses. Many of the expenditures were routine expenses such as airfare, food, rent, and payroll, and do not, for example, involve the purchase of illegal goods or services. It is true that the defendant did spend a portion of the proceeds on luxury items, but, particularly in the context of a case concerning a wide-ranging, multi-year fraud scheme that scammed numerous elderly victims of substantial sums of money, this type of evidence is far less sensational than the nature of the charges and certainly would not risk any unfair or inappropriate prejudice. *See United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (affirming admission of evidence that "'did not involve conduct any more sensational or disturbing than the crimes with which [the appellants were] charged'") (internal quotation marks and citation omitted); *United States v. Peters*, 791 F.2d 1270, 1294 (7th Cir. 1986) (evidence is unfairly prejudicial under Rule 403 if it arouses a sense of horror or otherwise produces an emotional response that would cause the jury to base its decision on something other than the evidence); *United States v. Mahmoud Thiam*, No. 17 Cr. 47 (DLC) (S.D.N.Y. Apr. 27, 2017) (Tr. 392-93) (finding that evidence that defendant used bribe money to buy and renovate a home "in a luxurious manner," was "highly relevant," and would not cause unfair prejudice under Rule 403). Accordingly, the Court should admit evidence regarding the way in which the defendant spent and directed others to spend the proceeds of her scheme.

## II. The Court Should Admit Evidence Regarding the Defendant's Financial Circumstances

### A. Relevant Facts

The Government expects that the evidence at trial will show that, for at least certain periods of time during her charged conduct, the defendant was spending far more than she could afford absent the income from the telemarketing fraud scheme. The Government intends for the evidence

of the defendant's financial difficulties and cash flow for the relevant time periods to be presented through documentary evidence and testimony, including, among other things, the defendant and her husband's income as reported to the Internal Revenue Service ("IRS"), her account balances as reflected on bank account statements, her and her telemarketing company's credit and debit card statements, summary witness testimony regarding certain of the aforementioned records, and percipient witness testimony regarding the defendant's income, need for money, and spending habits.

### B.    Applicable Law

"Motive has been variously defined as 'the reason that nudges the will and prods the mind to indulge the criminal intent,' *United States v. Benton,* 637 F.2d 1052, 1056 (5th Cir. 1981) (internal quotation marks omitted); 'the rationale for an actor's particular conduct,' *United States v. Awan*, 607 F.3d 206, 137 (2d Cir. 2010); and 'an emotion or state of mind that prompts a person to act in a particular way,' Charles Alan Wright and Kenneth W. Graham, Jr., *Federal Practice and Procedure: Federal Rules of Evidence* § 5240." *United States v. Siddiqui*, 699 F.3d 690, 702 (2d Cir. 2012). "Although it does not bear directly on the charged elements of a crime, evidence offered to prove motive is commonly admitted." *United States v. Salameh*, 152 F.3d 88, 111 (2d Cir. 1998); *see also* 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-18. "And unlike issues of knowledge and intent, the defendant's motive—an explanation of *why* the defendant would engage in the charged conduct—becomes highly relevant when the defendant argues that he did not commit the crime." *Siddiqui*, 699 F.3d at 702 (emphasis in original).

"[A] defendant's belief that he is in financial difficulty is admissible to show motive, and not unduly prejudicial." *United States v. Reed*, 639 F.2d 907 (2nd Cir. 1981); *see also United States v. Bergstein*, 788 F. App'x 742, 745 (2d Cir. 2019) (affirming admission of "evidence of [defendant's] casino debts" because it "plainly reflects [defendant's] motive"); *United States v. Li*,

133 F.3d 908, 1997 WL 796149, at *1 (2d Cir. 1997) ("evidence of [defendant's] debt . . . was properly admissible as evidence of motive"); *United States v. Bold*, 100 F.3d 944, 1996 WL 75833, at *1 (2d Cir. 1996) (affirming admission of evidence of "indebtedness" to show "motive in robbing a bank"); *Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 13, 2022) (Tr. 46) (granting government motion to "admit evidence regarding the defendant's and his law firm's financial circumstances, . . . subject to specific objections to particular evidence at trial" and recognizing that "[t]here are scores of cases in this circuit holding that evidence of financial motivation is relevant and admissible in fraud cases"); *United States v. Shyne*, No. S4 05 Cr. 1067 (KMK), 2007 WL 1075035, at *34 (S.D.N.Y. Apr. 5, 2007) ("The Second Circuit has long recognized that evidence of indebtedness is admissible in a criminal case to establish motive.") (citing *United States v. Hernandez*, 588 F.2d 346, 348-49 (2d Cir. 1978) (collecting cases)).

## C.    Discussion

The defendant's need for money during certain times of the offense conduct is highly probative of her motive to engage in the charged conduct.  The defendant's spending habits and need to finance her expensive lifestyle provide necessary context for the defendant's conduct, which would appropriately be viewed as shockingly brazen, and is an important factor that the jury should be permitted to consider in assessing the defendant's intent.  *See Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 13, 2022) (Tr. 47) (admitting financial condition evidence and concluding that "absent such context, I think the jury would be left with a misleading impression that there was little or no reason for the defendant to commit the crimes charged").  For these same reasons, courts routinely admit such evidence.  *See, e.g.*, *United States v. Frederick*, 242 F.3d 368, 2001 WL 10364, at *1 (2d Cir. 2000) (summary order) (holding that district court did not commit plain error in admitting evidence of defendant's personal expenditures "because evidence of unexplained wealth is admissible where the ordinary motive for a crime is financial gain"); *United*

*States v. Falley*, 489 F.2d 33, 39 (2d Cir. 1983) (upholding admission of evidence of defendant's personal expenditures because "proof that a defendant is living far above the means provided by his disclosed income is of great probative value in a case involving a crime where the motive is financial gain"); *United States v. Meszaros*, No. 06 Cr. 290 (JFB), 2008 WL 5113425, at *10 (E.D.N.Y. Nov. 25, 2008) ("For example, the problems and expenses that allegedly developed from the defendant's participation in the first fraud scheme, including the alleged hiring of civil and criminal attorneys, would help explain and provide an additional financial motive for the defendant's alleged decision to concoct and participate in the second scheme."); *Shyne*, 2007 WL 1075035, at *34 ("Details of a defendant's financial history are often relevant to the motive of a defendant to commit a crime, especially if that crime involves pecuniary gain.").

In short, the defendant's spending habits and need for money at particular points in time during the charged conduct are an inextricable part of the story of the charged offenses. It is entirely proper for the jury to weigh evidence bearing directly on the defendant's financial motivation and intent, as the Second Circuit and courts in this district have consistently held. As discussed above, "an explanation of *why* the defendant would engage in the charged conduct[ ] becomes highly relevant when the defendant argues that he did not commit the crime." *Siddiqui*, 699 F.3d at 702 (emphasis in original). That is plainly the case here. Accordingly, the Court should admit evidence regarding the defendant's financial circumstances.

### III. The Court Should Admit Evidence of the Defendant's Failure to Disclose Income to the Internal Revenue Service

The Government seeks to admit evidence establishing that, for the time period relevant to the charged conduct, the defendant failed to disclose income from the telemarketing fraud scheme to the IRS.

### A.    Applicable Law

It is well established that evidence of otherwise uncharged conduct is admissible, without regard to Rule 404(b), when it constitutes intrinsic or direct proof of the charged crimes. *See, e.g.*, *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000); *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997). Indeed, the Second Circuit has frequently observed that such evidence "is not considered other crimes evidence under Rule 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *Carboni*, 204 F.3d at 44 (internal quotation marks omitted) (quoting *Gonzalez*, 110 F.3d at 942); *United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988) ("[T]he trial court may admit evidence that does not directly establish an element of the offense charged, in order to provide background for the events alleged in the indictment. Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed."). In such circumstances, the uncharged conduct evidence is appropriately treated as "part of the very act charged," or, at least, proof of that act. *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir. 1992).

Alternatively, "[o]ther acts" evidence may be admitted under Rule 404(b) where the evidence: (1) is advanced for a proper purpose; (2) is relevant to the crimes for which the defendant is on trial; and (3) has probative value that is not substantially outweighed by any unfair prejudicial effect. *See United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir. 1988) ("[O]ther acts or crimes are admissible under Rule 404(b) to prove matters other than the defendant's criminal propensity"). Rule 404(b)(2) identifies the proper purposes for the admission of other act evidence, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

The Second Circuit takes an "'inclusionary' approach" to the admission of other-act evidence, under which "'evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity,' as long as it is 'relevant to some disputed issue in the trial' and satisfies the probative-prejudice balancing test of Fed. R. Evid. 403." *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986) (citations omitted).

While any evidence offered pursuant to Rule 404(b) is subject to the balancing test set forth in Rule 403, the Second Circuit has long made clear that "other act" evidence that is neither "more sensational" nor "more disturbing" than the charged crimes will not be deemed unfairly prejudicial. *See, e.g.*, *United States v. Roldan Zapata*, 916 F.2d 795, 804 (2d Cir. 1990); *United States v. Williams*, 205 F.3d 23, 33-34 (2d Cir. 2000); *see also United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006); *cf. Costantino v. Herzog*, 203 F.3d 164, 174 (2d Cir. 2000) ("[B]ecause virtually all evidence is prejudicial to one party or another, to justify exclusion under Rule 403 the prejudice must be unfair.").

### B.    Discussion

The Government seeks to admit evidence that the defendant failed to disclose income from the telemarketing fraud scheme for the time period in which she participated in the charged wire fraud and money laundering conspiracies.  This evidence is admissible as direct evidence of the charged crimes and, in the alternative, pursuant to Rule 404(b).

The defendant's failure to report income from the telemarketing fraud scheme provides direct evidence that the defendant understood that this money was not legitimate income for her. This evidence therefore provides direct proof of the defendant's intent to defraud.  *See Bergstein*, 788 F. App'x at 745 ("The government properly introduced [the defendant's] tax returns to show that even though [he] maintained that his income was legitimate, shell companies under his control did not report or pay taxes on [the] income.").  Moreover, the evidence is relevant and critical to

11

rebutting an expected defense—namely, that the defendant thought her telemarketing business was legitimate and that she was therefore entitled to the money "earned" from the transactions with the victims of the scheme. *See, e.g.*, *United States v. Valenti*, 60 F.3d 941, 946 (2d Cir. 1995) ("The tax returns were obviously probative to refute [the defendant's] defense that the contested funds were legitimate compensation.").

In the alternative, the records are admissible pursuant to Rule 404(b), as they are highly probative of the defendant's intent, plan, knowledge, and absence of mistake or accident in engaging in the charged crimes. The tax records demonstrate, among other things, that the defendant knew that the "income" she derived from her participation in the telemarketing fraud scheme was illegitimate and that she sought to conceal it. *See, e.g.*, *United States v. Adelekan*, No. 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 22, 2021) (Tr. 488) (denying defense motion to preclude IRS testimony at trial regarding failure to file tax returns and report income because "the testimony will be direct evidence of the concealment of the source of the funds"). The tax records also show an absence of mistake or accident in that the defendant took active steps to plan and conceal her fraud and the "income" she earned from it. The tax returns are therefore important to rebut any defense that the defendant acted in good faith and was lawfully entitled to the crime proceeds that she received. *See Bergstein*, 788 F. App'x at 745; *United States v. Osarenkhoe*, 439 F. App'x 66, 68 (2d Cir. 2011) (approving admission of tax return evidence under Rule 404(b)); *Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 13, 2022) (Tr. 14) ("[I]f the proceeds were lawful, legitimate proceeds to which Mr. Avenatti was entitled, they would have presumably been income and he would have been required to report them to the IRS. The fact that he did not do so tends to rebut any claim that they were lawful and legitimate.").

Finally, particularly in the context of this case, which involves wire fraud and money laundering schemes involving numerous elderly victims who suffered substantial financial losses, there is no basis to think that evidence that the defendant failed to disclose certain income would be unfairly prejudicial within the meaning of Rule 403.  As in other cases where such evidence has been approved, there is nothing salacious or unfair about documentary evidence regarding the defendant's disclosure or non-disclosure of income demonstrating her own view of the proceeds of her crime.  *See Valenti*, 60 F.3d at 946 ("Any arguable prejudice to [the defendant] was *de minimis:* it strains credulity to think that the jury might have believed [the defendant] innocent of transporting stolen goods, but voted to convict him anyway just because he failed to report income on his tax returns."); *see also Bergstein*, 788 F. App'x at 745; *Osarenkhoe*, 439 F. App'x at 68.

## IV.	The Court Should Preclude Evidence and Argument that Victims of the Defendant's Scheme to Defraud Are to Blame for Having Acted Negligently or Gullibly

The federal fraud statutes, including wire fraud, do not require the Government to prove reliance on a defendant's conduct as an element of the offense.  The defendant should therefore be precluded from suggesting during the trial—whether in jury addresses or witness examinations— that the victims of the defendant's fraud are to blame, either because they failed to conduct sufficient diligence, were negligent, or otherwise acted unreasonably in relying on the misrepresentations made by participants in the defendant's telemarketing fraud scheme.

### A.	Applicable Law

Under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible" at trial, Fed. R. Evid. 402, and under Rule 403, a court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *see also United States v. Miller*, 626 F.3d 682, 689 (2d Cir. 2010).

The essential elements of wire fraud—the object of the conspiracy charged in Count One—are: (1) a scheme to defraud; (2) money or property as the object of the scheme; and (3) use of wires to further the scheme. *United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015).

To "prove the existence of a scheme to defraud, the government must also prove that the misrepresentations were material, and that the defendant acted with fraudulent intent." *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (internal citations and quotation marks omitted). A "statement is material if the misinformation or omission would naturally tend to lead or is capable of leading a reasonable [person] to change [his] conduct." *Id.* In other words, materiality is an objective standard, and actual reliance is not an element of criminal fraud. *Neder v. United States*, 527 U.S. 1, 24-25 (1999).

In *United States v. Thomas*, the Second Circuit rejected as a matter of law the proposition that a victim's "vigilance (or lack thereof) was relevant." 377 F.3d 232, 241, 243 (2d Cir. 2004); *see also Weaver*, 860 F.3d at 95 ("[T]he unreasonableness of a fraud victim in relying (or not) on a misrepresentation does not bear on a defendant's criminal intent in designing the fraudulent scheme, whereas the materiality of the false statement does."). Just as "justifiable reliance" is not an element of criminal fraud, neither does the Government need to prove damages, because the fraud statutes criminalize the "scheme" rather than the completed fraud. *Weaver*, 860 F.3d at 95; *see also United States v. Rybicki*, 287 F.3d 257, 262 (2d Cir. 2002) ("[T]he only significance in a fraud case of proof of actual harm befalling the victim as a result of the scheme is that it may serve as circumstantial evidence from which a jury could infer the defendant's intent to cause harm."), *on reh'g en banc*, 354 F.3d 124 (2d Cir. 2003). It is enough to show that the defendant "contemplated some actual harm or injury to [the] victims." *Weaver*, 860 F.3d at 95 (quoting *United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016) (emphasis in original)). The

14

pertinent statute therefore focuses on the defendant's statements and intent, not on the state of mind of his victims.

### B.    Discussion

Because such evidence would be irrelevant under Rules 401 and 402, and unduly confusing under Rule 403, the defendant should be precluded from offering evidence or argument that, had the victims of the telemarketing fraud scheme or anyone else asked more questions of the defendant or her co-conspirators, or been more diligent in some respect, the defendant or her co-conspirators would have told them the truth, or that the defendant is otherwise innocent because the victims of her fraud scheme were unreasonable in their reliance on the misrepresentations made as part of the scheme or could have been more diligent in their dealings with participants in the scheme.  *E.g.*, *United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007) ("The majority of circuits to address the issue have rejected this defense, holding that a victim's lack of sophistication is not relevant to the intent element of . . . wire fraud" (citations omitted)).

As part of the telemarketing fraud scheme, the defendant and her co-conspirators lied or caused misleading information to be conveyed to the victims.  The diligence and sophistication of those the defendant and her co-conspirators targeted during this scheme to defraud are not appropriate considerations at trial.  *E.g.*, *Thomas*, 377 F.3d at 243 ("We refuse to accept the notion that the legality of a defendant's conduct would depend on his fortuitous choice of a gullible victim." (internal quotation marks omitted)).   Indeed, in proving a scheme to defraud, the Government is "not required to show that the intended victim was actually defrauded."  *United States v. Wallach*, 935 F.2d 445, 461 (2d Cir. 1991) (internal citations omitted).  Nor should the defendant be able to use her and her co-conspirators own ruse against their victims by suggesting that, had they only asked certain questions or taken certain steps, they would have known that they were being provided false or misleading information.  In short, the defendant should be precluded

from blaming her victims—whether through argument or evidence elicited through direct testimony or cross examination—because such evidence is irrelevant and would violate Rule 403. *See, e.g.*, *Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 13, 2022) (Tr. 8) (granting government motion to "preclude evidence and argument that victims of defendant's alleged scheme are to blame for having acted negligently or gullibly").

**V.     The Court Should Preclude Evidence and Argument Concerning the Potential Punishment or Consequences of Conviction**

The defendant should be precluded from offering evidence or argument concerning the potential punishment or consequences that she faces if convicted.  Where the jury has no role at sentencing—such as in this case—it "should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)).  This is so for good reason: argument concerning punishment "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.*  There is no proper basis for the defendant to put these issues before the jury in any form, and the defendant should not be permitted to offer evidence or argument inviting the jury to consider them.  *See, e.g.*, *Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 13, 2022) (Tr. 9-10) ("anything that adverts to possible punishments, including possibility of incarceration, however obliquely, is improper and will not be permitted," including, for example, a statement in opening or closing arguments that the defendant's "liberty is at stake," which would be "a not-so-thinly veiled reference to the prospect of incarceration, which is altogether improper").

**VI.    The Court Should Preclude Evidence and Argument Concerning the Defendant's Prior Commission of "Good Acts" and/or Failure to Commit Other "Bad Acts"**

To the extent that the defendant may seek to present evidence or argument concerning her prior commission of alleged "good acts" or to offer evidence of her non-criminal activities to seek

to disprove her guilt, she should be precluded from doing so.  Specific-act propensity evidence is no more admissible to refute a criminal charge than it is to establish one.

It is settled law that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on [other] specific occasions."  *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990).  Similarly, while a defendant may offer general testimony from a character witness about his reputation for a "pertinent trait of character," or the witness's opinion of the defendant as regards that trait, *see* Fed. R. Evid. 404(a)(2)(A) & 405(a), a defendant can neither testify nor offer other proof to establish specific acts in conformity with that trait that are not an element of the offense.  *See, e.g.*, *United States v. Benedetto*, 571 F.2d 1246, 1249-50 (2d Cir. 1978) (evidence of defendant's specific acts improperly admitted because "character evidence has long been admissible only in the form of reputation and not in the form of a recitation of good or bad acts"); *United States v. Rivera*, No. 13 Cr. 149 (KAM), 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015) (precluding evidence of charitable giving); *United States v. Fazio*, No. 11 Cr. 873 (KBF), 2012 WL 1203943, at *5 (S.D.N.Y. Apr. 11, 2012) ("a defendant may not affirmatively try to prove his innocence by reference to specific instances of good conduct; character is to be proven by reputation or opinion evidence."), *aff'd*, 770 F.3d 160 (2d Cir. 2014).  The defendant should accordingly be precluded from offering evidence or argument, including in her opening statement, concerning any charity or philanthropy, employing people in need of income or otherwise being generous to her employees, or any other specific instance or instances of her prior alleged good or public-oriented acts, or the lack of commission of other bad acts, or her lack of criminal history.

Nor should the defendant be permitted to suggest that any prior achievements make it less likely that she committed the charged crimes.  To be sure, the defendant may seek to offer

17

admissible evidence, if any exists, that she experienced financial success during the time period relevant to the charged conduct or had substantial means and thus had less of a financial motive to commit the crimes with which she is charged, just as explained above, the Government may offer evidence of the opposite. But such evidence is very different from that offered to show an alleged propensity not to commit crimes, which is no more admissible than the reverse. Accordingly, any such evidence or argument should be precluded.

## VII. The Court Should Preclude Evidence and Argument Concerning the Government's Motives, Any Claim of Selective Prosecution, and Any Suggestion that the Defendant's Conduct Should Be Handled As a Civil Matter

The Court should preclude evidence and argument concerning the Government's motives, any claim that the defendant is being selectively prosecuted, and any suggestion that the defendant's conduct should be dealt with solely as a civil matter. Arguments and evidence regarding the reach of criminal statutes or the Government's decision to prosecute are "ultimately separate from the issue of [the defendant's] factual guilt" and, thus, properly excluded from trial. *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997); *see also id.* ("[The] selective prosecution defense is an issue for the court rather than the jury."); *United States v. Reese*, 933 F. Supp. 2d 579, 583 (S.D.N.Y. 2013) (precluding defendant from advancing arguments aimed at jury nullification and the overall propriety of the Government's investigation); *United States v. Demosthene*, 334 F. Supp. 2d 378, 380 (S.D.N.Y. 2004) (noting that the defendant "may not argue before the jury issues relating to the overall propriety of the Government's investigation in this case"), *aff'd*, 173 F. App'x 899 (2d Cir. 2006); *United States v. Stewart*, No. 03 Cr. 717 (MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) (granting motion to preclude defendant from "presenting arguments or evidence that would invite the jury to question the Government's motives in investigating and indicting" the defendant); *see generally United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("Nullification is, by definition, a violation of a juror's oath to apply the

18

law as instructed by the court—in the words of the standard oath to jurors in the federal courts, to render a true verdict *according to the law and the evidence*. We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent." (internal quotation marks and citation omitted)).

The basis for this settled rule is fundamental. A claim of improper prosecutorial motive, whatever its ground, "is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Such a claim is self-evidently "unrelated to factual innocence of the crime charged," which is the sole issue to be decided by the jury, and, as a result, the Court alone must resolve it. *Regan*, 103 F.3d at 1082.

Based on this precedent, any evidence or argument suggesting that the Government purportedly singled out the defendant for prosecution for improper reasons is—in addition to being baseless—irrelevant to the issues before the jury. Similarly, claims that the charged conduct should have been brought in a civil, rather than criminal, proceeding provide no defense to the criminal charges and are not relevant to the merits of the charges. As a result, any such argument and evidence should be precluded because evidence and argument concerning the Government's motives for prosecuting the defendants are irrelevant, will confuse the jury, distract from the evidence at trial, and improperly encourage jury nullification.

## VIII. The Court Should Preclude Evidence and Argument Concerning the Defendant's Family Background, Children, Race, Health, Age, Religion, or Other Personal Factors Unconnected to Guilt

The defendant should be precluded from offering evidence and argument concerning her family background, children, race, health, age, religion, or other similar personal factors, absent a showing that such factors bear on guilt. *See, e.g., United States v. Paccione,* 949 F.2d 1183, 1201

(2d Cir. 1991) (affirming preclusion of evidence that defendant had son with cerebral palsy whom defendant had devoted his life to care for); *United States v. Battaglia*, No. S9 05 Cr. 774 (KMW), 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (precluding "evidence of [d]efendant's family and personal status" as not "relevant to the issue of whether [d]efendant committed the crimes charged"); *United States v. St. Rose*, 11 Cr. 349 (SJ), 2012 WL 1107659, at *1 (E.D.N.Y. Apr. 2, 2012) (precluding evidence of the defendant's immigration status because it does "not bear on the [d]efendant's innocence or guilt").  Such evidence is irrelevant to the jury's determination of guilt and should be precluded.

### <u>CONCLUSION</u>

For the foregoing reasons, the Government's motions *in limine* should be granted.

Dated:  New York, New York
   February 15, 2022

       Respectfully submitted,

       DAMIAN WILLIAMS
       United States Attorney

By:   *Robert B. Sobelman*

       Kiersten A. Fletcher
       Robert B. Sobelman
       Sheb Swett
       Assistant United States Attorneys
       (212) 637-2238/2616/6522