UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
                                       :

  UNITED STATES OF AMERICA      :

                                         :

            - *v.* -             :             S4 19 Cr. 833 (SHS)

                                         :

  JENNIFER SHAH,             :

                                         :

               Defendant.     :

                                         :
---------------------------------------------------x

## <u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

Kiersten A. Fletcher
Robert B. Sobelman
Sheb Swett
Assistant United States Attorneys

- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x

:

UNITED STATES OF AMERICA          :

:

            - *v.* -                          :               S4 19 Cr. 833 (SHS)

:

JENNIFER SHAH,                           :

:

                  Defendant.            :

:

-------------------------------------------------- x

## <u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury. These proposed instructions are adapted from those given by this Court in *United States v. Andrew Owimrin and Shahram Ketabchi*, S8 17 Cr. 243 (SHS). To the extent the Government's proposed instructions differ from or are in addition to the Court's prior instructions, the Government has provided authority to support of such revisions or additions where appropriate. For the Court's convenience, the Government will submit by email a Word version of the Government's requests to charge in which the changes from the version used in the *Owimrin/Ketabchi* trial are redlined.

## Table of Contents

**GENERAL CHARGES** ................................................................................ **6**

   1.   Introductory Remarks .......................................................... 6

   2.   Role of the Jury and Role of the Court ............................ 7

   3.   Bias Based on Prejudice about the Defendant, the Government as a Party, or Conduct of Counsel ............................................................. 9

   4.   Presumption of Innocence .................................................. 10

   5.   Reasonable Doubt ................................................................ 11

   6.   What Is Evidence? ............................................................... 12

   7.   What Is Not Evidence? ....................................................... 14

   8.   Evidence Obtained Pursuant to Search ........................... 16

   9.   Use of Text Messages, Emails, and Recordings ............ 17

   10.   Stipulations of Fact and Testimony ................................ 18

   11.   Redactions ............................................................................. 19

   12.   Charts and Summaries – Admitted as Evidence ........... 20

   13.   Charts and Summaries – Not Admitted as Evidence .... 21

   14.   Witness Credibility .............................................................. 22

   15.   Preparation of Witnesses ................................................... 24

   16.   Law Enforcement Witness .................................................. 25

   17.   Expert Testimony ................................................................. 26

   18.   Cooperating Witness Testimony ....................................... 27

   19.   Particular Investigative Techniques Not Required ....... 29

   20.   Opinion of Defendant's Character ................................... 30

   21.   Defendant's Testimony ...................................................... 31

   22.   Persons Not on Trial ........................................................... 33

   23.   Conscious Avoidance .......................................................... 34

**I.    THE INDICTMENT** ................................................................... **36**

   24.   Indictment – Overview ....................................................... 36

25.   INDICTMENT – SUMMARY .................................................................................... 37

II.   **SUBSTANTIVE INSTRUCTIONS** ............................................................. **38**

26.   CONSPIRACY GENERALLY ................................................................................... 38

27.   EXISTENCE OF THE CONSPIRACY ...................................................................... 40

28.   "WILLFULLY" AND "KNOWINGLY" ................................................................. 42

III.   **SUBSTANTIVE INSTRUCTIONS – COUNT ONE:  CONSPIRACY TO COMMIT WIRE FRAUD** ........................................................................... **45**

29.   COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – THE STATUTE AND ELEMENTS ... 45

30.   COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – OBJECT OF THE CONSPIRACY ..... 46

31.   COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – OBJECT OF THE CONSPIRACY: EXISTENCE OF SCHEME OR ARTIFICE TO DEFRAUD .......................................... 47

32.   COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – OBJECT OF THE CONSPIRACY: KNOWING PARTICIPATION IN SCHEME WITH INTENT TO DEFRAUD ............................... 49

33.   COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – OBJECT OF THE CONSPIRACY: USE OF INTERSTATE WIRES ................................................................................. 52

34.   COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – SPECIAL INTERROGATORIES ....... 54

IV.   **SUBSTANTIVE INSTRUCTIONS – COUNT TWO:  CONSPIRACY TO COMMIT MONEY LAUNDERING** ................................................................ **56**

35.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – ELEMENTS .................. 56

36.   COUNT TWO:  CONSPIRACY TO COMMIT MONEY LAUNDERING – FIRST AND SECOND ELEMENTS: EXISTENCE OF THE CONSPIRACY AND KNOWING MEMBERSHIP IN THE CONSPIRACY ...................................................................................... 57

37.   COUNT TWO:  CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT OF THE CONSPIRACY ...................................................................................... 58

38.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – ELEMENTS ....................................... 60

39.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – FIRST ELEMENT: "FINANCIAL TRANSACTION" .. 61

3

40.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – SECOND ELEMENT: "SPECIFIED UNLAWFUL ACTIVITY" ................................................................................................... 63

41.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – THIRD ELEMENT: KNOWLEDGE THAT PROPERTY WAS PROCEEDS OF UNLAWFUL ACTIVITY ..................................................... 64

42.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – FOURTH ELEMENT: TRANSACTIONS DESIGNED TO CONCEAL THE NATURE, LOCATION, SOURCE, OWNERSHIP, OR CONTROL OF THE PROCEEDS ................................................................................................... 65

43.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT TWO: STRUCTURING MONEY LAUNDERING – ELEMENTS ........................................... 66

44.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT TWO: STRUCTURING MONEY LAUNDERING – FOURTH ELEMENT: AVOID A TRANSACTION REPORTING REQUIREMENT UNDER STATE OR FEDERAL LAW ......................... 67

45.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – MONETARY TRANSACTION OVER $10,000 IN PROPERTY DERIVED FROM A SPECIFIED UNLAWFUL ACTIVITY – ELEMENTS ................................... 69

46.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – FIRST ELEMENT: ENGAGING IN A MONETARY TRANSACTION .... 70

47.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – SECOND ELEMENT: TRANSACTION INVOLVED CRIMINALLY DERIVED PROPERTY ................................................................................. 71

48.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – THIRD ELEMENT: PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY ................................................................................. 72

49.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – FOURTH ELEMENT: KNOWLEDGE ............................... 73

50.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – FIFTH ELEMENT: TRANSACTION TOOK PLACE IN THE UNITED STATES ...................................................................................................... 74

**V.     OTHER GENERAL CHARGES**............................................................................ **75**

51.   VENUE.............................................................................................................. 75

52.   VARIANCE IN DATES OR AMOUNTS ................................................................ 76

**VI.    CONCLUDING INSTRUCTIONS** ................................................................... **77**

## GENERAL CHARGES

**1.     INTRODUCTORY REMARKS**

Ladies and Gentlemen of the Jury:  I am now about to instruct you on the law that you will apply to the facts in this case.  You will then determine the facts in accordance with my instructions on the law.

As I told you during your selection, you are vital to the administration of justice, and I hope you fully appreciate your importance.  It is a tradition and a significant safeguard of our individual liberties that parties involved in criminal matters have a jury, chosen from their community, decide questions of fact and on that basis render a verdict.

**2.      ROLE OF THE JURY AND ROLE OF THE COURT**

I will now explain to you my role and your role.  As to the charges presented in this case, it is your duty to decide whether or not the guilt of each defendant has been proved beyond a reasonable doubt.  You must pass upon and decide the fact issues in the case.  I, as the Judge, do not find the facts.  Rather, you, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve any conflicts that there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  This is a very great responsibility that you must exercise with complete fairness and impartiality.  Your decision is to be based solely on the evidence or the lack of evidence.  It may not be influenced by bias, prejudice or sympathy.

My job is to instruct you on the law—that is, to explain to you the rules of law that govern your deliberations and to tell you what the questions are that you must answer in reaching your verdict.  It is your duty to accept the law as I state it to you in these instructions and to apply it to the facts as you decide them.

You must not substitute your concept of what the law should be for what I tell you that the law is.  Just as you alone find the facts, I alone determine the law, and you are duty bound to accept the law as I state it.  For this same reason, if any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should also not single out any instruction or any one word or phrase in an

7

instruction as alone stating the law, but you should consider my instructions as a whole.

Accordingly, you will find the facts in this case, but you will accept the law as I state it to you and apply that law to the facts as you find them.  The result of your work will be the verdict that you return.

In the course of these instructions, I will tell you some general principles about evidence and witnesses, I will explain the burden of proof that applies in this case, I will tell you the charges in the Indictment and explain the substantive law that applies to those charges, and finally, I will give you some concluding comments on your deliberations.

**3.**     **BIAS BASED ON PREJUDICE ABOUT THE DEFENDANT, THE GOVERNMENT AS A PARTY, OR CONDUCT OF COUNSEL**

I remind you that in reaching your verdict, you are to perform your duty of finding the facts without bias or prejudice as to any party.  You must remember that all parties stand as equals before a jury in the courts of the United States.  You must disregard any feelings you may have about each defendant's race, religion, national origin, sex or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex or age of any witness or anyone else involved in this case.  It would also be improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less consideration.  The Government and each defendant stand on equal footing before you.  Your verdict must be based solely on the evidence or the lack of evidence.

For the same reasons, the personalities and the conduct of counsel are not in any way in issue.  If you formed opinions of any kind as to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

4.       PRESUMPTION OF INNOCENCE

Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to the Indictment.

As a result of these pleas of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all the charges against her. I therefore instruct you that you are to presume that the defendant is innocent throughout your deliberations until such time, if ever, you, as a jury, are satisfied that the Government has proven her guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit the defendant unless you, as jurors, are unanimously convinced beyond a reasonable doubt of her guilt, after a careful and impartial consideration of all of the evidence in this case. If the Government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began and remains with her even now as I speak to you and will continue with the defendant into your deliberations unless and until you are convinced that the Government has proven her guilt beyond a reasonable doubt.

5.      **REASONABLE DOUBT**

I have said that the Government must prove the defendant's guilt beyond a reasonable doubt.  The question naturally is what is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And, it is not sympathy.

In a criminal case, the burden is, at all times, upon the Government to prove guilt beyond a reasonable doubt.  The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the Government's burden to prove each of the elements of the crime charged beyond a reasonable doubt.  If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt about the guilt of the defendant, it is your duty to acquit the defendant.  On the other hand, if, after fair and impartial consideration of all of the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

11

6.     **WHAT IS EVIDENCE?**

In determining the facts, you must rely upon your own recollection of the evidence. What is evidence?  Evidence consists primarily of the testimony of witnesses and the exhibits that have been received.  There are two types of evidence that you may properly use in deciding whether or not the defendant is guilty of the crime with which she is charged: direct evidence and circumstantial evidence.

One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard or observed.  In other words, when a witness testifies about a fact in issue which is known because of the witness's own knowledge—by virtue of what he or she sees, feels, touches or hears—that is called direct evidence of that fact.

The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.  There is a simple example of circumstantial evidence that is often used in this courthouse.  Assume that when you came into the courthouse this morning the sun was shining and it was a nice day outside. Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella that was dripping wet.  Then, somebody else walked in with a raincoat that also was dripping wet.

Now, you cannot look outside the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact.  But, on the combination of facts that I have

asked you to assume, it would be reasonable and logical for you to conclude that it has been raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

I have spoken to you of inferences to be drawn from the evidence. This is what the law means when it speaks of inferring one fact from another. An inference is the deduction or conclusion that reason and common sense prompt a reasonable mind to draw from facts that have been proven by the evidence. Not all logically possible conclusions are legitimate or fair inferences. Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in the case. Whether or not to draw a particular inference is, of course, a matter exclusively for you, as are all determinations of fact.

Many material facts, such as state of mind, are rarely susceptible to proof by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable inferences you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of that defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

### 7.     WHAT IS NOT EVIDENCE?

Some of what you have seen and heard during this trial is not evidence. I remind you that the Indictment is not evidence; it is only an accusation. It may not be used by you as evidence of the defendant's guilt.

The statements and arguments made by the lawyers are not evidence. Their arguments are intended to convince you what conclusions you should draw from the evidence or lack of evidence. You should weigh and evaluate the lawyers' arguments carefully. But you must not confuse them with the evidence. As to what the evidence was, it is your recollection that governs, not the statements of the lawyers.

In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. One exception to this is that you may not consider any answer that I directed you to disregard or that I ordered to be stricken from the record. You are not to consider such answers in any way.

You should draw no inference or conclusion for or against any party by reason of lawyers' objections or my rulings on such objections. Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate. You should not be swayed against the Government or the defendant simply because counsel for either side has chosen to make an objection.

Nothing I say is evidence. If I comment on the evidence during my instructions, do not accept my statements in place of your recollection. It is your recollection that governs. Also, do

not draw any inference from any of my rulings.  The rulings I have made during trial are not any indication of my views.  Indeed, I have no opinion as to the facts of this case, and you should not seek to find such an opinion in my rulings.

Further, do not concern yourself with what was said at sidebar conferences or during my discussions with counsel.  Those discussions related to rulings of law and not to matters of fact.

Finally, at times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up.  At times I may have questioned a witness myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought was unclear.  You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question or instruction of mine.  Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

**8.**     **EVIDENCE OBTAINED PURSUANT TO SEARCH**

You have heard testimony about evidence seized in connection with searches that were conducted by law enforcement officers.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.

Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

16

**9.**     **USE OF TEXT MESSAGES, EMAILS, AND RECORDINGS**

Text messages, emails, and recordings have been admitted into evidence.  I instruct you that this evidence was obtained in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions regarding the obtaining of such evidence, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved each defendant's guilt beyond a reasonable doubt. What weight you give these materials, if any, is completely within your discretion.

The Government has been permitted to hand out transcripts which it prepared containing the Government's understanding of what appears on the recordings which have been received in evidence.  The transcripts were given to you as an aid or guide to assist you in listening to the recordings.  However, they are not in and of themselves evidence.  You alone should make your own interpretation of what appears on the tapes based on what you heard.  If you think you heard something differently from how it appeared on a transcript, what you heard is controlling.

**10.**     **STIPULATIONS OF FACT AND TESTIMONY**

You have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

You have also heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

**11.**    **REDACTIONS**

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

19

**12.**    **CHARTS AND SUMMARIES – ADMITTED AS EVIDENCE**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

**13.**   **CHARTS AND SUMMARIES – NOT ADMITTED AS EVIDENCE**

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence.  At the time they were shown to you, I have noted this fact to you.  For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you may accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

**14.    WITNESS CREDIBILITY**

You have had the opportunity to observe all of the witnesses.  You must now consider whether the witnesses were both truthful and accurate.  A witness could believe that he or she was being truthful, yet be mistaken and not able to recall facts accurately.  Also, a witness could take the oath and still intentionally testify falsely.

I am going to give you a few general instructions as to how you go about determining whether witnesses are credible and reliable.  I told you at the beginning of trial that it was important for you to carefully listen to and observe the witnesses as they testified and to think about their testimony as they gave it.

You must now consider whether the witnesses told the truth and whether they knew what they were talking about.  How do you determine that?  It is really just a matter of your using your common sense, your good judgment and your experience.

First of all, consider how good an opportunity the witness had to observe or hear what he or she testified about.  The witness may be honest, but mistaken.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly, candidly?  Were the witness's answers direct or evasive?  Consider the witness's demeanor, his or her manner of testifying.  Consider the strength and accuracy of the witness's recollection.  Consider whether any outside factors may have affected a witness's ability to perceive events.  Consider the substance of the testimony.  Decide whether or not a witness was straightforward, or whether he or she attempted to conceal anything.  How does the witness's testimony compare with other

22

proof in the case?  Is it corroborated or is it contradicted by other evidence?

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of his or her testimony, if any, to believe.  In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake. You may also consider whether the inconsistency concerns an important fact or whether it had to do with a small detail, as well as whether the witness had an explanation for the inconsistency and if so, whether that explanation appealed to your common sense.

It is for you, the jury, and for you alone, not the lawyers, not any of the witnesses, and not me as the judge, to decide the credibility of witnesses who appeared here and the weight which their testimony deserves.[1]

---

[1] *See United States v. Solano*, 966 F.3d 184, 194-200 (2d Cir. 2020) (holding that general instruction regarding witnesses' interest in the outcome of a case potentially creating a motive to testify falsely was improper in case where defendant testified).

15.    **PREPARATION OF WITNESSES**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

16. **LAW ENFORCEMENT WITNESS**

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

17.    **EXPERT TESTIMONY**

[*If Applicable*]

In this case, I have permitted a witness to express his/her opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

**18.    COOPERATING WITNESS TESTIMONY**

You have heard the testimony of witnesses who have pleaded guilty to charges arising out of facts that are related to the issues in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of each defendant on trial from the fact that a prosecution witness pled guilty to a similar charge.  The decision of this witness to plead guilty was a personal decision that witness made about his/her own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

There is nothing improper in the Government's use of a cooperating witness. You should therefore not concern yourself with how you personally feel about the use of a Government cooperating witness. Your concern is to decide whether the Government has proven the guilt of each defendant beyond a reasonable doubt, regardless of whether evidence was obtained by use of a cooperating witness.  It is the law in federal courts that the testimony of such a witness may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

Where a cooperating witness testifies, that testimony should be examined with greater scrutiny than the testimony of an ordinary witness.  You should consider whether the cooperating witness received any benefits or promises from the Government or otherwise benefitted from his or her cooperation with the Government that would motivate the witness to testify falsely against the defendant.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

27

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.

You should ask yourselves whether these cooperating witnesses would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interest would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him or her to lie, or was it one which would cause him or her to tell the truth? Did the motivation color his or her testimony?

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you may still accept his or her testimony in other parts, or you may disregard all of it. That is a determination entirely for you, the jury.

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the cooperating witness.

**19.**     **PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED**

During the trial you have heard testimony of witnesses and argument by counsel that the Government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the Government has met its burden of proof because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether each defendant is guilty. However, you are also instructed that there is no legal requirement that the Government use any specific investigative technique to prove its case.  Law enforcement techniques are not your concern.  Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, each defendant's guilt has been proved beyond a reasonable doubt.

20.    OPINION OF DEFENDANT'S CHARACTER

[*If Applicable*]

The defendant has called a witness who has given an opinion of her good character.  This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit her of all the charges.

On the other hand, if after considering all the evidence including that of the defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe her to be a person of good character.

21.   **DEFENDANT'S TESTIMONY**

[*If Applicable*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify, and she was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any other witness.

22.   **DEFENDANT DID NOT TESTIFY**

[*If Applicable*]

The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has no obligation to testify.  You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against the defendant may be drawn by you because the defendant did not take the witness stand.[2]

---

[2] Adapted from the jury instructions given in *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. Jan. 2, 2022) (Tr. 1733).

**23.**     **PERSONS NOT ON TRIAL**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

24.  **Conscious Avoidance**

I am going to instruct you that the defendant must have acted knowingly in order to be convicted.  This is true with respect to the objects of the conspiracies charged in Counts One and Two.  In determining whether the defendant acted knowingly with respect to the objects of the conspiracy, you may consider whether the defendant closed her eyes to what otherwise would have been obvious to her.  That is what the phrase "conscious avoidance" refers to.

As I will explain, acts done knowingly must be a product of a person's conscious intention.  They cannot be the result of carelessness, negligence, or foolishness.  But a person may not intentionally remain ignorant of a fact that is material and important to her conduct in order to escape the consequences of criminal law.  We refer to this notion of intentionally blinding yourself to what is staring you in the face as conscious avoidance.

An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what the defendant knew.  Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

You must also keep in mind that there is an important difference between intentionally participating in the conspiracy, on the one hand, and knowing the specific object or objects of the

conspiracy, on the other.  You may consider conscious avoidance in deciding whether the defendant knew the objective or objectives of a conspiracy; that is, whether the defendant reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crimes charged as objects of that conspiracy and deliberately avoided confirming that fact but participated in the conspiracy anyway.  But conscious avoidance cannot be used as a substitute for finding that the defendant intentionally joined the conspiracy in first place. It is logically impossible for a defendant to intend and agree to join a conspiracy if she does not actually know it exists, and that is the distinction I am drawing.

In sum, if you find that the defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact.  However, if you find that the defendant actually believed the fact was not so, then you may not find that she acted knowingly with respect to that fact.  You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

## I.     THE INDICTMENT

**25.     INDICTMENT – OVERVIEW**

The defendant, JENNIFER SHAH, has been formally charged in what is called an Indictment.  An indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of the defendant's guilt.  It creates no presumption and it permits no inference that the defendant is guilty.  You are to give no weight to the fact that an indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

36

26.   **INDICTMENT – SUMMARY**

The Indictment contains two counts or "charges."

Count One of the Indictment charges that, from at least in or about 2012, up to and including in or about March 2021, the defendant conspired, that is, agreed, with at least one other person, to violate the federal statute that makes it unlawful to commit wire fraud.  As I will explain in more detail later, a conspiracy, such as the one charged in Count One, is a criminal agreement to violate the law.

Count Two of the Indictment charges that, from at least in or about 2012, up to and including in or about November 2019, the defendant conspired, that is, agreed, with at least one other person, to violate the federal statute that makes it unlawful to commit money laundering.

That is a summary of the two counts in the Indictment.  You must consider each count separately, and you must return a separate verdict of guilty or not guilty on each count.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

With that summary of the Indictment as background, I will now give you detailed instructions that relate to the crimes charged in Counts One and Two.

## II.      SUBSTANTIVE INSTRUCTIONS

**27.   CONSPIRACY GENERALLY**

Now, I'm going to begin by charging you on the law of conspiracy, and you will apply this instruction to the charges alleged in both Counts One and Two, which require proof of a conspiracy and the defendant's membership in that conspiracy, as described in more detail below.

A conspiracy is kind of a criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.  The crime of conspiracy, which simply means agreement to violate a federal law, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."  Indeed, you may find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes which were the objects of the conspiracy were never committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.

To sustain its burden of proof with respect to an allegation of conspiracy, the Government must prove beyond a reasonable doubt the following:

First, the existence of the conspiracy charged in the Indictment; that is, the existence of any agreement or understanding to commit the unlawful objects of each conspiracy.

Second, the Government must prove that the defendant willfully and knowingly became a

member of the conspiracy with intent to further its illegal purpose; that is, with the intent to commit an object of the charged conspiracy.

I'll separately discuss each of these elements.

**28.**   **EXISTENCE OF THE CONSPIRACY**

In order to show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

To satisfy this element of a conspiracy—namely, to show that the conspiracy existed— the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.

In determining whether such an agreement existed, you may consider direct as well as circumstantial evidence.  The old adage, "Actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of

disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken altogether and considered as whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof, such as evidence of an express agreement.  On this question, you should refer back to my earlier instructions on direct and circumstantial evidence and inferences.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in Counts One and/or Two of the Indictment.

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged existed, then you must next consider the second element: namely, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In order to satisfy the second element, the Government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent – that is, with a purpose to violate the law—and that she agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective.

41

### 29.    "WILLFULLY" AND "KNOWINGLY"

An act is done "knowingly" and "willfully" if it is done deliberately and purposely—that is, a defendant's actions must have been her conscious objective rather than a product of a mistake or accident, mere negligence, or some other innocent reason.

To satisfy its burden of proof that a defendant willfully and knowingly became a member of a conspiracy to accomplish an unlawful purpose, the Government must prove beyond a reasonable doubt that the defendant knew that she was a member of an operation or conspiracy to accomplish that unlawful purpose, and that her action of joining such an operation or conspiracy was not due to carelessness, negligence, or mistake.

Now, knowledge, of course, is a matter of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what she is thinking.

However, you do have before you the evidence of acts alleged to have taken place by or with the defendant or in her presence.  A defendant's knowledge is a matter of inference from the facts proven.  In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member of the conspiracy, nor need she have been apprised of all of their activities.  Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on her part.

The duration and extent of a defendant's participation in the conspiracies charged in Counts One and Two has no bearing on the issue of that defendant's guilt.  She need not have

joined the conspiracy at the outset.  She may have joined it at any time in its progress, and the defendant will still be held responsible for all that was done before she joined and all that was done during the conspiracy's existence while the defendant was still a member.  Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times.

Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make her a member of the conspiracy.  Similarly, a person may know, assemble with, or be friendly with, one or more members of a conspiracy, without being a conspirator himself.  I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  What is necessary is that a defendant must have participated with knowledge of at least some of the purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members.  So too, once a person is found to be a member of a conspiracy, she is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated herself from it.

43

If you find a conspiracy existed and that the defendant was a member, you may take into account against the defendant any acts or statements made during and in furtherance of the conspiracy by any of her coconspirators, even though such acts or statements were not made in the presence of the defendant or even if they were made without her knowledge.

In sum, in order to find a defendant guilty of conspiracy, you must find that the defendant, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. She thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

### III.  SUBSTANTIVE INSTRUCTIONS – COUNT ONE:  CONSPIRACY TO COMMIT WIRE FRAUD

**30.**    **COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – THE STATUTE AND ELEMENTS**

The defendant is charged in Count One with participating in a conspiracy to violate the federal statute that makes it unlawful to commit wire fraud.  Specifically, Count One charges that the defendant agreed with at least one other person to commit wire fraud by participating in a telemarketing fraud scheme that used fraudulent practices to convince victims to write checks or authorize credit card charges in order to invest in purported home-based businesses or purchase related products or services.

The elements of Count One are the elements I just described for conspiracy generally:

First, the existence of the conspiracy; that is, the existence of an agreement or understanding between two or more persons to commit the unlawful object of the charged conspiracy, which in this case is wire fraud.

Second, that the defendant willfully and knowingly became a member of the conspiracy, with intent to further its illegal purposes—that is, with the intent to commit the object of the charged conspiracy.

Now let us separately consider each of these elements for Count One.

**31.   COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – OBJECT OF THE CONSPIRACY**

The object of the conspiracy charged in Count One of the Indictment is wire fraud.  In order to prove that the defendant is guilty of the conspiracy offense charged in Count One, the Government must establish beyond a reasonable doubt that the defendant agreed with others to commit wire fraud.  The elements of wire fraud are:

First, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with the specific intent to defraud; and

Third, that the scheme was executed by using, or causing others to use, interstate or foreign wires.

If you find beyond a reasonable doubt that the defendant agreed with at least one other person that those things be done, then the wire fraud objective would be proved.

46

**32.    COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – OBJECT OF THE CONSPIRACY: EXISTENCE OF SCHEME OR ARTIFICE TO DEFRAUD**

The first element of wire fraud is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan for the accomplishment of an object.  "Fraud" is a general term.  It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.  It is a plan to deprive another of money or property by trick, deceit, deception, swindle, or overreaching.

In order to establish a scheme to defraud, the Government need not show that the defendant made a misrepresentation.  A scheme to defraud can exist even if the scheme did not progress to the point where misrepresentations would be made.  In addition, even if you find that the statements the Government contends were made or contemplated by the defendant in furtherance of the scheme were literally true, you can still find that the first element of the wire fraud statute has been satisfied if the statements and/or conduct of the defendant were deceptive. You may also find the existence of such a scheme if you find that the defendant knowingly and intentionally conducted herself in a manner that departed from traditional notions of fundamental

47

honesty and fair play in the general business life of society.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

A "pretense, representation, or statement" is fraudulent if it was made falsely and with intent to deceive. A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The false or fraudulent representation or concealment must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts.

In order to satisfy this first element, the Government must also prove that the alleged scheme contemplated depriving another of money or property. It is not necessary for the Government to establish that the defendant actually realized any gain from the scheme or that any particular person actually suffered any loss as a consequence of the fraudulent scheme. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

**33.** **COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – OBJECT OF THE CONSPIRACY: KNOWING PARTICIPATION IN SCHEME WITH INTENT TO DEFRAUD**

The second element of wire fraud is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participated in or have knowledge of all of the operations of the scheme. The guilt of a defendant is not governed by the extent of her participation.

It also is not necessary that a defendant participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have

49

been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if a defendant participated in the scheme to a lesser degree than others, she is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

A defendant acted with specific intent to defraud if she engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim. The Government need not prove that the intended victims were actually harmed; only that such harm was contemplated. Actors are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.

The question of whether a person acted knowingly, willfully, and with specific intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. As I explained before, direct proof of knowledge, willfulness, and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or

logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

At this point, let me advise you that since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of wire fraud. A defendant has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

**34.   COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – OBJECT OF THE CONSPIRACY: USE OF INTERSTATE WIRES**

Now, the third and final element of wire fraud is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a wire transfer of funds, telephone call, text message, or email between New York and another state, such as New Jersey, California, or a territory, such as the U.S. Virgin Islands, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.  In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant herself must have specifically authorized others to execute a wire communication.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then she causes the wires to be used.  This wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

The use of the wire need not itself be fraudulent.  Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money.

52

It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

If you find beyond a reasonable doubt that the defendant agreed with others to commit the offense of wire fraud as I've just defined it for you, you should convict the defendant on Count One.

**35. COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD – SPECIAL INTERROGATORIES**

If you convict the defendant on Count One, there are two more things you need to decide. First, you must also determine whether the Government has proven beyond a reasonable doubt that the scheme charged in Count One was in connection with the conduct of telemarketing. If you find by unanimous agreement that the Government has proven beyond a reasonable doubt that the scheme was in connection with the conduct of telemarketing, then please indicate this finding by checking that line on the verdict form.

Second, if you find that the scheme charged in Count One was in connection with telemarketing, then you must also determine whether the Government has proven beyond a reasonable doubt that the scheme charged in Count One victimized ten or more persons over the age of 55. If you find by unanimous agreement that the Government has proven beyond a reasonable doubt that the scheme victimized ten or more persons over the age of 55, then please indicate this finding by checking that line on the verdict form.

For the purposes of these two questions, "telemarketing" means a plan, program, promotion, or campaign that is conducted to induce the purchase of goods or services; participation in a contest or sweepstakes; or a charitable contribution, donation, or gift of money or any other thing of value, by use of one or more interstate telephone calls initiated either by a person who is conducting the plan, program, promotion, or campaign or by a prospective

purchaser or contest or sweepstakes participant or charitable contributor, or donor. [3]

---

[3] Adapted from 2 *Modern Federal Jury Instructions-Criminal* ¶ 39A.09 (2021); S2 *Modern Federal Jury Instructions-Criminal*, 10.02 (2021); S2 *Modern Federal Jury Instructions-Criminal* 14.07A (2021); S3 *Modern Federal Jury Instructions-Criminal* 51 (2021); *see also* 18 U.S.C. §§ 2325, 2326(1), and 2326(2)(A).

## IV.  SUBSTANTIVE INSTRUCTIONS – COUNT TWO:  CONSPIRACY TO COMMIT MONEY LAUNDERING

**36.**    **COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – ELEMENTS**

Count Two of the Indictment charges the defendant with conspiracy to engage in money laundering.  To prove a defendant guilty of the conspiracy charged in Count Two, the Government must prove beyond a reasonable doubt each of the same two elements I just described with respect to Count One:

First, the existence of the conspiracy; that is, the existence of an agreement or understanding to commit the unlawful object of the charged conspiracy, which in this case is money laundering;

Second, that the defendant willfully and knowingly became a member of the conspiracy, with the intent to further its illegal purposes—that is, with the intent to commit the object of the charged conspiracy.

56

**37.** **COUNT TWO:  CONSPIRACY TO COMMIT MONEY LAUNDERING – FIRST AND SECOND ELEMENTS: EXISTENCE OF THE CONSPIRACY AND KNOWING MEMBERSHIP IN THE CONSPIRACY**

The instructions I provided earlier about what it means to have an unlawful agreement and what it means to knowingly enter into that agreement similarly apply to Count Two.  Keep in mind, you may find a defendant guilty of the crime of conspiring to commit money laundering even if the substantive crime of money laundering was not actually committed.  Conspiracy is a crime, even if the conspiracy is not successful, or if a defendant herself did not commit the substantive crime.

**38.**   **COUNT TWO:  CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT OF THE CONSPIRACY**

Now I will explain the requirement of the conspiracy alleged in Count Two that differs from the conspiracy alleged in Count One—the object of the conspiracy.  Count Two of the Indictment alleges three separate objects.  First, Count Two alleges that the defendant agreed to commit money laundering by engaging in financial transactions that involve the proceeds of the wire fraud, namely the telemarketing fraud, knowing that the property was proceeds of unlawful activity, in order to conceal and disguise the nature, location, source, ownership and control of the proceeds of the telemarketing fraud.  Second, Count Two alleges that the defendant agreed to commit money laundering by engaging in cash transactions or wire transfers that involve the proceeds of the telemarketing fraud, knowing that the property was proceeds of unlawful activity, with knowledge that the transactions were designed to avoid a transaction reporting requirement under state or federal law.  Third, Count Two alleges that the defendant agreed to commit money laundering by engaging in monetary transactions greater than $10,000 involving the proceeds of the telemarketing fraud.

I am going to define the relevant terms for you in a minute.  Right now I just want to emphasize that the government needs to prove that each defendant agreed with others to achieve one of these three alleged objects in order to convict that defendant on Count Two.  The Government may but it is not obliged to prove that the defendant agreed with others to achieve all three alleged objects.

Here, there are three alleged objects of this conspiracy, assuming all the other elements of

the offense are proved.

There are two lines for Count Two for you to fill in on the verdict form. The first line asks whether the defendant is guilty of the first or second objects of the conspiracy, or both. In order to find the defendant guilty of Count Two for the first or second objects of the conspiracy, there must be unanimous agreement on at least one object of those two objects. But, for example, if six of you agree on object number one and the other six disagree, and six of you agree on object number two and the other six of you disagree, there is no object on the first line of Count Two as to which all 12 of you are in agreement and you may not convict on that line.

The second line for Count Two for you to fill in on the verdict form asks whether the defendant is guilty of the third object of the conspiracy. In order to find the defendant guilty of Count Two for the third object of the conspiracy, there must be unanimous agreement on that object.

If the government fails to prove that any the of the three objects was a goal of any conspiracy you find to have existed, then you must find the defendant not guilty on Count Two.

**39.**   **COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – ELEMENTS**

The first object of Count Two is what is called concealment money laundering.  In order to prove the first object of Count Two, the Government must prove beyond a reasonable doubt that the conspirators agreed to accomplish money laundering by: (1) engaging in financial transactions, (2) involving the proceeds of specified unlawful activity, (3) which the conspirators knew were crime proceeds, and (4) that the conspirators did so knowing that the transaction was designed in whole or in part to disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity. I will discuss each element in detail.[4]

---

[4] Adapted from the jury instructions given in *United States v. Adelekan and Omotayo*, 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 880-81).

**40.    COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – FIRST ELEMENT: "FINANCIAL TRANSACTION"**

In order to prove the first object of Count Two, the Government must prove beyond a reasonable doubt that two or more persons knowingly agreed to conduct a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

61

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.  Thus, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well.  Or, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

**41.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – SECOND ELEMENT: "SPECIFIED UNLAWFUL ACTIVITY"**

The second element that the Government must prove beyond a reasonable doubt is that the property involved in the agreed upon financial transaction was the proceeds of some form of specified unlawful activity, namely, the telemarketing fraud.  The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute.  In this case, the Government has alleged that the funds in question were the proceeds of wire fraud, specifically the telemarketing fraud.  I instruct you that, as a matter of law, wire fraud falls within the definition of a "specified unlawful activity."  However, it is for you to determine—based on the law as I have instructed you—whether wire fraud was committed, and whether the funds in question were the proceeds of that alleged unlawful activity.  It is also not necessary that the defendant herself committed the crime or unlawful activity giving rise to the proceeds.  Put another way, you need not find that the defendant committed the underlying wire fraud in order to find her guilty of the money laundering conspiracy.

**42.** **COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – THIRD ELEMENT: KNOWLEDGE THAT PROPERTY WAS PROCEEDS OF UNLAWFUL ACTIVITY**

The third element that the Government must prove beyond a reasonable doubt is that the conspirators agreed to engage in these financial transactions with knowledge that the transaction or transactions involved the proceeds of some form, though not necessarily which form, of unlawful activity that constitutes a felony under state, federal, or foreign law. The Government does not have to prove that the defendant knew the precise nature of that criminal offense, or that the defendant knew that the property involved in the transaction represented the proceeds of any particular "specified unlawful activity" as defined by the statute, such as wire fraud. The Government only has to prove that the defendant knew that the transaction involved the proceeds of some criminal offense.

64

**43.**   **COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT ONE: CONCEALMENT MONEY LAUNDERING – FOURTH ELEMENT: TRANSACTIONS DESIGNED TO CONCEAL THE NATURE, LOCATION, SOURCE, OWNERSHIP, OR CONTROL OF THE PROCEEDS**

The fourth element that the Government must prove beyond a reasonable doubt is that the conspirators agreed to engage in these financial transactions with the knowledge that the transactions were designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.[5]   You are entitled to find from the circumstances surrounding the financial transactions or attempted financial transactions the purpose of that activity and the defendant's knowledge and intent.

---

[5] Adapted from the jury instructions given in *United States v. Adelekan and Omotayo*, 19 Cr. 291 (LAP) (S.D.N.Y. Oct. 26, 2021) (Tr. 884).

**44.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT TWO: STRUCTURING MONEY LAUNDERING – ELEMENTS**

The second object of Count Two is what is called structuring money laundering.  In order to prove the second object of Count Two, the Government must prove beyond a reasonable doubt that the conspirators agreed to accomplish money laundering by: (1) engaging in financial transactions, (2) involving the proceeds of specified unlawful activity, (3) which the conspirators knew were crime proceeds, and (4) that the conspirators did so knowing that the transaction was designed in whole or in part either to avoid a transaction reporting requirement under state or federal law.  The first three elements are the same as the first object of Count Two, on which I have already instructed you, and you should apply those instructions for this object of Count Two as well.  The fourth element is different and I will now discuss it in detail.[6]

---

[6] Adapted from 3 *Modern Federal Jury Instructions-Criminal* ¶ 50A.02 (2021).

**45.** **COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT TWO: STRUCTURING MONEY LAUNDERING – FOURTH ELEMENT: AVOID A TRANSACTION REPORTING REQUIREMENT UNDER STATE OR FEDERAL LAW**

The fourth element that the Government must prove beyond a reasonable doubt is that the conspirators agreed to engage in these financial transactions with the knowledge that the transactions were designed to avoid a transaction reporting requirement under federal or state law, in this case the Currency Transaction Report, or "CTR" reporting requirement of federal law.[7] The purpose of CTRs is to safeguard the financial industry from threats posed by money laundering and other financial crime, and CTRs are designed to be used by law enforcement authorities in criminal, tax, or regulatory investigations or proceedings.[8]

Specifically, you are instructed that Title 31, United State Code, Section 5313, and its implementing regulations, provide in pertinent part that financial institutions shall file a CTR for each deposit, withdrawal, exchange of currency, or other payment or transfer by, through, or to such financial institution which involves a transaction in currency of more than $10,000. Multiple currency transactions are treated as a single transaction if the financial institution has knowledge that they are by or on behalf of any person and result in either cash in or cash out totaling more than $10,000 during any one business day. A financial institution includes all of its domestic branch offices for purposes of this requirement.[9]

---

[7] Adapted from 3 *Modern Federal Jury Instructions-Criminal* ¶ 50A.02 (2021).
[8] *See United States v. Taylor*, 816 F.3d 12, 20 n.7 (2d Cir. 2016); *United States v. Nersesian*, 824 F.2d 1294, 1312 (2d Cir. 1987).
[9] *See* 31 C.F.R. §§ 1010.100(xx) & 1010.313.

For every transaction that requires a CTR, the financial institution must verify and record the name and address of the individual presenting the transaction, as well as record the identity, account number, and social security number or tax identification number, if any, of any person or entity on whose behalf such a transaction is to be effected.[10]

You are entitled to find from the circumstances surrounding the financial transactions or attempted financial transactions the purpose of that activity and the defendant's knowledge and intent.

---

[10] *See* 31 C.F.R. § 1010.312.

**46.    COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – MONETARY TRANSACTION OVER $10,000 IN PROPERTY DERIVED FROM A SPECIFIED UNLAWFUL ACTIVITY – ELEMENTS**

The third object of Count Two of the Indictment charges the defendant with conspiring to engage in monetary transactions over $10,000 in property derived from specified unlawful activity.  For you to find the defendant agreed to commit money laundering, with the third object of Count Two, you must find that the defendant agreed:

First, to engage in a monetary transaction in or affecting interstate commerce.

Second, that the monetary transaction involved criminally derived property of a value greater than $10,000.

Third, that the property was derived from specified unlawful activity.

Fourth, that the defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense.

Fifth, that the transaction took place in the United States.

I remind you that you need not find the defendant had agreed to achieve all three objectives of Count Two in order to convict the defendant.  It is sufficient if you are unanimous that she agreed with others to achieve one of the unlawful objectives.

69

**47.** **COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – FIRST ELEMENT: ENGAGING IN A MONETARY TRANSACTION**

The first element which the government must prove beyond a reasonable doubt is that the defendant agreed to engage in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal.  As I explained earlier, this effect on interstate commerce can be established in several ways.  Thus, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well.  Or, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

**48.   COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – SECOND ELEMENT: TRANSACTION INVOLVED CRIMINALLY DERIVED PROPERTY**

The second element which the government must prove beyond a reasonable doubt is that the defendant agreed to engage in monetary transactions involving criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.  The term "proceeds" has the same meaning I provided previously with respect to the first object of the conspiracy.

The government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the government must prove that more than $10,000 of the property involved was criminally derived property.

**49.**   **COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – THIRD ELEMENT: PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY**

The third element that the Government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the agreed upon financial transaction or transactions was the proceeds of some form of unlawful activity.

The term "specified unlawful activity" has the same meaning I provided previously with respect to the first object of the conspiracy.  To satisfy this element, the Government must prove that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law.  I instruct you as a matter of law that wire fraud is both a criminal offense and specified unlawful activity.

**50.    COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – FOURTH ELEMENT: KNOWLEDGE**

The fourth element which the government must prove beyond a reasonable doubt is that the defendant agreed to engage in these financial transactions with knowledge that the transaction or transactions involved property derived from a criminal offense.

I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived.  However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

**51.    COUNT TWO: CONSPIRACY TO COMMIT MONEY LAUNDERING – OBJECT THREE: 1957 MONEY LAUNDERING – FIFTH ELEMENT: TRANSACTION TOOK PLACE IN THE UNITED STATES**

The fifth element which the government must prove beyond a reasonable doubt is that the agreed upon transaction took place in the United States.

## V.        OTHER GENERAL CHARGES

**52.    VENUE**

In addition to the foregoing elements of the offenses, you must consider whether the crimes charged, or any act in furtherance of the crimes charged, occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, Westchester, Rockland, Putnam, Sullivan, Orange, and Dutchess Counties.

I should note that on this issue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York. Thus, with respect to each Count, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged, or any act in furtherance of the crime charged, occurred within the Southern District of New York.

I also note that the defendant need not be the individual who committed or caused the act in furtherance of the conspiracy, and the act may have been committed by a co-conspirator even if the co-conspirator is not the defendant in this trial.

If you find that the Government has failed to prove this venue requirement, then you must acquit the defendant of the charge.

75

**53.**    VARIANCE IN DATES OR AMOUNTS

The indictment alleges that certain acts occurred on or about a specific date.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates and amounts alleged in the indictment and the dates and amounts established by the evidence.

# VI.    CONCLUDING INSTRUCTIONS

That almost completes my instructions.  I will close briefly with final directions as to how you are to arrive at your verdict.

The evidence presented has raised factual issues that you must decide as trier of the facts and you must resolve those issues solely on the basis of the evidence you have heard or the lack of evidence and my instructions on the law.  Your sworn duty is to determine whether the defendant is guilty or not guilty solely on the basis of the evidence or lack of evidence and my instructions on the law.

Again I remind you, you must not be influenced by sympathy or by any assumption, conjecture or inference stemming from personal feelings, the nature of the charges or your view of the relative seriousness or lack of seriousness of the alleged crime.

I caution you that under your oath as jurors you are not to consider the punishment that may be imposed upon the defendant if she is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively upon me.  Your function is to weigh the evidence in the case and to determine the guilt or non-guilt of the defendant solely upon the evidence and the law which I have given to you and which you must apply.

Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to discuss the evidence.  If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your

original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience.  However, you are not to give up a point of view that you conscientiously believe in simply because you are outnumbered or outweighed.  You should vote with the others only if you are convinced on the evidence and the facts and the law that is the correct way to decide the case.

We have made a record of these proceedings.  If any of you wish at any time to have any part of the testimony read back, then simply have the foreperson send me a note, dated and with the time, to that effect, and we will comply with your request as quickly as we can.  I am not suggesting that you must or should do this.  I am simply saying that it is a service we can make available to you.  It would be helpful in the case of such a request if your note is as precise as possible so that we can know exactly what it is that you need.  It does take time for the court reporter to find testimony in the transcript.  Therefore, please be patient if you send a note and there seems to be a delay in our response to you.  Finally, if you do send me any notes, however, please make sure you do not give any indication of your present state of thinking on any disputed issue; particularly, you must not inform me of your vote count on any issue.  The foreperson should sign any notes that you send to me.

In the course of your deliberations, you have the right to review any of the exhibits that have been received in evidence.  If you wish to see any of these exhibits, simply have your foreperson send me a note requesting the exhibits you wish to see.  Again, however, I stress that no note should give me any indication of your thinking on any disputed issue or on your verdict.

78

Your verdict will and must be announced only in open court at the end of your deliberations.  Your verdict must be by a unanimous vote of all of you.

Finally, when you reach a verdict, all of you should sign the verdict sheet and then send me a note stating that you have reached a verdict.  Do not specify what the verdict is in the note. Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.  I remind you that your verdict must be unanimous.

* * * * *

Attorneys, are there any additional instructions you seek?

* * * * *

Members of the jury, you may now retire to deliberate.

Dated: New York, New York
       February 15, 2022

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

                    By:   _Robert B. Sobelman_____
                              Kiersten A. Fletcher
                              Robert B. Sobelman
                              Sheb Swett
                              Assistant United States Attorneys
                              (212) 637-2238/2616/6522