

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 16, 2022

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Jennifer Shah*, S4 19 Cr. 833 (SHS)

Dear Judge Stein:

  The Government respectfully submits this letter to object to three of the questions listed in the defendant's proposed examination of prospective jurors, filed on February 15, 2022 (Dkt. No. 454).[1]

  Question #16

  In Question #16, the premise of the defendant's question is as follows: "The government in this case alleges that the defendants targeted older people as part of their fraud." This contains at least two flaws. First, the defendant seeks inappropriately to raise the Government's burden. The Government alleged in the Superseding Indictment that the defendant participated in a conspiracy to commit wire fraud in connection with telemarketing and that victimized 10 or more persons over the age of 55, in violation of 18 U.S.C. §§ 1349, 2326(1), and 2326(2)(A). (Superseding Indictment ¶ 7 (Dkt. No. 186); *see also* Gov't Requests to Charge, Request No. 35 (Dkt. No. 458).) The Superseding Indictment does not, as the defendant suggests, allege that the defendant "targeted older people as part of their fraud." The defendant seems to reference a penalty enhancement that is provided for under the law, *see* 18 U.S.C. § 2326(2)(B) (enhanced penalty if offense "targeted persons over the age of 55"), but has not been charged in this case. Second, there is only one "defendant" on trial and therefore "defendants" should be singular, not plural. In addition, the question that follows the defendant's premise is likely to be subsumed by broader inquiries about a potential juror's victimization by crime, and is therefore unnecessary.

---

[1] The Government does not agree that all of the other 36 questions suggested by the defendant are necessarily appropriate or properly framed, but the Government seeks to focus the Court's attention on the three questions that are most problematic.

Questions #17 and 18

In Questions #17 and 18, the defendant proposes that the Court inappropriately educate potential jurors regarding (1) the defendant's family's national origin, (2) her prior religious beliefs, (3) her current religious beliefs, and (4) her apparent conversion from one religion to another. This is entirely improper. The Government does not anticipate there being any evidence or argument at trial regarding any of these facts, nor should the Court permit any such evidence or argument. To be clear, the Government does not intend to introduce any evidence or make any arguments regarding the defendant's family's national origin, her prior or current religious beliefs, or her conversion from one religion to another, because, among other reasons, there is no conceivable relevance of any of these facts to the issues at trial and, even if there were, any such relevance would be far outweighed by the danger of unfair prejudice and misleading the jury. *See* Fed. R. Evid. 403. Accordingly, to the extent these proposed questions signal the defendant's intent to adduce evidence of such facts or make arguments concerning the defendant's family's national origin or her religious beliefs, this Court should preclude the defendant from doing so. (*See* Gov't Mot. *In Limine* 19-20 (Dkt. No. 456); *cf.* Fed. R. Evid. 610 ("Evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility.").)

\* \* \*

For the foregoing reasons, the Court should decline to include the aforementioned questions in its examination of jurors.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: *Robert B. Sobelman*
Kiersten A. Fletcher
Robert B. Sobelman
Sheb Swett
Assistant United States Attorneys
(212) 637-2238 / 2616 / 6522

Cc: Priya Chaudhry, Esq. (by ECF)
    Beth M. Farber, Esq. (by ECF)
    Seth J. Zuckerman, Esq. (by ECF)
    Shaelyn Gambino-Morrison, Esq. (by ECF)