UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JENNIFER SHAH,<br><br>      *Defendant*. | S5 19 Cr. 833 (SHS) |

**MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH DEFENDANT'S RULE 17(C) SUBPOENA TO NON-PARTY ATTORNEY SAMIDH GUHA**

Samidh Guha
Joshua Perry
Perry Guha LLP
1740 Broadway, 15th Floor
New York, NY 10019
Phone: 212-399-8350
Fax: 212-399-8331
sguha@perryguha.com
jperry@perryguha.com

**PRELIMINARY STATEMENT**

This is a motion to quash Defendant Jennifer Shah's subpoena (the "Subpoena") directed to undersigned counsel, a non-party attorney who represents one of Shah's co-defendants. The Subpoena is both unreasonable and oppressive.[1]

The Subpoena, which is ostensibly being pursued under the authority of Federal Rule of Criminal Procedure 17, targets information related to undersigned counsel's client Kevin Handren in his capacity as a potential trial witness. In doing so, the Subpoena improperly seeks production of (1) information protected by the attorney work product privilege; and (2) non-evidentiary and inadmissible material that should properly be sought from the government through discovery. Moreover, to the extent it does seek otherwise discoverable information (which it does not), the Subpoena lacks the requisite specificity to be valid.

The Subpoena in context marks an ill-conceived effort by Ms. Shah to bypass well-settled law in the District and secure additional impeachment discovery regarding Mr. Handren in anticipation of trial. Ms. Shah is entitled to receive disclosures about government witnesses pursuant to a pre-trial schedule that may already be in place. Should she seek relief from any such schedule, she should pursue it through the proper channels, not by the subpoena process.

The Subpoena should be quashed for the reasons set forth in more detail below.

**FACTUAL BACKGROUND**

Ms. Shah is a charged defendant in this matter, alleged to have committed violations of

---

[1] As noted *infra,* Ms. Shah directed identical subpoenas to counsel for a number of her co-defendants. The following counsel received the subpoenas and join in this motion to quash: (1) Charles Clayman and Thomas Rotko of Clayman, Rosenberg, Kirshner & Linder LLP, counsel for Jason Sager; (2) Frederick Sosinsky, counsel for Anthony Cheedie; (3) John Lynch, counsel for Joseph Chirico; (4) Michael Sporn, counsel for Joseph Minetto; and (5) Eric Kleiner, counsel for Ryan Hult. These counsel will file letters with the Court confirming their joinder in this motion. Should the Court prefer independent motions to quash from each subpoena recipient, these lawyers are prepared to file such a motion on whatever schedule the Court deems appropriate and ask that such motion be accepted *nunc pro tunc* with respect to the return dates on their respective subpoenas.

federal law.  The docket reflects that Ms. Shah is scheduled to stand trial beginning on March 22, 2022.

Undersigned counsel represents Kevin Handren, who has been charged in the above-captioned matter.  On March 24, 2021, Mr. Handren entered guilty pleas to several charges.  His sentencing is set for April 28, 2022.  It is possible that Mr. Handren may be called as a witness in Ms. Shah's trial.

On or about February 8, 2022, counsel for Ms. Shah sent a process server to the offices of undersigned counsel presumably to serve the Subpoena.  While surprised, we immediately contacted Ms. Shah's counsel and agreed to accept service via email of the Subpoena as a professional courtesy.  The Subpoena, demands production of:

> 1. All documents and communications between You and any member of the United States Attorney's Office concerning this Matter.
>
> 2. All documents and communications between You and any law enforcement agent concerning this Matter.
>
> 3. All attorney notes or other documents prepared by You from each Proffer Session attended by Kevin Handren in connection with this Matter.

Ms. Shah unilaterally selected a return date for the Subpoena on February 22, 2022, as indicated on the Subpoena.  Undersigned counsel spoke with counsel for Ms. Shah to discuss concerns about the appropriateness of the Subpoena, and was advised that she would seek enforcement of Subpoena absent compliance by the return date.

After our receipt of the Subpoena, we learned that several other lawyers who represent potential trial witnesses in this matter were contemporaneously approached by process servers at Ms. Shah's direction.  Each of these lawyers are  now in receipt of subpoenas directed at them as counsel for their clients, seeking verbatim the information requested of undersigned consel in the Subpoena with respect to their clients and setting a return date of February 22, 2022.  Undersigned

counsel has conferred with those lawyers about the appropriateness of Ms. Shah's subpoena requests, without discussing any confidential and/or privileged information concerning clients. In the interest of efficiency and hopefully to lessen the burden on the Court, we agreed to this motion to quash on behalf of Mr. Handren and the other counsel, who join and adopt this Motion as their own.

## ARGUMENT

The Subpoena issued by Ms. Shah is a transparent effort both to intrude on attorney work product and impose unwarranted burden on potential trial witnesses in advance of trial. Moreover, as Ms. Shah's counsel – sophisticated and experienced criminal defense practitioners in this District – is well aware, the Subpoena constitutes a premature and invalid end-run of the standard disclosures ordered by the Court of the government. It should be quashed.

### Legal Standard

Under Federal Rule of Criminal Procedure 17(c)(2), the statute invoked by Ms. Shah for the Subpoena, Ms. Shah bears the burden of showing that "the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *United States v. Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014). A defendant may only obtain evidence through a Rule 17 subpoena if she can clear three "hurdles" – namely, by meeting her burden to establish "(1) relevance; (2) admissibility; [and,] (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974)

A defendant issuing a Rule 17 subpoena for attorney work product faces an even greater burden. The highly sensitive and critical safeguards of work product for any client, let alone a criminal defendant, warrant vigilant protection from any improper intrusion. The Second Circuit has stated that "[i]n a criminal case, except for scientific or medical reports… documents made by

3

a defendant's attorneys … in connection with the case are not discoverable." *In re Grand Jury Subpoenas*, 959 F.2d 1158, 1166 (2d Cir.1992). But even if disclosure is permitted under some very narrow or fact-specific circumstance, "at a minimum" the party issuing the subpoena must make "an adequate showing of substantial need for the document and an inability to obtain its contents elsewhere without undue hardship." *United States v. Arias*, 373 F. Supp. 2d 311, 312–13 (S.D.N.Y. 2005) (citing *United States v. Adlman*, 134 F.3d 1194, 1202-03 (2d Cir. 1998)).

Ms. Shah cannot carry her heavy burden justifying the Subpoena that she has propounded here. *First*, she seeks core attorney work product and cannot show either substantial need or inability to obtain the content elsewhere. *Second,* she seeks non-evidentiary and inadmissible material. Ms. Shah may speculate that some of the material she seeks may be useful for impeachment, but impeachment material is not available through a Rule 17 subpoena. Witness statements are unavailable through Rule 17 subpoenas and in any event, such material would be inadmissible double-hearsay. *Third*, she seeks broad categories of materials with insufficient specificity. *Fourth*, any materials that she seeks regarding representations or statements made by or to the government or law enforcement can and must be obtained through discovery from the government.

**I.      The Subpoena Improperly Seeks Protected Work Product**

As noted above, Mr. Handren, like the clients for the other subpoenaed counsel who join this motion, was a charged criminal defendant who may be called upon to testify at Ms. Shah's upcoming trial. The Subpoena seeks "[a]ll attorney notes or other documents prepared by You [counsel for Mr. Handren] from each Proffer Session [with the government] attended by Kevin Handren in connection with this Matter."

4

Notes by counsel during proffer sessions with the government are privileged as core attorney work product under Fed. R. Civ. P. 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947), because they are necessarily prepared in anticipation of litigation and reflect attorneys' opinions and mental impressions. *See Adlman*, 134 F.3d at 1195 (material is attorney work product if it was "created because of anticipated litigation, and would not have been prepared in substantially similar form but for the prospect of that litigation…"); *Upjohn Co. v. United States,* 449 U.S. 383, 397-98 (1981) ("An attorney's protected thought processes include preparing legal theories, planning litigation strategies and trial tactics, and sifting through information."). Multiple courts in this district have protected such notes against disclosure pursuant to a Rule 17 subpoena. *United States v. Arias*, 373 F. Supp. 2d 311 (S.D.N.Y. 2005) (quashing subpoena for attorney notes of government meetings); *United States v. Jacques Dessange, Inc.*, 99-CR-1182, 2000 WL 310345, at * 3 (S.D.N.Y. Mar. 27, 2000) (finding that an attorney's notes during their client's meetings with the government are "opinion work product and deserve special protection beyond that accorded to factual material.").

The Second Circuit has suggested that interview notes by counsel for a criminal defendant – like the proffer session notes sought here – are not discoverable. *In re Grand Jury Subpoenas*, 959 F.2d 1158, 1166 (2d Cir.1992) ("In a criminal case, except for scientific or medical reports… documents made by a defendant's attorneys … in connection with the case are not discoverable."). But even if the work product privilege could hypothetically be pierced under unusual circumstances, there can be no showing of "substantial need" here to justify disclosure. *Arias*, 373 F. Supp. 2d at 312–13.

Speculation that the notes could contain impeachment material cannot help Shah carry her burden. In *Arias*, then-District Court Judge Lynch held that a defendant's desire for impeachment

5

material is "adequately met by the requirements of 18 U.S.C. § 3500 that the [g]overnment turn over all of its records of the witness's statements." 373 F. Supp. 2d at 313. Meanwhile, "the possibility of fuller disclosure [through subpoenaed material] is outweighed by the risk of invading defense counsel's thoughts and strategies." *Id*. The same is true here.  The Subpoena must be quashed with respect to this request because Ms. Shah does not need counsel's notes. She can and will get any relevant and admissible material with respect to any proffer sessions held from the government itself. *See also United States v. James*, 02-0778, 2007 WL 1579980, at *2 (E.D.N.Y. May 31, 2007) (holding that the "desire alone" for impeachment "is an insufficient ground for compelled disclosure of this kind of privileged material.") (quoting *Dessange*, 2000 WL 310345, at *3).

To the extent that Ms. Shah deems any production by the government insufficient and assuming she has a good faith basis for believing so, she may press for additional production from the government at the appropriate time.  If Ms. Shah seeks earlier production of these materials, her recourse is to request reconsideration of the Court's scheduling order, not to bypass such standard process through this Subpoena.

**II.    The Subpoena Improperly Seeks Inadmissible and Irrelevant Material**

Independent of the impropriety of seeking privileged work product information in connection with Mr. Handren's proffer sessions, the Subpoena should be quashed because notes of any such proffer sessions would consist of double-hearsay material that is neither admissible nor evidentiary for Rule 17 purposes.

Under *Nixon*, a defendant issuing a Rule 17 subpoena must show that she seeks relevant and admissible evidence, *see* 418 U.S. at 700,  and that the requested information sought is both relevant and admissible "at the time of the attempted procurement." *United States v. RW Prof'l*

*Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y. 2005). "The fact that [subpoenaed materials] are *potentially* relevant or *may be* admissible is not sufficient." *Id.* (emphasis supplied); *see also, Nixon,* 418 U.S. 683 at 699-700 (the proponent of a subpoena carries the burden of showing "that the application… is not intended as a general 'fishing expedition'"); *United States v. Marchisio*, 344 F.2d 653, 669 (2d Cir. 1965) ("Unlike the rule in civil actions, a subpoena duces tecum in a criminal action is not intended for the purpose of discovery; the document sought must at that time meet the tests of relevancy and admissibility."); *United States v. Cherry*, 876 F. Supp. 547 (S.D.N.Y. 1995) (contrasting civil and criminal subpoena rules).

Ms. Shah has not articulated a rationale as to why the information she seeks is relevant or admissible. As to the question of relevance, her "one size fits all" approach in issuing identical subpoenas to counsel for each potential testifying witness makes clear that there is no specific theory of admissibility or relevance as opposed to a general quest for more information at an earlier date than may otherwise be had.

As to the question of admissibility, her quest for attorney notes of proffer sessions also fails. To the extent the Subpoena is trying to reveal a witness statement, it is improper under the plain language of Rule 17. *See* Fed. R. Crim. P. 17(h) ("No person may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement."). Since Ms. Shah cannot seek a witness statement directly through Rule 17, she instead seek through the Subpoena counsel's interpretation or summary of witness statements. But counsel's notes about Mr. Handren's statements would be inadmissible as double-hearsay. *See United States v. Weissman*, 01-CR-529, 2002 WL 31875410, at *2 (S.D.N.Y. Dec. 26, 2002) ("[W]hile a prior inconsistent statement of a witness may be admitted to impeach a witness's testimony, Kramer Levin – not the witness – prepared the interview notes. '[A] third party's

7

characterization of a witness's statement does not constitute a prior statement unless that witness subscribed to that characterization."'").

To the extent Ms. Shah seeks these proffer notes to impeach Mr. Handren if he testifies, this too is an improper evidentiary basis for the Subpoena. The law is clear that "[d]ocuments are not evidentiary for Rule 17(c) purposes if their use is limited to impeachment." *Cherry*, 876 F. Supp. at 553; and see *United States v. Avenatti*, 19-CR-373, 2020 WL 508682 (S.D.N.Y. Jan. 31, 2020) (collecting cases).

**III.   The Subpoena Is Insufficiently Specific**

*Nixon*'s specificity requirement prevents Rule 17 from degenerating into an "additional means of discovery." *Bowman Diary Co. v. United States*, 341 U.S. 214, 220 (1951). *And see, e.g., United States v. Libby*, 432 F. Supp. 2d 26, 32 (D.D.C. 2006) (The specificity requirement "ensures that a Rule 17(c) subpoena will not be used as a 'fishing expedition to see what may turn up.'"). A defendant propounding a Rule 17 subpoena cannot simply "hop[e] that something useful will turn up." *United States v. Mendinueta-Ibarro*, 956 F. Supp.2d 511, 513 (S.D.N.Y. 2013) (quashing subpoena seeking "any and all writing and records" relating to a witness). So, for instance, a court in this District recently quashed, as insufficiently specific, a Rule 17 subpoena seeking "all communications" referencing a defendant "over a nine-month period." *United States v. Avenatti*, 19-CR-373, 2020 WL 508682, at *5 (S.D.N.Y. Jan. 31, 2020). Another court quashed a subpoena seeking "any and all" records "relating to" a cooperating witness. *United States v. Pena*, 15-CR-551, 2016 WL 8735699, at *3 (S.D.N.Y. Feb. 12, 2016).

By that standard, the Subpoena here must be quashed as insufficiently specific. As noted above, the mere fact that Ms. Shah has apparently issued identical subpoenas to all potentially testifying witnesses betrays the absence of any witness-centric specificity. Even viewed in a

vacuum as to each witness, the Subpoena lacks requisite specificity. By its plain terms, the Subpoena seeks all correspondence between undersigned counsel and the government since Mr. Handren was indicted in 2019 – whether or not related to Ms. Shah, who was only indicted in 2021. That is precisely the kind of "any and all" subpoena that was quashed in *Pena* and *Mendinueta-Ibarro* – and it extends over a much longer period than the nine months that was deemed a fishing expedition in *Avenatti*.

### IV. The Subpoena Seeks Material that Must Be Obtained – if at all – Through Discovery from the Government

What is striking about the Subpoena is its unambiguous request for information that Ms. Shah can and in the routine course of litigation is likely to receive from the government. Ms. Shah will receive witness statements, any relevant government correspondence, any *Brady* disclosures, or any material pursuant to Title 18, United States Code 3500, as per the standard practices in this District. The Subpoena, given this context, is a transparent effort "to make an end-run around the discovery limitations of Rule 16," *Arias*, 373 F. Supp. 2d at 313 (a defendant "may not subpoena a co-defendant or related party to make an end-run around the discovery limitations of Rule 16"), and the other standard mechanisms for appropriate and timely disclosure already in place.

Should Ms. Shah seek materials in the possession of the government but outside these routine disclosures, Ms. Shah cannot misuse a Rule 17(c) subpoena to do so. *See Nixon,* 418 U.S. at 699. Ms. Shah must request any such information from the government in an exercise of her own diligence, rather than resort to subpoena of third-parties. *See United States v. Boyle*, 08-CR-523, 2009 WL 484436, at *3 (S.D.N.Y. Feb. 24, 2009) (refusing to sign subpoena *duces tecum*) ("It is also likely that many of the documents that defendant seeks in his subpoena are obtainable from another source—the United States Attorney's Office—with little or no diligence required. I

would imagine that much of what defendant is looking for with his subpoenas is material that he has or will receive through the discovery process.").

The subpoena's first and second demands seek communications between undersigned counsel and the government's attorneys and agents. To the extent that these are otherwise discoverable – relevant, admissible, and unprotected by privilege – they are by definition also available from the government. The third demand seeks notes from any proffer sessions attended by Mr. Handren. But those sessions – again, definitionally – are also attended by government agents. The only conceivable difference between undersigned counsel's notes and the government's notes is that counsel's notes contain protected work product, which Ms. Shah cannot have. If the government's notes contain admissible and discoverable information, they will be disclosed through discovery under Rule 16, Rule 26.2, 18 U.S.C. § 3500, or *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. They cannot be sought through a Rule 17 subpoena.

## CONCLUSION

For the foregoing reasons, Defendant Jennifer Shah's Subpoena to the undersigned, as counsel for Mr. Handren, should be quashed. Similarly, we request that any order quashing the Subpoena should extend to those other subpoena recipients who join this motion, in the interest of efficiency and to minimize the burden on the Court.

Respectfully submitted,

*/s/ Samidh Guha*
Samidh Guha
Perry Guha LLP
1740 Broadway, 15th Floor
New York, NY 10019
Phone: 212-399-8350
Fax: 212-399-8331
sguha@perryguha.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2022, I electronically transmitted the foregoing document using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

                                                */s/ Samidh Guha*
                                                Samidh Guha
                                                Perry Guha LLP
                                                1740 Broadway, 15th Floor
                                                New York, NY 10019
                                                Phone: 212-399-8350
                                                Fax: 212-399-8331
                                                sguha@perryguha.com