UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA                              :

                                        :       19 Cr. 833 (SHS)

       -against-                                    :

                                          :       OPINION & ORDER

JENNIFER SHAH,                                        :

                                          :

                      Defendant.         :
-------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Defendant Jennifer Shah has served identical subpoenas on counsel for certain co-defendants in this action as well as certain defendants in a related matter, *United States v. Ketabchi*, No. 17-cr-243 (SHS), which proceeded to trial in 2018. The subpoenas request counsel for each defendant to produce three separate classes of documents related to this matter: 1) "All documents and communications between [counsel] and any member of the United States Attorney's Office concerning this Matter"; 2) "All documents and communications between [counsel] and any law enforcement agent concerning this Matter"; and 3) "All attorney notes or other documents prepared by [counsel] from each Proffer Session attended by [the client] in connection with this Matter." (Mot. at 2, ECF No. 469; Ex. A, ECF No. 483.) Samidh Gupta, Esq., counsel for Shah's co-defendant Kevin Handren, has moved to quash the subpoena served upon him, (ECF No. 469), and counsel for co-defendants Stuart Smith, Anthony Cheedie, and Joseph Minetto and *Ketabchi* defendants William Sinclair and Jason Sager have joined in that motion. (ECF Nos. 474–75, 479, 485–86.)

Courts may quash or modify a subpoena issued in a criminal action "if compliance would be unreasonable or oppressive," pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 17(c)(2). In order to survive a motion to quash, the party that served the subpoena must show that "the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by due diligence." *United States v Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014); *see also United States v. Nixon*, 418 U.S. 683, 700 (1974) (the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity").

Determining whether a subpoena is sufficiently specific requires its proponent to show that the subpoena "is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 700. "Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing

expedition' prohibited by *Nixon.*" *United States v. Mendinueta-Ibarro,* 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013). To defeat the notion that the subpoena is designed to evade discovery requirements of the Federal Rules of Criminal Procedure, the party who served the subpoena "must be able to 'reasonably specify the information . . . believed to be contained in the documents sought' rather than 'merely hop[e] that something useful will turn up.'" *United States v. Lewis,* No. 4-cr-203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (quoting *United States v. Sawinski,* No. 0-cr-499 (RPP), 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000). Put simply, a subpoena is "not intended to provide a means of discovery for criminal cases." *Nixon,* 418 U.S. at 698 (citing *Bowman Dairy Co. v. United States,* 314 U.S. 214, 220 (1951)); *see also In re Irving,* 600 F.2d 1027, 1034–36 (2d Cir. 1979).

Handren, in support of his motion to quash the subpoena, contends that Shah's subpoena seeks information that is 1) protected by the attorney work product privilege; 2) non-evidentiary and inadmissible; 3) insufficiently specific; and 4) otherwise obtainable through discovery from the government.

Shah opposes the motion, claiming that during a meet-and-confer conference before Handren filed the motion to quash, his counsel agreed to narrow the scope of the subpoena. Handren denies any such agreement. (Def. Mem. at 1-2, ECF No. 501.) The Court will address each category of documents in turn. For the reasons that follow, Handren's motion to quash the subpoena is granted in full.

I.      **"All documents and communications between [counsel] and any member of the United States Attorney's Office concerning this Matter."**

Shah's request for "[a]ll documents and communications between [counsel] and any member of the United States Attorney's Office concerning this matter," (Ex. A, ECF No. 483), is clearly insufficiently specific to overcome the motion to quash. The request for "all" such documents and communications without a whiff of specificity as to why she requires them is nothing more than an impermissible "fishing expedition." *See Nixon,* 418 U.S. at 700; *In re Irving,* 600 F.2d at 1034; *Mendinueta-Ibarro,* 956 F. Supp. at 513. The fact that Shah sent identical subpoenas to several defendants in two criminal matters strengthens the inference that Shah is using the subpoena in "hopes that something useful will turn up." *United States v. Leonard,* 817 F. Supp. 286, 295 (E.D.N.Y. 1992); *Sawinski,* 2000 WL 1702032, at *2.

Moreover, documents and communications between counsel for the defendants who will be government witnesses and the government are already subject to being turned over to the defense pursuant to Fed R. Crim. P. 26.2 and 18 U.S.C. § 3500, which requires that any statement by a government witness in the possession of the government shall be provided to Shah at the appropriate time. Section 3500 specifically provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of subpoena" until the witness has

actually testified. Other relevant, discoverable information in the government's possession has already been provided to Shah pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Indeed, Rule 16—and not a Rule 17(c) subpoena—is the proper vehicle by which to obtain that discovery. "[T]o the extent that [such documents and communications] came from the Government and are *not* discoverable by [Shah] under Rule 16, [she] may not subpoena a co-defendant or related party to make an end-run around the discovery limitations of Rule 16." *United States v. Arias*, 373 F. Supp. 2d 311, 313 (S.D.N.Y. 2005).

## II.     "All documents and communications between [counsel] and any law enforcement agent concerning this Matter."

Next, Shah requests "[a]ll documents and communications between [counsel] and any law enforcement agent concerning this Matter." (Ex. A, ECF No. 483.) The deficiencies in Shah's subpoena for documents and communications with the United States Attorney's Office apply with equal force to a subpoena seeking communications with other law enforcement.

As with the request for documents and communications with the U.S. Attorney's Office, the request for documents and communications with law enforcement requests "all" such documents. The lack of specificity here is identical to that of the first request. Moreover, those documents and communications would also be subject to discovery pursuant to Rules 16 and 26.2 and 18 U.S.C. § 3500. Law enforcement agents involved in this matter are agents of the government. *See Mendinueta-Ibarro*, 956 F. Supp. 2d at 514 (NYPD officers were considered "other government agent[s]" under Fed. R. Crim. P. 16(a)(2)); *see also United States v. Koskerides*, 877 F.2d 1129, 1133–34 (2d Cir. 1989) (IRS agents aiding a federal investigation constituted "other government agent[s]" within the meaning of Rule 16(a)(2)).

## III.     "All attorney notes or other documents prepared by [counsel] from each Proffer Session attended by [the client] in connection with this Matter."

Finally, Shah requests "[a]ll attorney notes or other documents prepared by [counsel] from each Proffer Session attended by [client] in connection with this Matter." (Ex. A, ECF No. 483.) Handren challenges this request as seeking privileged attorney work product. (Mot. at 4-6, ECF No. 469.)

Attorney work product is ordinarily protected from discovery pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure. According to Rule 26(b)(3), "documents and tangible things that are prepared in anticipation of litigation or for trial" are not discoverable unless "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party [seeking discovery] shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* 26(b)(3)(A)(i)–(ii). Moreover, even if the party seeking discovery manages to show the "substantial need" and "undue hardship" needed to overcome the shield of Rule

26(b)(3)(A), the court must nevertheless "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Id.* 26(b)(3)(B).

Here, "[t]here is no question that notes taken by a criminal defense attorney during meetings between his client and the Government are taken in anticipation of litigation." *Arias*, 373 F. Supp. 2d at 312. To the extent that counsel's notes from proffer sessions with the government reflect the attorney's "mental impressions, conclusions, opinions, or legal theories," they are privileged and not discoverable or subject to production via subpoena. *See* Fed. R. Civ. P. 26(b)(3)(B); *Hickman v. Taylor*, 329 U.S. 495, 510 (1947) ("Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney."). To the extent that the notes reflect statements made by a defendant to the government, those statements will be produced to Shah pursuant to 18 U.S.C. § 3500. To the extent that they were not verbatim notes, "it is to be expected in the ordinary course" that the mental impressions of counsel "[are] precisely what notes taken under these circumstances would contain." *Arias*, 373 F. Supp. 2d at 312

Additionally, this request suffers from the same lack of specificity that plagues the other two requests. Shah provides no justification whatsoever for why this request might overcome the work product privilege—i.e. that the notes contain more than attorney mental impressions or legal conclusions, and that she has a "substantial need" for those materials, and that they cannot be obtained without "undue hardship."

## IV.    Shah's Proposal for a Narrower Subpoena

Shah has proposed to narrow the subpoena to request, in requests no. 1 and no. 2, only "substantive factual discussions, including any revisions to the plea allocution," and to limit request no. 3 to "transcriptions of the statements made by either the government or the witness during the proffer sessions." (Def. Mem. at 2, ECF No. 501).

What these narrower production requests have in common is that the information they seek is already required to be turned over to the defense pursuant to Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500. The information is classic "3500" material that the government must give to the defense on a schedule determined in advance of trial. *See United States v. Stein*, 488 F. Supp. 2d 350, 358 n.31 (S.D.N.Y. 2007); *United States. v. Hatfield*, 2009 WL 10673620, at *4 (S.D.N.Y. July 10, 2009). The government is patently aware that it is required to turn over all of its records of its witness's statements to the defense as 3500 material. *Arias*, 373 F. Supp. 2d at 313. Not only is it required to do so by statute, and directed to do so by this Court in an order issued pursuant to Fed. R. Crim. P. 5(f), (ECF No. 310), but the government has also acknowledged its obligation in writing  in this action as follows:

> [T]he Government in this case will, sufficiently in advance of trial, "turn over all notes, as well as any formal reports, of the proffer session[s]," [*Arias*, 373 F.

4

Supp. 2d at 313], as well as all written communications from witnesses' counsel communicating facts on behalf of their clients, notes made of oral communications from witnesses' counsel communicating facts on behalf of their clients, and documentation, to the extent any exists, concerning communications from any testifying witnesses' counsel regarding new or changed facts communicated on behalf of their clients in the course of discussions about plea allocutions or edits made those plea allocutions by the Government.

(Letter of the Robert B. Sobelman, Esq., dated March 11, 2022, ECF No. 506). The Court has at this time no reason to doubt that the prosecutors fully understand their discovery obligations and will turn over the relevant documentation.

## V.   Conclusion

For the reasons set forth above, it is hereby ordered that Handren's motion to quash the subpoena served on his attorney by Shah is granted in full.

Dated:  New York, New York
        April 29, 2022

SO ORDERED:

Sidney H. Stein, U.S.D.J.