

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 6, 2022

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:**    ***United States v. Jennifer Shah*, S4 18 Cr. 833 (SHS)**

Dear Judge Stein:

The Government respectfully submits this letter to request that the Court order the defendant to comply with her reciprocal discovery obligations pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure no later than June 18, 2022, a month in advance of the trial scheduled for July 18, 2022.

### I.    Background

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A), if a defendant "requests disclosure under Rule 16(a)(1)(E) and the government complies," then the defendant must permit the Government to inspect any documents in the defendant's "possession, custody, or control," which the defendant intends to use in his "case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A).

On April 7, 2021, at the time of the Government's first discovery production, the Government requested, in writing, reciprocal disclosures from the defendant pursuant to Rule 16(b).

On February 13, 2022, the Government reiterated, in writing, its request for reciprocal discovery and requested a response on or before February 16, 2022. On February 17, 2022, after receiving no response from the defendant, the Government wrote to the defendant to confirm that she had received the Government's February 13 letter. On February 18, 2022, the defendant confirmed receipt of the Government's February 13 letter and stated: "At this time, we have nothing to provide the government pursuant to our Rule 16 discovery obligations. Should that change, we will notify you promptly."

On May 13, 2022, the defendant informed the Court during a telephonic status conference that she intends to put on a two-week case-in-chief at trial, strongly suggesting that the defendant possesses documents or evidence that she intends to offer at trial.

On May 16, 2022, the Government again reiterated, in writing, its request for reciprocal discovery and requested a response on or before May 19, 2022. On May 26, 2022, after receiving no response from the defendant, the Government wrote to the defendant to confirm that she had received the Government's May 16 letter. On May 27, 2022, the defendant confirmed receipt of the Government's May 16 letter.

To date, the defendant has not produced any materials to the Government pursuant to her reciprocal discovery obligations and the Government has received no substantive response to its May 16, 2022 letter.

## II.   Discussion

Although the Government first requested reciprocal discovery more than a year ago and trial is less than six weeks away, the defendant has produced no reciprocal discovery materials in response to the Government's request and has failed to respond substantively to the Government's most recent request for such materials. Accordingly, the Court should require the defendant to produce all documents and evidence subject to disclosure under Rule 16(b), including, but not limited to, substantive, non-impeachment evidence, on or before June 18, 2022.

*First*, Rule 16(b) unambiguously imposes on the defendant an obligation to produce materials she intends to introduce during a defense case-in-chief. This obligation is triggered by the Government's production of discovery under Rule 16(a). *See* Fed. R. Crim. P. 16(b)(1) (requiring disclosure "[i]f a defendant requests disclosure under Rule 16(a)(1)(E) and the Government complies"). When the defendant "avail[s] h[er]self of the strategy to obtain discovery of the government, [s]he must comply with the requirement for reciprocal discovery." *United States v. Ryan*, 448 F. Supp. 810, 810-11 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853, 811 (2d Cir.); *see* Fed. R. Crim. P. 16 Advisory Committee Note—1974 Amend. ("The majority of the Advisory Committee is of the view that . . . the giving a broader right of discovery to the defense is dependent upon giving also a broader right of discovery to the prosecution.").

Put simply:

> Rule 16 presents a defendant with certain options that may require her to make difficult choices. On the one hand, a defendant can forego discovery of the evidence that the government intends to use in its case-in-chief, and thereby avoid being required to disclose the evidence that she intends to use in support of her defense. On the other hand, the defendant may decide that it is more important to know what evidence the government intends to use at trial, than it is to avoid disclosure of the defense's evidence. Rule 16, however, does not allow the defendant to have it both ways, i.e., she cannot obtain the government's evidence without disclosing her own evidence (other than impeachment evidence).

*United States v. Larkin*, No. 12 Cr. 319 (JCM), 2015 WL 4415506, at *5 (D. Nev. July 20, 2015). Here, the defendant has made her choice by requesting and receiving the Government's discovery

productions, and she must now be required to comply with her reciprocal obligations under Rule 16. She should not be permitted to "have it both ways." *Id.*

On that basis, courts in this District "routinely set a deadline for [Rule 16(b)] disclosures at least a few weeks before the start of trial, even over defendants' objections," and before they have made a final decision to introduce an item at trial. *United States v. Shea*, No. S2 20 Cr. 412 (AT), Dkt. No. 206 (S.D.N.Y. May 4, 2022). Although "[a] defendant would always like more information about the government's case before revealing anything about his or her own," Rule 16 "conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction." *United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011). For instance, in *United States v. Huntress*, the court rejected the argument that the defense need not provide reciprocal discovery because it had "not made any decision as to whether it will be putting a case on at trial, as we do not know if the government will meet its burden of proof at trial." No. 13 Cr. 199 (WMS), 2015 WL 631976, at *33 (W.D.N.Y. Feb. 13, 2015); *see also, e.g.*, *United States v. Maxwell*, No. 20 Cr. 330 (AJN), Dkt. No. 297 (S.D.N.Y. June 2, 2021) (setting a defense Rule 16 deadline of three weeks before trial, over the defendant's objection); *United States v. Madonna*, No. 17 Cr. 89 (CS), Dkt. No. 655 (S.D.N.Y. Mar. 1, 2019) (requiring "Defendants to produce reverse Rule 16 discovery" thirty-three days before trial and stating that "[t]he Court enforces Rule 16 and will if appropriate preclude evidence that has not been turned over" by the defense (citing *United States v. Ulbricht*, 858 F.3d 71, 115 (2d Cir. 2017))); *United States v. Lobo*, No. 15 Cr. 174 (LGS), 2017 WL 1102660, at *5 (S.D.N.Y. Mar. 22, 2017) (requiring defense production under Rule 16 with no trial date set, over defendants' objections); *United States v. Jasper*, No. 00 Cr. 825 (PKL), 2003 WL 223212, at *4 (S.D.N.Y. Jan. 21, 2003) (explaining that "[a]llowing [the] defendant to defer the provision of such discovery until a final determination regarding whether or not [to] put an expert witness on the stand would seem to frustrate" the goal of allowing the government a fair opportunity to prepare).[1]

---

[1] Federal district courts around the country share this District's practice of setting deadlines for defendants to produce reciprocal discovery. *See, e.g.*, *United States v. Sanft*, No. 19 Cr. 258 (RAJ), 2021 WL 5283959, at *4 (W.D. Wash. Nov. 12, 2021) (requiring defense production under Rule 16 of "all non-impeachment exhibits they intend to offer at trial . . . to the extent they are not already in the Government's possession"); *United States v. Raheja*, No. 19 Cr. 559 (SL), 2020 WL 7769725, at *6 (N.D. Ohio Dec. 30, 2020) (requiring defense production under Rule 16 "no later than 30 days before trial"); *United States v. Rakhit*, No. 18 Cr. 33 (PAB), 2020 WL 5530056, at *7 (N.D. Ohio Sept. 15, 2020) ("no later than thirty (30) days before trial, Defendants must produce to the United States all documents subject to disclosure under Rule 16(b)(1)(A)"); *United States v. Aiyaswamy*, No. 15 Cr. 568 (LHK), 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017) ("Defendant must disclose and produce substantive, non-impeachment evidence under Rule 16(b), whether Defendant plans to introduce that evidence during cross-examination or after the Government rests. Defendant's failure to comply with Rule 16(b)'s requirements could result in the exclusion of the undisclosed evidence."); *United States v. Mize*, No. 16 Cr. 219 (JGZ), 2016 WL 11644772, at *1 (D. Ariz. Nov. 10, 2016) (requiring defendant "to make any disclosures required by Rule 16(b) within five days"); *United States v. Burke*, No. 12 Cr. 318 (SAF), 2015 WL 1931327, at *3 (N.D. Tex. Apr. 29, 2015) (requiring defense's Rule 16 production be made "[n]o later than 30 days before trial"); *United States v. Holden*, No. 13 Cr. 444 (BR), 2015 WL 1514569,

*Second*, permitting the defendant to delay disclosure of Rule 16 materials would only serve the purpose of facilitating gamesmanship and delay the orderly proceedings of trial.  Upon receipt of reciprocal discovery, the Government will need to review the materials and may choose to take investigative steps of its own to, among other things, evaluate the authenticity or completeness of those materials and locate relevant rebuttal evidence.  The Government also must review those materials to make determinations as to whether to make any objections on admissibility grounds, and the Court will in turn need time to resolve such objections.  The defendant should be required to produce any discoverable materials to the Government on or before June 18, 2022, to allow the Government fair preparation for trial and, if possible, to help the Court and the parties streamline what is currently estimated to be a four to five week trial.  *See, e.g.*, *United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce and explaining that permitting defendant to use documents the prosecution had not timely seen "would have given the defense an unfair advantage"); *United States v. Shea*, No. S2 20 Cr. 412 (AT), Dkt. No. 206 (S.D.N.Y. May 4, 2022) ("remind[ing]" Defendant that "the Court has 'broad discretion in fashioning a remedy' to address any instances of a party's non-compliance with their Rule 16 obligations, including 'ordering the exclusion of evidence' where it finds that Defendant could have timely disclosed such evidence under Rule 16, but chose not to do so." (quoting *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016))); *United States v. Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at *8 (E.D.N.Y. Dec. 12, 2017) (describing the "approach used by many courts": "if the Court determine[s] that a Defendant could have made timely disclosure, but failed to timely do so, the defendant ran the risk that the exhibit would be excluded").[2]

---

at *2 (D. Or. Mar. 19, 2015) ("The Court concludes Rule 16(b)(1)(A)(ii) does require Defendant to disclose to the government all substantive, non-privileged evidence that Defendant plans to introduce at trial, regardless whether Defendant intends to introduce the evidence through a witness he calls at trial or through cross-examination of a government witness.").

[2] It is no response that the parties have agreed to a deadline—four days before trial—for the defendant produce a list of exhibits that she reasonably expects to seek to introduce during her case.  There is a significant difference between producing Rule 16 materials and designating some subset of those materials as trial exhibits.

### III.    Conclusion

For the foregoing reasons, the Court should require the defendant to produce to the Government all documents and evidence subject to disclosure under Rule 16(b), including, but not limited to, substantive, non-impeachment evidence, no later than June 18, 2022.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


By: _____/s/_____
Kiersten A. Fletcher
Robert B. Sobelman
Sheb Swett
Assistant United States Attorneys
(212) 637-2238/6522/2616