45 West 29th Street, Suite 303
New York, New York 10001
chaudrylaw.com

June 7, 2022

**BY ECF**

The Honorable Judge Sidney H. Stein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    **Re: *United States v. Jennifer Shah*, et al., 19 Cr. 833 (SHS)**

Dear Judge Stein:

    As the Court is aware, we represent Jennifer Shah in the above-referenced matter which is set for trial on July 18, 2022. We submit this letter in response to the Government's letter dated June 6, 2022 (Dkt. No. 562), seeking a Court Order regarding Ms. Shah's reciprocal discovery obligations.

    Counsel for Ms. Shah is well aware of Ms. Shah's Rule 16 discovery obligations and has informed the Government repeatedly that, at this time, we have nothing further to provide under Rule 16(b). However, it is simply untrue to state that Ms. Shah has not produced any materials pursuant to her reciprocal discovery obligations under Rule 16(b) as Ms. Shah provided the Government with an expert witness disclosure and two supplemental disclosures pursuant to Rule 16(b)(1)(C). We have also informed the Government repeatedly that, in compliance with Rule 16(b)(1)(A), we will promptly notify the Government should Ms. Shah identify any items (1) that are within her possession, custody, or control, ***and*** (2) which Ms. Shah intends to use in her case-in-chief at trial.

    The Government's letter insinuates that since Ms. Shah informed the Court "that she intends to put on a two-week case-in-chief at trial, strongly suggesting that the defendant possesses documents or evidence that she intends to offer at trial." This is complete and utter baseless speculation despite Ms. Shah's counsel's prior representations to the contrary.

    Lastly, the Government's complaints about gamesmanship are ironic given the Government's continually evolving theory of the case, the Government's continual dumping of voluminous and disorganized discovery on Ms. Shah, and the Government's continued refusal to identify particulars of the alleged fraud. In fact, in court before Your Honor on May 25, 2022, we learned for the first time that the Government's theory as to Ms. Shah relates solely to her alleged actions at Mastery Pro Group and Red Steele, despite the Indictment dating back to 2012.

Thus, as the Government's ever-changing theory continues to shift, so does our investigation and defense.

      For the reasons set forth above, we respectfully submit that an Order setting a final date to provide Rule 16(b) is unnecessary. Again, as we have told the Government, we will promptly provide any items which Ms. Shah intends to use in her case-in-chief at trial which are within Ms. Shah's possession, custody, or control.

      Very truly yours,

      Priya Chaudhry