

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 21, 2022

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Jennifer Shah*, S4 19 Cr. 833 (SHS)

Dear Judge Stein:

      The Government respectfully seeks an order precluding the following testimony from the defendant's proposed expert, Przemyslaw Jeziorski: (i) any opinions regarding chargeback fraud as lacking a reliable foundation; and (ii) any opinions regarding the facts of this case based on a failure to provide notice of such opinions.

      **I.**    **Background**

      On February 11, 2022, the defendant provided a one-page notice that she intended to call Jeziorski as an expert witness to testify about "marketing analytics; quantifying and qualifying leads; lead generation methods; lead brokering; data scraping; the use of salesfloors and fulfillment companies, including commission structures; the use of CRMs; upselling; chargebacks; and general small business success rates." Ex. A. The defendant also provided Jeziorski's *curriculum vitae. Id.*

      In a letter dated February 13, 2022, the Government requested that the defendant supplement her initial expert notice regarding Jeziorski's anticipated testimony. On February 18, 2022, the defendant produced a three-page document providing limited details about Jeziorski's testimony on the topics identified in the initial notice. Ex. B.

      At a pretrial conference on May 25, 2022, the Government notified the Court of its intention to move for additional expert disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C). After the Government provided examples of deficient notice in the February 18, 2022 disclosure, the Court concluded that "what has been read to me so far does not set forth the detail needed in expert disclosure." May 25, 2022 Tr. at 80:23-24. The Court emphasized that "the opinion itself has to be set forth in the defendant's disclosure [and] the summary must describe the witness's opinions, bases and reasons for the opinions, and the witness's

The Honorable Sidney H. Stein
June 21, 2022
Page 2 of 5

qualifications." *Id.* at 79:17-19.  The defendant agreed to supplement her disclosure.  *Id.* at 80:25-81:1.

On June 6, 2022, the defendant provided an eight-page disclosure of Jeziorski's anticipated testimony.  Ex. C.  The disclosure did not disclose any opinions relating to the facts of this case, yet it left open the possibility that Jeziorski could offer opinions specific to this case.  *See id.* at 2 ("Professor Jeziorski may provide his opinion regarding the concepts and techniques described above . . . [but] Ms. Shah reserves the right to call Professor Jeziorski without attempting to apply his testimony to the facts of this case.")

The June 6, 2022 disclosure included a section entitled "Chargebacks," summarizing Jeziorski's opinions about chargeback fraud, "in which customers claim [to a bank or payment processor] they did not receive what was purchased (although the customer did)."  *Id.* at 7. Jeziorski's anticipated opinions on this topic include, among others, the following:

- "[B]anks frequently side with customers [in chargeback disputes] in order to keep them satisfied."

- "[C]ompanies have been experiencing more chargebacks recently because while chargebacks were originally a method used to prevent fraud, chargebacks are now used by consumers as a quality check (meaning a customer who received the product or service is unhappy with the quality of it)."

- "Generally, banks only follow up with consumers for additional information and evidence where the chargeback amounts to thousands of dollars."

*Id.* at 7-8.  These opinions are purportedly based on Jeziorski's "teaching and research" and that he "has written chargeback integration with payment systems for his company and has experience dealing with chargebacks."  *Id.* at 7.  The disclosure provided no details of the relevant "teaching and research" or "experience," and cited no scholarly articles, treatises, or other secondary sources for these opinions.

## II.     Applicable Law

Rule 16(b)(1)(C) requires the defense to produce "a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial," which summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  "[A] failure to provide the required level of detail as to the expert's opinions and the bases, reasons, and sources of those opinions can [] lead to preclusion."  *United States v. Ulbricht*, No. 14 Cr. 68 (KBF), 2015 WL 413318, at *5 (S.D.N.Y. Feb. 1, 2015), *aff'd*, 858 F.3d 71 (2d Cir. 2017).

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue,

The Honorable Sidney H. Stein
June 21, 2022
Page 3 of 5

> a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The party that proffers the testimony bears the burden of showing that it is admissible. *See Bourjaily v. United States*, 483 U.S. 171, 172-73 (1987). The District Court's exclusion of expert testimony will be affirmed unless it constitutes an abuse of discretion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

Testimony from a qualified expert is admissible only if the trial court determines that it is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). Specifically, in *Daubert*, the Supreme Court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. "*Daubert* applies to both defense and government experts." *United States v. Yousef*, 327 F.3d 56, 148 (2d Cir. 2003). In *Joiner*, the Supreme Court explained that "[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Joiner*, 522 U.S. at 146. The fact that an expert may generally possess "specialized knowledge" does not automatically render his opinions in a case reliable. *See SEC v. Lipson*, 46 F. Supp. 2d 758, 761 (N.D. Ill. 1998).

### III. Discussion

The Court should preclude any expert testimony by Jeziorski about so-called "chargeback fraud" because the defendant has not demonstrated that Jeziorski's opinions are the "product of reliable principles and methods." Fed. R. Evid. 702(c). The defendant apparently intends to elicit sweeping generalizations about the habits of consumers and banks based on nothing more than Jeziorski's own personal experience running a business and general "teaching and research." For example, Jeziorski claims that "companies have been experiencing more chargebacks recently because while chargebacks were originally a method used to prevent fraud, chargebacks are now used by consumers as a quality check." Ex. C at 8. There is no way of knowing how he reached this conclusion, or evaluating the reliability of such a conclusion, as the defendant's disclosure cites no data showing historical levels of chargebacks, current levels of chargebacks, or why such a rise—to the extent it exists—is driven by consumers using chargebacks as a "quality check." This lack of sourcing undermines all of the opinions related to chargebacks and stands out because every other proposed topic in the expert disclosure contains at least some independent basis for Jeziorski's opinions. Jeziorski should not be allowed to opine on the supposed problem of "chargeback fraud" based solely on his own, limited personal experiences; this is no more than his *ipse dixit*, which cannot form the basis of expert testimony. *Joiner*, 522 U.S. at 146.

The Honorable Sidney H. Stein
June 21, 2022
Page 4 of 5

Moreover, there is no reason to believe that Jeziorski's experience running a business would offer reliable insight into why consumers initiate chargebacks or how banks and credit card companies handle chargeback requests. If anything, Jeziorski's proposed testimony makes it clear that businesses are often adverse to banks and consumers during the chargeback process, further undermining the notion that his opinions about chargebacks are reliable. In this case, the defendant's disclosures do not specify the nature of Jeziorski's business or his roles within that business, making it impossible for the Court to evaluate the reliability of such testimony and for the Government to prepare its cross-examination regarding the basis of his conclusions about chargeback fraud. Accordingly, Jeziorski should be precluded from testifying about "chargeback fraud."

Additionally, the Court should preclude Jeziorski from providing any opinions relating to the facts of this case, as those opinions have not been disclosed in any of the defendant's disclosures. At this time, the Government does not object to the defendant calling Jeziorski "to educate the jury and provide background regarding the industry."[1] Ex. C at 2. However, the defendant has left open the possibility that she will ask Jeziorski to opine about this case, but she has not provided any summary of what those opinions might be. Not disclosing an expert's opinions "is a flagrant failure to comply with Rule 16," warranting preclusion. *Ulbricht*, 2015 WL 413318, at *6. In the event the defendant seeks to offer opinions concerning the facts of this case, preclusion is especially appropriate because she has had multiple opportunities to cure and supplement her deficient disclosure, including the Court's clear instruction that "the opinion itself has to be set forth in the defendant's disclosure." May 25, 22 Tr. at 79:17-19. As none of the defendant's disclosures included any opinions relating to the facts of this case, she should be precluded from offering any such opinion testimony at trial.[2]

---

[1] The Government anticipates that some of the topics listed in the defendant's expert disclosure may be the subject of lay witness testimony during the Government's case, and other topics may not be relevant to the trial. Accordingly, the Government reserves the right to move to preclude other aspects of Jeziorski's testimony as either unnecessary or irrelevant based on the testimony and evidence adduced at trial prior to Jeziorski's testimony.

[2] Moreover, any opinions about the facts of this case may be inadmissible on multiple different grounds, including, for example, that they could constitute testimony regarding a matter that is an ultimate issue reserved for the trier of fact alone. *See* Fed. R. Evid. 704(b).

The Honorable Sidney H. Stein
June 21, 2022
Page 5 of 5

## IV.     Conclusion

For the foregoing reasons, the Court should preclude Jeziorski from testifying about (i) chargeback fraud or (ii) the facts of this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____/s/_____
Kiersten A. Fletcher
Robert B. Sobelman
Sheb Swett
Assistant United States Attorneys
(212) 637-2238/2616/6522

cc:     Counsel of Record (via electronic mail)