

45 West 29th Street, Suite 303
New York, New York 10001
chaudrylaw.com

June 28, 2022

<u>*Via* ECF</u>

The Honorable Judge Sidney H. Stein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    ***Re: United States v. Jennifer Shah, S4 19 Cr. 833 (SHS)***

Dear Judge Stein:

    As the Court is aware, we represent Jennifer Shah in the above-referenced matter which is scheduled for trial on July 18, 2022. We submit this letter in response to the government's letter motion dated June 21, 2022 (Dkt. No. 568), seeking a Court Order to preclude defense expert, Professor Przemyslaw Jeziorski, from testifying regarding "(i) any opinions regarding chargeback fraud as lacking a reliable foundation; and (ii) any opinions regarding the facts of this case based on a failure to provide notice of such opinions."

    Ms. Shah has complied with Rule 16(b)(1)(C). Ms. Shah has provided expert notice and supplemental notices pursuant to Rule 16(b). Additionally, in response to the government's motion, Ms. Shah has provided the government with an additional supplemental disclosure. While Ms. Shah does not agree that any prior expert disclosure was insufficient as to the issue of chargeback fraud, Ms. Shah has provided the government with a scholarly article and case study entitled "To sell or not to sell: Exploring seller's trust and risk of chargeback fraud in cross-border electronic commerce." This journal article forms part of the basis for Professor Jeziorski's opinion regarding chargeback fraud. Accordingly, preclusion is not warranted.

    Federal Rule of Criminal Procedure 16(b)(1)(C) provides that "[t]he defendant must, at the government's request, give to the government a written summary of any [expert] testimony that the defendant intends to use ... as evidence at trial." "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). "[A] court may in its discretion preclude expert examination pursuant to Rule 16(d)(2)(C) of the Federal Rules of Criminal Procedure regarding any topics or opinions not properly disclosed." *United States v. Mahaffy*, No. 05CR613(S-3)(ILG), 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007). "Even if the disclosure provides a sufficient summary of any opinions to be offered by the witness, it may be excluded if the defendant 'has made *no attempt at all* to describe the bases and reasons for those opinions as required by [Rule

16(b)(1)(C)].'" *Id.* (quoting *United States v. Wilson*, 493 F. Supp. 2d 484, 487 (E.D.N.Y. 2006) (emphasis added)).

"The Advisory Committee notes to Rule 16 explain that [Rule 16's] disclosure requirement is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Kaufman*, No. 19-CR-504 (LAK), 2021 WL 4084523, at *19 (S.D.N.Y. Sept. 8, 2021) (citations omitted). Thus, "[t]rial courts in this circuit have concluded that preclusion is generally not appropriate where a defendant's supplemental disclosures permit the Government to prepare a meaningful cross-examination." *United States v. Tuzman*, No. 15 CR. 536 (PGG), 2017 WL 6527261, at *11 (S.D.N.Y. Dec. 18, 2017) (citations omitted). "The Second Circuit has instructed that excluding a defendant's expert's is a harsh sanction that is not be to be imposed lightly." *Id.* (citations omitted); *see also United States v. Ahmed*, No. 12-CR-661 (SLT), 2015 WL 1611947, at *2 (E.D.N.Y. Apr. 9, 2015)).

The government's June 21, 2022, letter motion seeks to preclude Professor Jeziorski's opinions regarding chargeback fraud, claiming that Ms. Shah has failed to provide an adequate basis for Professor Jeziorski's opinion. As stated above, Ms. Shah has provided a supplemental disclosure with independent bases for Professor Jeziorski's opinions on chargeback fraud. Defendant's supplemental disclosure includes a scholarly study upon which Professor Jeziorski has relied in forming his opinions on chargeback fraud. Given Defendant's numerous disclosures regarding Professor Jeziorski's expected testimony, the government cannot argue that it has been prevented from preparing a cross-examination, and thus preclusion is not warranted. Defendant's expert should not be precluded from testifying regarding chargeback fraud given the additional disclosure has been made to provide the sought-after information.

The government also seeks to preclude Professor Jeziorski from testifying regarding the facts of the case. Defendant has not stated that there will be any expert testimony from Professor Jeziorski regarding the alleged facts of the case. Indeed, Ms. Shah's June 6, 2022, supplemental disclosure explicitly stated that Professor Jeziorski will be called "to educate the jury…without attempting to apply his testimony to the facts on this case." The government's argument for preclusion on this matter is therefore unnecessary. Ms. Shah reserves the right to disclose an expert opinion regarding the facts of the case should circumstances change and will promptly notify the government should that occur.

For the reasons set forth above, we respectfully submit that Professor Jeziorski should not be precluded from providing testimony regarding chargeback fraud. Further, as of this time, the defense does not anticipate that Professor Jeziorski will offer any testimony relating to the facts of this case, but instead will provide testimony to educate the jury and provide background, as permitted by Rule 702.

Very truly yours,

Priya Chaudhry