UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
 :
UNITED STATES OF AMERICA
 :
                        - v. -                                                                                 SECOND CONSENT
                                                                                 PRELIMINARY ORDER OF
                                                                             :    FORFEITURE AS TO
JENNIFER SHAH,                                                          SPECIFIC PROPERTY
 :
                  Defendant.                                              S4 19 Cr. 833 (SHS)
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 30, 2021, JENNIFER SHAH (the "Defendant"), and another, was charged in a two-count superseding Indictment, S4 19 Cr. 833 (SHS) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(8), of any and all real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of the offense charged in Count One of the Indictment; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the Defendant obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of offense charged in Count One of the Indictment;

WHEREAS, on or about March 30, 2021, pursuant to a search warrant, the Government seized the following property from the Defendant's residence:

i. One Yves Saint Laurent Niki medium gold leather shoulder bag, with gold chain strap and hardware, style no. 498894, made in Italy;

ii. One Versace Palazzo Empire green leather tote bag, with signature Medusa motif on flap and removable leather strap, serial no. 212923433784, made in Italy;

iii. One Gucci Arli python handle bag, with gold hardware and silver studs, style no. 550130, Cruise 2019 collection, made in Italy;

iv. One Louis Vuitton Patent Monogram Infrarouge Twist red patent leather shoulder bag, with silver chain shoulder strap, serial no. SR5116;

v. One Louis Vuitton Kimono cherry calfskin and monogram canvas tote, with gold hardware, style no. DU4175, made in France;

vi. One Louis Vuitton Monogram Victoire canvas and leather handbag, with gold chain strap and hardware, style no. CA3176, made in Spain;

vii. One Versace Palazzo Empire black leather tote bag, with signature Medusa motif on flap, removable leather strap, gold hardware, serial no. 382 587 175 335, made in Italy;

viii. One Louis Vuitton Checkered calfskin Twist MM, with double gold chain shoulder straps, gold hardware, style no. FO 3177, 2017, made in Italy;

ix. One Louis Vuitton Monogram Reverse Column canvas and leather clutch, with gold and silver hardware, 2017, made in France;

x. One Louis Vuitton On My Side MM canvas and leather tote, with detachable leather shoulder strap and gold hardware, style no. M53824;

xi. One Louis Vuitton Malletage GO 14 PM quilted red leather bag, with detachable silver chain strap, silver hardware, made in Italy;

xii. One Louis Vuitton Limited Edition Grommet Twist MM black leather bag, with silver chain strap, silver and gold hardware, style no. FL2146, made in Italy;

xiii. One Louis Vuitton Studded Louise black calfskin clutch, with silver and gold hardware, made in Italy;

xiv. One Christian Louboutin Cabata East-West Leather Leopard-Print tote, with gold hardware, made in Italy;

xv. One Valentino Candy stud nappa striped medium top handle bag, with gold studs and hardware, serial no. BL-PB55LPRO;

xvi. One Louis Vuitton reversible monogram cashmere poncho vest with rabbit fur collar and lambskin trim, label lacking;

xvii. One Moncler Fulmar Giubbotto gray down jacket with blue frost fox fur trim, serial no. 32986372KOJB, made in Armenia;

xviii. One Prada black dyed sheep fur and brown leather jacket, serial no. APE1 2014 1041 58782 1H44, size 40, made in Italy;

xix. One Lanvin fox, mink, and leather belted stole, style no. RW SI902F, size 36, made in France;

xx. One Meredith Marks Patricia ring, 14K yellow gold, set with one (1) pear shaped golden moonstone weighing approximately 16.00 carats, thirty four (34) round brilliant diamonds weighing approximately 0.50 carats total weight, twenty-nine (29) round brilliant yellow diamonds weighing approximately 0.40 carats total weight, size 6.5, stamped "Meredith Marks", "14K", "713" and "D076";

xxi. One Meredith Marks Reid ring, 14K yellow gold, set with one (1) cushion cut olive quartz weighing approximately 24.00 carats, and forty-eight (48) round brilliant diamonds weighing approximately .65 carats total weight, size 7, stamped "Meredith Marks", "14K", "2498" and "D082";

xxii. One David Yurman bracelet, 18K yellow gold and sterling silver, set with diamond pavé weighing approximately 0.87 carats, stamped "© D. Y.", "925" and "750";

xxiii. One David Yurman bracelet, 18K yellow gold and sterling silver, stamped "© D. Y.", "925" and "750";

xxiv. One David Yurman Belmont curb link bracelet, 18K yellow gold and sterling silver, stamped "D. Y.", "925", "750" and maker hallmark;

xxv. One David Yurman Waverly cuff, 18K yellow gold and sterling silver, set with diamond pavé weighing approximately 0.44 carats, stamped "© D. Y.", "925", "750", "Stainless Steel" and maker hallmark;

xxvi. One David Yurman Albion bracelet, 18K yellow gold and sterling silver, set with an 11mm faceted champagne citrine and diamond pavé weighing approximately .26 carats, stamped "© D. Y." "D. Yurman", "925" and "750";

xxvii. One David Yurman Waverly cuff, sterling silver, set with diamond pavé weighing approximately 1.45 carats, stamped "© D. Y.", "925", "Stainless Steel" and maker hallmark;

xxviii. One Gucci Spike necklace, gold tone, featuring faux pearls, set with crystal pavé, stamped "® Gucci", "made in Italy";

xxix. One Louis Vuitton Parure Pétal necklace and bracelet set, gold tone, bracelet style no. MP1845, bracelet serial no. LE 0127, necklace style no. MP1849, necklace serial no. LE 0127, stamped "® Louis Vuitton" and "Italy";

xxx. One Louis Vuitton Idylle Blossom Twist bracelet, set with one (1) diamond weighing approximately 0.10 carats, stamped "Louis Vuitton", "455574", "16", "Au750" and unidentified hallmark;

xxxi. One Louis Vuitton ID curb chain link bracelet and necklace set, gold and silver tone, bracelet style no. M61092, bracelet serial no. LE 1115, necklace style no. M61090, necklace serial no. LE 0146, stamped "® Louis Vuitton" and "Made in Italy";

xxxii. One counterfeit "Louis Vuitton" monogram canvas and leather tote;

xxxiii. One counterfeit "Louis Vuitton Felice Pouch" monogram canvas small handbag, with removable gold chain strap and hardware;

xxxiv. One counterfeit "Chanel" red quilted shoulder bag, with silver chain strap and hardware, labeled made in China;

xxxv. One counterfeit "Chanel" red quilted wallet, with gold hardware, labeled made in China;

xxxvi. One counterfeit "Chanel" faux pearl embellished black canvas shoulder bag, with gold chain strap and hardware;

xxxvii. One counterfeit "Chanel" gold quilted shoulder bag, with silver chain strap and hardware, labeled made in China;

xxxviii. One counterfeit "Fendi" white quilted handbag, with removable strap and gold hardware;

xxxix. One counterfeit "Bottega Veneta" olive green clutch, with extensively damaged card case in interior;

xl. One counterfeit "Balenciaga" silver leather handbag, with removable shoulder strap and gold hardware;

xli. One counterfeit "Chanel" faux snakeskin shoulder bag, with gold chain, strap and hardware;

xlii. One counterfeit "Chanel" lambskin and leather handbag, with gold hardware;

xliii. One counterfeit "Chanel" pair of black quilted side-pack bags, with gold chain, pearl straps and gold hardware;

xliv. One counterfeit "Chanel" black leather tote with chain bag, silver chain straps and hardware, style no. AS1383, Cruise 2020 collection;

xlv. One counterfeit " Hermès" black leather top handle bag, with gold hardware;

xlvi. One counterfeit "Chanel" black quilted shoulder bag, with silver chain strap and hardware, labeled made in China;

xlvii. One counterfeit "Chanel" black quilted shoulder bag, with gold chain strap and hardware;

xlviii. One counterfeit "Chanel" black quilted shoulder bag, with silver chain strap and hardware, labeled made in China;

xlix. One counterfeit "Louis Vuitton x Christian Louboutin" calf hair shopping bag, with gold hardware;

l. One counterfeit "Louis Vuitton" monogram canvas wallet;

li. One counterfeit "Louis Vuitton" monogram canvas and leather wallet, with gold hardware;

lii. One counterfeit "Louis Vuitton" monogram canvas and leather fanny pack, gold hardware;

liii. One counterfeit "Chanel" brown quilted shoulder bag, with gold chain strap and hardware, made in China;

liv. One counterfeit "Chanel" tan quilted handbag, with silver chain strap and hardware;

lv. One counterfeit "Gucci" pink quilted belt bag, with gold hardware;

lvi. One counterfeit "Chanel" PVC handbag with sand inside, with gold and pearl chain strap, and gold hardware;

lvii. One counterfeit "Louis Vuitton" Monogram Reverse Petite Boite canvas and leather bag;

lviii. One counterfeit "Louis Vuitton" monogram canvas and leather set of three (3) pouches, with canvas strap, gold hardware;

lix. One counterfeit "Chanel" dark tan shoulder bag, with removable shoulder strap, gold hardware, made in China;

lx. One counterfeit "Valentino" Rockstud Spike white leather shoulder bag;

lxi. One counterfeit "Jimmy Choo" red leather top handle bag, with gold hardware, labeled made in China;

lxii. One counterfeit "Louis Vuitton" monogram canvas and leather tote, with removable strap and zipper pouch, gold hardware;

lxiii. One counterfeit "Chanel" large yellow quilted shoulder bag, with silver chain strap and hardware, marked "Pharrel" on strap and with trademark double C;

lxiv. One counterfeit "Louis Vuitton" Taurillon black calfskin steamer handle bag, marked with an illegitimate serial number;

lxv. One counterfeit "Louis Vuitton" monogram canvas and leather bag with gold hardware;

lxvi. One counterfeit "Louis Vuitton" PVC monogram backpack;

lxvii. One counterfeit "Bulgari" round signet ring, two-tone silver and black, set with pavé crystals, size 6, with "Bvlgari" logo;

lxviii. One counterfeit "Bulgari" round signet ring, silver tone, set with pavé crystals, size 5, stamped "925" and "Bvlgari";

lxix. One counterfeit "Chanel" crystal logo necklace, gold tone, stamped with illegible Chanel oval mark;

lxx. Two (2) counterfeit "Cartier" hinged bangles, 18K white gold plated, each stamped "Cartier ®", "750 17", "IP 6688", "*001" and "a";

lxxi. One counterfeit "Cartier" crystal pavé hinged cuff, silver tone, stamped "Cartier";

lxxii. One counterfeit "Tiffany & Co. gold tone hinged cuff, stamped "Tiffany & Co.";

lxxiii. Two (2) counterfeit "Louis Vuitton" hinged cuffs, gold and silver tone, one (1) is set with faux mother of pearl and crystals, and the other with crystal pavé, each stamped "Louis Vuitton", the second one is additionally stamped "S. Steel" and "054 494";

lxxiv. Two (2) counterfeit "Chanel" hinged bangle bracelets, gold tone, one (1) set with faux mother of pearl and crystal pavé, each stamped "Chanel", one (1) additionally stamped "S. Steel" and "049 567";

lxxv. One counterfeit "Chanel" gold tone cuff bracelet, stamped "Chanel";

lxxvi. One counterfeit "Chanel" black resin and crystal cuff, silver tone, stamped "Chanel", "18" and hallmark;

lxxvii. One counterfeit "Chanel" black resin cuff, gold tone, stamped "© Chanel ®", "19", "A", "Made in France" and hallmark;

lxxviii. One counterfeit "Chanel" black leather charm bracelet, silver tone, stamped "Chanel" and "Made in Italy" on hang tag;

lxxix. One counterfeit "Louis Vuitton" hinged bangle, gold tone, set with crystal pavé, stamped "Louis Vuitton";

lxxx. One counterfeit "Louis Vuitton" hinged bangle, gold tone, stamped "Louis Vuitton";

lxxxi. One counterfeit "Chanel" hinged bangle, gold tone, set with crystal pavé, stamped "Chanel";

lxxxii. One counterfeit "Dior" gold tone hinged bangle;

lxxxiii. One counterfeit "Louis Vuitton" hinged monogram bangle, gold tone, stamped "S. Steel", "056 616" and "Louis Vuitton";

lxxxiv. One pair of counterfeit "Gucci" lion head double G drop clip back earrings, gold tone, stamped "® Gucci", "made in Italy" and unidentified hallmark;

lxxxv. One pair of counterfeit "Bulgari" circle drop earrings, gold tone, set with crystal pavé, stamped "Bvlgari";

lxxxvi. One pair of counterfeit "Chanel" faux pearl gold tone earrings, stamped with illegible "Chanel" oval mark;

lxxxvii. One pair of counterfeit "Gucci" double G drop earrings, gold tone, stamped "Gucci" and "S Steel";

lxxxviii. One pair counterfeit "Chanel" faux pearl drop earrings, silver tone, stamped with illegible "Chanel" oval mark;

lxxxix. Two (2) pairs of counterfeit "Chanel" drop hoop earrings, gold and silver tone, set with imitation pearls and black plastic, Chanel logo in center of each drop;

xc. One counterfeit "Louis Vuitton" choker necklace, gold tone, stamped "Louis Vuitton Paris", "France", "M00197" and "GP0166";

xci. One counterfeit "Chanel" faux pearl and crystal rondelle toggle necklace with round pendant, gold tone, stamped "Chanel";

xcii. Three (3) counterfeit "Cartier" hinged bangles, 18K gold plated, two (2) set with imitation diamonds, two (2) stamped "Cartier ®", "750 17", "IP 6688", "*001" and "a", the other is stamped "S. Steel", "055 505" and "Cartier";

xciii. One counterfeit "Hermès" hinged bangle, gold and black tone, stamped "Hermès" and logo;

xciv. One counterfeit "Hermès" hinged bangle, gold and black tone, stamped "Hermès" and logo;

xcv. One counterfeit "Hermès" hinged bangle, gold and black tone, stamped "Hermès" and logo;

xcvi. One counterfeit "Chanel" hinged bangle, gold tone, set with crystals, stamped "Chanel";

xcvii. One counterfeit "Chanel" hinged bangle, gold tone, set with crystals, stamped "Chanel";

xcviii. One counterfeit "Chanel" hinged bangle, gold tone, stamped "Chanel";

xcix. One counterfeit "Chanel" hinged bangle, black and gold tone, stamped "Chanel";

c. One counterfeit "Cartier" gold tone hinged bangle, nail design, stamped "Cartier";

ci. Five (5) counterfeit "Louis Vuitton" gold tone hinged bangles, two (2) are set with crystal pavé, each stamped "Louis Vuitton", one (1) with canvas monogram stamped "S. Steel", "033 294";

cii. Two (2) counterfeit "Cartier" 18K gold plated hinged bangles, one (1) is set with imitation diamonds, each stamped "Cartier ®", "750 17", "IP 6688", "*001" and "a";

  ciii. One counterfeit "Chanel" black resin cuff, gold tone, set with faux pearls, stamped "© Chanel ®", "20", "A", "Made in France" and hallmark;

  civ. One counterfeit "Chanel" gold tone woven bracelet, with two (2) imitation Tahitian pearls and button, stamped "Chanel";

  cv. One counterfeit "Chanel" perfume bottle necklace, gold tone, set with crystals, stamped "Chanel";

  cvi. One pair of counterfeit "Chanel" double C drop earrings, silver tone, set with imitation pearls, stamped with illegible Chanel oval mark;

  cvii. One pair of counterfeit "Dior" bee and j'adior earrings, silver tone, set with crystals, stamped "Dior"; and

  cviii. One single counterfeit "Chanel" faux pearl and black plastic earring, gold tone, stamped with illegible "Chanel" oval mark;

(i. through cviii., collectively, the "Specific Property");

  WHEREAS, on or about July 11, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment;

  WHEREAS, on or about July 11, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (Dkt. No. 580), which imposed a joint and several forfeiture money judgment against the Defendant in the amount of $6,500,000 in United States currency (the "Money Judgment");

  WHEREAS, the Defendant hereby consents to the forfeiture to the United States of all her right, title and interest in the Specific Property; and

  WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Kiersten A. Fletcher, Robert B. Sobelman, and Sheb Swett, of counsel, and the Defendant and her counsel, Priya Chaudhry and Seth J. Zuckerman, that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Second Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant JENNIFER SHAH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Second Consent Preliminary Order of Forfeiture as to Specific Property, the United States Customs and Border Protection (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally

published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of Defendant's Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Second Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10. The signature page of this Second Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *Robert B. Sobelman*                                    12/15/2022
     KIERSTEN A. FLETCHER                            DATE
     ROBERT B. SOBELMAN
     SHEB SWETT
     Assistant United States Attorneys
     One St. Andrew's Plaza
     New York, NY 10007
     (212) 637-2238/2616/6522


JENNIFER SHAH

By: /s/ Jennifer Shah                                       12/15/2022
     JENNIFER SHAH                                   DATE

By: /s/ Priya Chaudhry                                      12/15/2022
     PRIYA CHAUDHRY, ESQ.                            DATE
     SETH J. ZUCKERMAN, ESQ.
     Attorneys for Defendant
     147 West 25th Street, 12th Floor
     New York, New York 10001
     (212) 785-5550


SO ORDERED:

_/s/ Sidney H. Stein_                                       December 15, 2022
HONORABLE SIDNEY H. STEIN                                   DATE
UNITED STATES DISTRICT JUDGE