

147 West 25th Street, 12th Floor
New York, New York 10001
chaudhrylaw.com

January 5, 2023

**VIA ECF**

The Honorable Judge Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>  Re:   *United States v. Jennifer Shah*, et al., 19 Cr. 833 (SHS)
>         Response to Inner City Press' Motion to Unseal

Dear Judge Stein:

As the Court is aware, we represent Jennifer Shah in the above-referenced matter, which is scheduled for sentencing on January 6, 2023.

Pursuant to this Court's January 4, 2023, Order (ECF No. 648), we write to oppose Inner City Press' ("Inner City") motion (ECF No. 647) requesting the redactions to Ms. Shah's Sentencing Memorandum and accompanying exhibits be unsealed.[1]

Inner City's motion to unseal must be denied because: (1) the redactions of sensitive information from Ms. Shah's Sentencing Memorandum comply with Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, and the United States District Court for the Southern District of New York's Electronic Case Filing Rules and Instructions, November 1, 2022, Edition (hereinafter, the "S.D.N.Y. Filing Rules"); and (2) this Court has already adjudicated the issue of sealing in this matter.

Alternatively, in the event this Court decides in favor of Inner City and orders Exhibit D to Ms. Shah's Sentencing Memo be unsealed, we respectfully request the right to withdraw this exhibit to protect our client from the release of sensitive information to the public because its release would be extraordinarily prejudicial to Ms. Shah and her family.

---

[1] Inner City confusingly adds the government's Exhibit 16 to its application to unseal even though this particular exhibit was not filed under seal and does not contain redactions. (Inner City Ltr. at 2). Thus, we do not address this portion of Inner City's application.

Priya Chaudhry          priya@chaudhrylaw.com          212.785.5551

**I.      INNER CITY'S APPLICATION SHOULD BE DENIED BECAUSE MS. SHAH'S REDACTIONS COMPLY WITH THE LAW AND THE S.D.N.Y. FILING RULES**

Ms. Shah's redactions comply with Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, and the S.D.N.Y. Filing Rules.  The S.D.N.Y. Filing Rules accurately summarize both the federal rules and their own instructions for redactions, including what is required under the federal rules and what the district court advises as to the proper content for redaction.  Social security numbers, names of minor children, dates of birth, financial account numbers, and home addresses must be redacted from all filings.  (S.D.N.Y. Filing Rules § 21.3 (citing Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1)).  Furthermore, the district court advises caution and suggests parties consider the following for redaction: personal identifying numbers, such as driver's license numbers; medical records, treatment, and diagnosis; employment history; individual financial information; proprietary or trade secret information; and information regarding an individual's cooperation with the government.  (*Id.* § 21.4).  Finally, the S.D.N.Y. states that parties "should not include sensitive information in any document filed with the Court unless such inclusion is necessary and relevant to the case." (*Id.* § 21.3).

The table below contains three columns.  The first column sets forth the relevant category of information subject to redaction.  The second contains the page and exhibit numbers of Ms. Shah's Sentencing Memorandum where information has been redacted.  And the third column indicates whether that redaction is mandatory or advisory.

| Category of Redacted Information | Page & Exhibit Numbers | Mandatory/Advisory |
|---|---|---|
| Names of minor children | 12, 13, 17, 39, Exhibit A Table; Exs. A-2, A-3, A-5, A-7, A-14, A-23, A-24, A-25, A-28, A-29. | Mandatory |
| Dates of birth | Exs. A-10, A-14, A-24, A-29. | Mandatory |
| Home addresses | Exs. A-17, A-18, A-24, A-26. | Mandatory |
| Personal identifying numbers | Exs. A-14, A-17, A-23. | Advisory |
| Medical records, treatment, and diagnosis | i, 2, 4, 10, 12, 14, 15, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 44, 46, 49, Exhibit A Table, Exs. A-1, A-3, A-7, A-8, A-10, A-12, A-13, A-15, A-16, A-18, A-25, A-26, A-28, A-30; C; D. | Advisory |
| Employment history | 8, 14, 16, 44, 45, 46, Exs. A-1, A-2, A-3, A-6, A-7, A-11, A-15, A-16, A-17, A-19, A-20, A-21, A-23, A-25, A-26; D. | Advisory |
| Irrelevant and unnecessary sensitive information | 16, 18, 19, 20, 25, 26, 27, 28, Exs. A-1, A-3, A-5, A-11, A-12, A-21, A-22, A-23; B; D. | Advisory |

Because every redaction contained in Ms. Shah's Sentencing Memorandum and its corresponding exhibits fully complies with Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, and the S.D.N.Y. Filing Rules, Your Honor should deny Inner City's application to unseal.

## II. INNER CITY'S APPLICATION SHOULD BE DENIED BECAUSE THE ISSUE OF SEALING HAS ALREADY BEEN ADJUDICATED BY THIS COURT

Because this Court has already adjudicated the issue of the sealing of the records in this matter, Inner City's application should be denied.

Without question there is a presumption of public access to judicial documents under the First Amendment and common law. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."). Specifically, "a strong presumption of access attaches to sentencing memoranda." *United States v. Kushner*, 349 F. Supp. 2d 892, 905 (D.N.J. 2005). Further, "[t]his right of immediate public access to judicial documents is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lohnn v. Int'l Bus. Machines Corp.*, No. 21-CV-6379 (LJL), 2022 WL 3359737, at *2 (S.D.N.Y. Aug. 15, 2022) (citing *Lugosch*, 435 F.3d at 119) (internal quotation marks omitted).

However, the presumption of public access is not absolute. Rather, it is qualified and may be defeated by the presence of "higher values" or "competing considerations." *See United States v. Suarez*, 880 F.2d 626, 631 (2d Cir. 1989); *see also United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) ("Compelling interests . . . may include the "privacy interests of the defendant, victims or other persons.").

In *United States v. Sater*, No. 98-CR-1101 (ILG), 2019 WL 3288389, at *1 (E.D.N.Y. July 22, 2019), the defendant moved to unseal a variety of the case's judicial documents. The court found, *inter alia*, that the "documents implicat[ing] the privacy interests of [the defendant] or third parties with no public ramifications" should remain sealed. *Id.* at *4. The court relied upon *United States v. Strevell*, No. 05-CR-477 (GSS), 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009), finding that "'[n]umerous courts have found privacy interests worthy of protection such as business and financial records, account information, personal identifiers, third-party letters of support, and family matters such as medical conditions or embarrassing conduct with no public ramifications.'"

In *United States Sec. & Exch. Comm'n v. Ahmed*, No. 15-CV-675 (JBA), 2021 WL 8316088, at *1 (D. Conn. Nov. 23, 2021), the court denied the defendant's motion to seal on the basis that it had already adjudicated the merits of the motions to seal brought by the parties, characterizing the defendant's maneuver as a belated motion for reconsideration. "The Court analyzed whether the public's presumptive right of access was outweighed by articulated privacy concerns as to all the documents sought to be sealed" and found in the plaintiff's favor. *Id.*

Here, the presumption of public access is not compelling because, as shown by the table above, there are no public ramifications associated with the redacted material. Instead, release of

the information will impinge upon Ms. Shah and her friends and family members' privacy interests under the Constitution. As stated in *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), "family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." The rationale applies with equal force here.

"In addition to determining whether unsealing would raise a substantial probability of prejudice, the Court must 'determine whether, under the circumstances of the case, the prejudice to the compelling interest overrides the qualified First Amendment right of access.'" *Sater*, 2019 WL 3288389, at *4 (quoting *Doe*, 63 F.3d at 128). Further,

> [t]he more it can be said that disclosure allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern, the stronger the argument that the First Amendment right of access overrides any competing interests for sealing.

*Id.* (internal quotation marks and citation omitted).

On February 15, 2022, Your Honor adjudicated on the merits Ms. Shah's motion to seal certain motions *in limine* due to the extremely sensitive nature of the information contained within the motions and the high level of publicity surrounding the case. Having determined that the presumption to public access was not sufficient to overcome the privacy interests of Ms. Shah and others, this Court ordered the sealing of the motions *in limine* containing sensitive information.

Furthermore, to the extent this Court found portions of this sensitive information relevant to establish certain facts at trial, its relevance no longer applies at sentencing—the evidential purpose for which the Court allowed the introduction of this information no longer exists. Thus, if the Court were to grant Inner City's motion to unseal, Ms. Shah would suffer pure prejudice because the material contains no information that relates to "understand[ing] the activity of the federal courts, enhance[ing] the court system's accountability and legitimacy, [or] inform[ing] the public of matters of public concern." *Id.* Indeed, the information contained in the sealed material would not add to the public's understanding of the offense conduct or the impact on the victims but only contains private information that is potentially embarrassing and is sought for its prurient and sensational content.

Accordingly, because this Court has already adjudicated on the merits the issue of sealing and because Ms. Shah and her friends and family members' privacy interests would be trampled by the release of the redacted portions of Ms. Shah's Sentencing Memorandum, this Court should deny Inner City's application.

**III.     ALTERNATIVELY, IF THE COURT IS INCLINED TO GRANT INNER CITY'S MOTION AS TO EXHIBIT D TO MS. SHAH'S SENTENCING MEMORANDUM, WE RESPECTFULLY REQUEST THE RIGHT TO WITHDRAW THIS EXHIBIT**

In the event Your Honor grants Inner City's motion as it applies to Exhibit D to Ms. Shah's Sentencing Memorandum, we respectfully request leave to withdraw this exhibit to protect Ms. Shah's right to privacy. Without this remedy, Ms. Shah's children and other family members would be subjected to public exposure of the sensitive information and concomitant backlash. Public dissemination of detailed information that may be deemed by some to be scintillating is likely to have a disastrous personal and professional impact on all parties involved and can be avoided by allowing Ms. Shah to withdraw Exhibit D of her Sentencing Memorandum.

Therefore, should the Court in its discretion grant Inner City's application as it applies to Exhibit D, we respectfully request the opportunity to withdraw this exhibit from Ms. Shah's sentencing submission.

For all the aforementioned reasons, we respectfully request the Court deny Inner City's application to unseal.

Respectfully submitted,

Priya Chaudhry

Cc:     AUSA Robert Sobelman
        AUSA Kiersten Fletcher
        AUSA Sebastian Swett