```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

            v.                           19 Cr. 833 (SHS)

JENNIFER SHAH,

            Defendant.

------------------------------x          Conference

                                         January 6, 2023
                                         3:10 p.m.


Before:

                    HON. SIDNEY H. STEIN,

                                         District Judge



                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  ROBERT B. SOBELMAN
     Assistant United States Attorney


JOHN D. LYNCH
     Attorney for Defendant
```

1                    (Case called)
2              THE DEPUTY CLERK:  Counsel, please state your names
3    for the record.
4              MR. SOBELMAN:  Robert Sobelman for the United States.
5    Good afternoon.
6              THE COURT:  Good afternoon.
7              MR. LYNCH:  Good afternoon, your Honor.  John Lynch,
8    on behalf of Mr. Joseph Chirico, who stands to my left.
9              THE COURT:  Good afternoon, gentlemen.
10             We are here for the sentencing of Mr. Chirico.  I
11   have the presentence report revised on July 8, 2022.  The
12   Probation Department has recommended that finding the total
13   offense level of 21, criminal history category IV, and a
14   recommendation of time served on the basis of a downward
15   departure pursuant to 5K1.1.
16             I take it the government is now moving that I
17   sentence this defendant with the factors of 5K1.1 in mind?
18             MR. SOBELMAN:  Yes, your Honor.
19             THE COURT:  I also have the submission of Mr. Lynch
20   dated August 4, 2022, along with a victim impact statement.
21   Obviously the victim impact statement is separate.  It's a
22   statement of Ms. Hollmann, and I have a memorandum that I
23   believe the parties have seen dated August 17, 2022, from
24   Mr. Rothman, the Pretrial Services officer here, in regard to
25   Mr. Chirico's substance abuse treatment status.  And I have a

1    series of letters on behalf of Mr. Chirico, including a
2    letter from the defendant, and I have the government's
3    submission dated October 12, in which the government requests
4    that I sentence this defendant with the factors of 5K1.1 in
5    mind.
6             Is there any additional written information I should
7    have, Mr. Lynch?
8             MR. LYNCH:  No, your Honor.
9             THE COURT:  Mr. Sobelman.
10            MR. SOBELMAN:  Your Honor, we provided by e-mail a
11   consent order of restitution for your Honor's consideration.
12   Does your Honor have that?
13            THE COURT:  I do.  Now the question is why don't I
14   have it directly in front of me?  I have it in connection with
15   a different sentencing.
16            Ms. Blakely, can you print that out?
17            Or Mr. Sobelman, do you have a copy?
18            MR. SOBELMAN:  I do have a copy, your Honor.  I am
19   happy to hand it up.  It is double-sided.  I hope that's not an
20   issue.
21            THE COURT:  Actually I have not seen it in this form.
22   Have I signed this?
23            MR. SOBELMAN:  No, your Honor.
24            THE COURT:  I see it has the signatures of Mr. Lynch,
25   Mr. Chirico, and yourself, and it is dated August 3, 2022.

1   Let me take a look at it.
2              It is on consent, is that correct?
3              MR. SOBELMAN:  Yes, your Honor.
4              THE COURT:  Is the government seeking forfeiture
5   here?
6              MR. SOBELMAN:  Yes, your Honor we are going to seek a
7   money judgment in the amount of $10,000.  We understand that
8   will be on consent.  We haven't actually executed the
9   paperwork yet, but we expect to have it shortly to be able to
10  execute before the proceeding --
11             THE COURT:  Get it to me within the week.
12             MR. SOBELMAN:  I think we will hopefully have it by
13  the time the proceeding ends.
14             THE COURT:  All right.
15             MR. SOBELMAN:  Your Honor, may I consult with defense
16  counsel for one moment?
17             THE COURT:  Yes.
18             (Counsel confer)
19             MR. SOBELMAN:  Thank you, your Honor.
20             THE COURT:  Mr. Lynch, did you say there was no other
21  written information that I need have.
22             MR. LYNCH:  That's right, Judge.
23             THE COURT:  Mr. Lynch, have you and your client had an
24  opportunity and have you in fact had an opportunity to read and
25  discuss this information and have you in fact read and

1  discussed it?

2  　　　　MR. LYNCH:  I have, Judge.  And if I can, there is
3  just two comments I would like to make.

4  　　　　The first one is I want to apologize to the Court for
5  something in my submission.  Much to my chagrin, this morning,
6  when I was reviewing the documentation, I saw that the
7  paragraph on the last page of my submission just before
8  conclusion should not have been in this submission, and I
9  apologize to the Court for its inclusion.  It had nothing to
10 do --

11 　　　　THE COURT:  The sentence that begins "furthermore"?

12 　　　　MR. LYNCH:  Yes.  It has nothing to do with this.

13 　　　　THE COURT:  I was wondering.

14 　　　　MR. LYNCH:  Yes.  So I apologize.

15 　　　　The only other thing I would like to say, Judge, is
16 the victim impact statement that the Court referred to I
17 believe by Sharon Hollmann, she had indicated in the very
18 beginning of it that she believed it was May of 2018.  And the
19 three businesses that she named, first of all, Mr. Chirico
20 never worked for any of those three businesses, and he only
21 began his business in this particular scheme, if you will, on
22 October 18.  So I would just submit to you that the victim
23 impact statement does not particularly apply to Mr. Chirico.

24 　　　　THE COURT: All right.  Thank you.

25 　　　　Do you have any objections to the findings of fact

1    in the presentence report?  I understand you corrected
2    something in your own submission.
3             MR. LYNCH:  No, sir.
4             THE COURT:  Government, do you?
5             MR. SOBELMAN:  No, your Honor.
6             THE COURT:  I therefore adopt the findings of fact in
7    the presentence report.
8             Why don't you tell me what you want me to know, sir?
9             MR. LYNCH:  Judge, I'm going to try and be brief
10   because I believe that the government really pointed out the
11   way Mr. Chirico has turned his life around, but I think it
12   bears --
13            THE COURT:  Am I correct that, in terms of the
14   underlying conduct here, he's already served 17 months in
15   state court and seven months in federal custody at the MCC
16   before he was release?  Did I get that amount of time served
17   correct?
18            MR. LYNCH:  Yes, sir.
19            THE COURT:  Go ahead.
20            MR. LYNCH:  What I was going to say, Judge, is if --
21   now, if your Honor looks at—and I know your Honor has—I
22   mean, clearly, every single incident with -- where Mr. Chirico
23   got involved with the law was drug related.  Personally, I was
24   kind of shocked when I learned that it was his father who
25   introduced him to heroin and when he turned 23 years old, and

1  his father ultimately died from heroin.  So his whole life
2  revolved around drugs, including this scheme.
3           THE COURT:  He is in a substantial criminal history
4  category, but it basically looks like drug-related --
5           MR. LYNCH:  Yes, sir.  That's my point.  It was all
6  drugs.
7           Mr. Chirico has learned a very valuable lesson by
8  being incarcerated for two years under COVID conditions and
9  some other conditions at MCC and, more particularly, MDC, where
10 he has turned his life around.  I have gotten to know him over
11 the years that I have represented him, and he is committed to
12 staying sober.  He had a relapse, but, you know, he is beyond
13 that now.  He is receiving treatment.  In fact, he was at an NA
14 meeting this morning before he came to Court.  So, Judge, I'm
15 going to be brief.  Your Honor has read the government's
16 submission where --
17          THE COURT:  As I understand it, his basic job was as
18 an appointment setter, not as a marketer, is that correct?
19          MR. LYNCH:  That's accurate, yes.
20          If I can, and I'm not trying to be glib or understate
21 what he did, he was a minor player in this thing.  He answered
22 the phone essentially is what he did.
23          And like I said, he's learned his lesson, Judge.  He
24 served two years.  Your Honor recognized that.  He provided
25 substantial assistance.  He's gotten sober.  I'm just going to

1  ask the Court to go along with the probation's recommendation
2  and sentence him to time served and five years of supervised
3  release.
4          THE COURT:  All right.  Thank you.
5          Mr. Sobelman, what's the position of the government
6  here?
7          MR. SOBELMAN:  Your Honor, in the cooperator context,
8  we don't take a position on the particular sentence that the
9  Court should impose.  I think we laid out in our submission
10 the nature of this defendant's conduct, both with respect to
11 the scheme that was at issue in this case, as well as the
12 narcotics conduct that he pled guilty to as part of his
13 cooperation.
14         I do want to say, you know, Mr. Chirico was
15 approached by law enforcement agents while he was in state
16 custody.  My understanding is he did not meaningfully hesitate
17 to speak with them and provide information about his conduct
18 in the telemarketing fraud scheme, and we are optimistic that
19 he has turned his life around.  It has not been a direct path
20 obviously.  He's had difficulties while -- over the past couple
21 of years.  But we do think he is intent on turning over a new
22 leaf.
23         THE COURT:  All right.  Thank you.
24         Mr. Chirico, what would you like to tell me, sir?
25         THE DEFENDANT:  Your Honor, I would just like to thank

you for taking the time to read the letters that were sent to you and, you know, I feel a lot of guilt and remorse for the situation that I put myself in and for what I did, and I am on a much better path now and I am ready to change my life, and I would like to just put my past behind me.

THE COURT:  When these papers were given to me, it indicated you were participating in intensive substance abuse treatment at Bergen Regional Medical Center.  What's the status of that, sir?

THE DEFENDANT:  So I'm currently living in a halfway house, your Honor.  I am going to weekly NA and AA meetings.  I work with a sponsor.  I work a full-time job.

THE COURT:  What's your job?

THE DEFENDANT:  I work at an auto body shop, sir.

THE COURT:  Doing what?

THE DEFENDANT:  Prepping -- body work and prepping for the painters.

THE COURT:  Go ahead.

THE DEFENDANT:  I feel like I'm on the correct path now and surrounding myself with the right people in my life, and like I stated earlier, your Honor, I would just like to put my past behind me and move on with my life and be a productive member of society.

THE COURT:  All right.  Thank you.

I do think, given your cooperation, given your

1   relatively low-level -- I don't mean that negatively, I mean
2   that positively, your low-level job in this fraud scheme and
3   the nature of your substantial cooperation and the fact that
4   you have already served two years incarcerated, I am going to
5   adopt the recommendation of time served and the other
6   conditions recommended by the probation department.
7              Before I formally impose sentence, did you wish to
8   state any objection, Mr. Lynch?
9              MR. LYNCH:  No, your Honor.
10             THE COURT:  Mr. Sobelman?
11             MR. SOBELMAN:  No, your Honor.
12             THE COURT:  All right.
13             I hereby find the total offense level is 21, the
14  criminal history category is IV, the guideline range is 57 to
15  71 months.
16             Pursuant to the Sentencing Reform Act of 1984, it is
17  the judgment of this Court that the defendant, Joseph Chirico,
18  is sentenced to time served.
19             Mr. Chirico shall be placed on supervised release for
20  a term of five years on Count One, three years on Count Two,
21  three years on Count Three, all to be served concurrently.
22             He shall serve that term of supervised release with
23  the conditions recommended by the probation department, namely,
24  the mandatory conditions as set forth on page 31 and 32 of the
25  presentence report, along with the standard conditions 1

1  through 12 set forth on page 32 and 33 of the presentence
2  report, plus the special conditions that are set forth on page
3  33 of the presentence report, that is, the search condition,
4  the outpatient treatment program, and the outpatient mental
5  health treatment program.
6            Are you being supervised currently by the district
7  of -- Southern District of New York or by the District of New
8  Jersey, or somewhere else?
9            MR. LYNCH:  New Jersey, your Honor.
10           THE COURT:  I take it, then, that he should report to
11 the probation office in the District of New Jersey, is that
12 correct, or our district?  Mr. Sobelman, do you know or,
13 Mr. Lynch, do you know.
14           MR. LYNCH:  Judge, I think that he must report here
15 first because I think it was New York that put the bracelet on
16 him.  So I'm going to ask the Court to have it released, and I
17 think that has to get done here.
18           THE COURT:  Does he have a bracelet on now?
19           MR. LYNCH:  Yes.
20           THE COURT:  All right, yes, he should report in
21 person to the probation office in the Southern District of New
22 York in that instance.
23           I'm not imposing a fine because I find Mr. Chirico
24 lacks the ability to pay a fine after taking into account the
25 presentence report and his modest income and limited earning

1  ability.

2          I have before me a consent order of restitution,
3  which I am executing.  It provides for restitution in the
4  amount of $8,393,517.12, joint and several with Joseph
5  Ciaccio, Joseph DePaola, Derrek Larkin, and Mattie Cirilo.

6          Payment will be in installment amounts equal to 15
7  percent of this defendant's gross income on the first of each
8  month.

9          MR. SOBELMAN:  Your Honor just to clarify for the
10 record, your Honor has my only copy, but I believe the
11 restitution order apportions the liability to this defendant
12 to I believe it's $550,000.  So although the total amount --

13         THE COURT:  Yes, you are correct.  What it says is
14 the defendant's liability for restitution shall continue
15 unabated until either the defendant has paid the apportioned
16 amount of $550,000 or every victim has been paid the total
17 amount of loss from all the restitution paid by the defendant
18 and his aforementioned codefendants in this matter.  All
19 right.  Thank you.

20         I have also in front of me now a consent preliminary
21 order of forfeiture money judgment in the sum of $10,000,
22 which has somehow magically appeared on my bench during the
23 course of this proceeding.  It's been executed by the parties
24 and by Mr. Sobelman, Mr. Lynch, and Mr. Chirico, and I have
25 signed it.

1     In imposing restitution, I have considered the factors
2  in 18 U.S.C. 3664(f)(2), including the losses sustained by the
3  victims and Mr. Chirico's financial resources.
4     I hereby order Mr. Chirico to pay to the United
5  States a special assessment of $300, which is due immediately.
6     I have sentenced this defendant on the basis of the
7  5K1.1 departure from the guideline range due to his
8  substantial assistance as well as the amount -- the two years
9  he has already spent in incarceration and his assistance, of
10 course. I believe the sentence is appropriate given the
11 seriousness of his offense and the need for punishment and
12 deterrence.
13     Mr. Lynch, are you aware of any legal reason why the
14 sentence should not be imposed as I have stated it?
15     MR. LYNCH: No, sir.
16     THE COURT: Mr. Sobelman?
17     MR. SOBELMAN: No, your Honor.
18     THE COURT: I hereby order the sentence to be imposed
19 as I have stated it.
20     Mr. Chirico, you have the right to appeal the
21 sentence I just imposed on you, sir, and if you cannot pay the
22 cost of an appeal, you have the right to apply for leave to
23 appeal *in forma pauperis*.
24     If you make a request, the Clerk of Court will
25 prepare and file a notice of appeal on your behalf

1  immediately.
2              Do you understand your appeal rights, sir?
3              THE DEFENDANT:  Yes, sir.
4              THE COURT:  Government, I take it there are no
5  underlying counts here.
6              MR. SOBELMAN:  That's correct, your Honor.
7              THE COURT:  All right.
8              Mr. Chirico, I don't think you need any lecture from
9  me.  I think a lot of your problem, if not all, stemmed from
10 your drug abuse, and I think you have put that behind you.  I
11 think the sober living in the halfway house you are in now is a
12 very good idea for you now.  It's very good that you have a
13 job.  I just urge you to keep at it.
14             As you know much better than I, the fight against
15 staying away from drugs doesn't really end.  I understand you
16 get more comfortable with it over time, but it's something
17 that you always have to be vigilant about.  I just urge you to
18 stay on the path that you are on.  You will be okay.
19             You are going to be on supervised release for five
20 years.  You will be subject to supervision by the probation
21 department.  Please don't violate supervised release.  I
22 really don't want to see you back here.  You have made
23 tremendous progress.  Just have nothing to do with me or the
24 criminal justice system again.  You will be all right.
25             THE DEFENDANT:  Thank you, your Honor.

|   |   |
|---|---|
| 1 | THE COURT:  Good luck to you, sir. |
| 2 | THE DEFENDANT:  Thank you. |
| 3 | THE COURT:  Anything else, Mr. Lynch? |
| 4 | MR. LYNCH:  No, sir.  Thank you. |
| 5 | THE COURT:  Mr. Sobelman. |
| 6 | MR. SOBELMAN:  No, your Honor. |
| 7 | THE COURT:  All right.  Thank you all. |
| 8 | oOo |