UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS** |
| - v. - | |
| JENNIFER SHAH, | |
| Defendant. | S4 19 Cr. 833 (SHS) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of JENNIFER SHAH (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against her in the above-captioned case on or July 11, 2022.

## I. Background

1. On or about March 30, 2021, JENNIFER SHAH (the "Defendant"), and another, was charged in a two-count Superseding Indictment, S4 19 Cr. 833 (SHS) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349, 2326(1), and 2326(2)(A) (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two).

2. On or about July 11, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States a sum of money equal to $6,500,000, representing the proceeds traceable to the commission of the offense charged in Count One of the Indictment.

**The Order of Forfeiture**

3. On or about July 11, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $6,500,000.00 (the "Money Judgment") representing the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained (D.E. 580).

4. On or about December 15, 2022, the Court entered a Second Consent Preliminary Order of Forfeiture/Money Judgment (the "Second Order of Forfeiture"), forfeiting all the Defendant's right, title, and interest in various specific property (the "Specific Property") (D.E. 643).

5. To date, the entire Money Judgment[1] entered against the Defendant remains unpaid.

## II. The Location of Additional Assets

6. As set forth in the Declaration of Special Agent Kathleen Kilduff, the United States has not been able to locate, obtain or collect any assets traceable to the proceeds of the Defendant's offense, other than the Specific Property, despite the exercise of due diligence in investigating the assets of the Defendant.

7. However, the United States has located the following assets of the Defendant:

   a) One Baranof Jewelers silver colored necklace with snowflake shaped pendant, containing a total of six (6) diamonds; and

   b) One ladies' 18 karat rose gold and diamond ring, size 8 ¾, weighing

---

[1] To date the Specific Property has not been liquidated and a Final Order of Forfeiture has not yet been entered. However, the amount of the Money Judgment is far in excess of any anticipated recovery from the Specific Property.

    5.6 dwt;

(the "Substitute Assets").

  8. The United States is now seeking to forfeit the Defendant's interest in the Substitute Assets and to have them, once forfeited, applied towards the Defendant's outstanding Money Judgment.

  9. For the following reasons, the Government respectfully requests that the Substitute Assets be forfeited to the United States and their liquidated value applied as a payment towards the Money Judgment.

### III. Discussion

  10. Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property

  (A) cannot be located upon the exercise of due diligence;
  (B) has been transferred or sold to, or deposited with, a third party;
  (C) has been placed beyond the jurisdiction of the court;
  (D) has been substantially diminished in value; or
  (E) has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.

  11. Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

  On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:

  (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

12.	Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the Defendant's offenses.  *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property").  If there are persons who claim an interest in the Substitute Asset, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings.  *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B).  Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties.  Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2).  If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States.  The property will not be disposed of by the Government until all third-party claims are resolved by the Court.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

## IV. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted, and that an order be entered forfeiting all of the Defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
March 29, 2023

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/
SHEB SWETT
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-6522