UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : **PRELIMINARY ORDER OF FORFEITURE AS TO** |
| - v. - | : **SUBSTITUTE ASSETS** |
| JENNIFER SHAH, | : S4 19 Cr. 833 (SHS) |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       WHEREAS, on or about March 30, 2021, JENNIFER SHAH (the "Defendant"), and another, was charged in a two-count superseding Indictment, 19 Cr. 833 (SHS) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, 2326(1), and 2326(2)(A) (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two);

       WHEREAS, on or about July 11, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, a sum of money equal to $6,500,000 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Indictment;

       WHEREAS, July 11, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $6,500,000.00 (the "Money Judgment") representing the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained (D.E. 580);

1

WHEREAS, on or about December 15, 2022, the Court entered a Second Consent Preliminary Order of Forfeiture/Money Judgment (the "Second Order of Forfeiture"), forfeiting all the Defendant's right, title, and interest in various specific property (the "Specific Property") (D.E. 643);

WHEREAS, to date, the entire Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and/or omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

    a) One Baranof Jewelers silver colored necklace with snowflake shaped pendant, containing a total of six (6) diamonds; and

    b) One ladies' 18 karat rose gold and diamond ring, size 8 ¾, weighing 5.6 dwt;

(the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Customs and Border Protection (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Assets Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       May 11, 2023

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE